UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FENERJIAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NONG SHIM COMPANY, LTD, et al., <br><br> Defendants. | Case No.  13-cv-04115-WHO <br><br> **ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS; APPOINTING INTERIM LEAD CLASS COUNSEL AND LIAISON COUNSEL; ADOPTING PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE; AND SETTING SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT** <br><br> Re: Dkt. No. 32 |

**BACKGROUND**

Plaintiffs Stephen Fenerjian, Jill Bonnington, Christina Nguyen, Thu-Thuy Nguyen, and Eleanor Pelobello move to consolidate their following respective actions:

- *Fenerjian v. Nong Shim Co.*, *Ltd*., Case No. 13-4115-WHO;

- *Bonnington v. Nong Shim Co.*, *Ltd*., Case No. 13-4296-WHO;

- *Christina Nguyen v. Nong Shim Co.*, *Ltd*., Case No. 13-4308-WHO;

- *Thu Thuy Nguyen v. Nong Shim Co.*, *Ltd*., Case No. 13-4335-WHO;

- *Pelobello v. Nong Shim Co., Ltd.*, Case No. 13-4898-WHO (collectively, the "Indirect Purchaser Actions").

Each of the Indirect Purchaser Actions alleges that the defendants conspired to fix, maintain, raise and/or stabilize prices for Korean ramen.

The plaintiffs also move the Court to appoint Izard Nobel LLP as Interim Lead Class Counsel.  Under the plaintiffs' proposed leadership structure:

> Interim Lead Counsel would be responsible for formulating and presenting positions on substantive and procedural issues during the

United States District Court
Northern District of California

litigation, working with the Court and opposing counsel in developing and implementing a litigation plan, coordinating initiation and organization of discovery requests and responses, coordinating examination of deponents and the employment of experts and arranging for support services. Interim Lead Counsel would also be proposed as Class Counsel and then be responsible for efficiently coordinating Plaintiffs' representation at trial.

Dkt. No. 32 at 5.

Plaintiffs also move to have Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Interim Liaison Counsel. The plaintiffs propose that

Interim Liaison Counsel would take responsibility for communicating between the Court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, assisting in the coordination of activities and positions and seeing that schedules are met.

*Id*. at 5-6.

The defendants do not oppose the motion to consolidate or the appointment of lead counsel. Dkt. No. 35. Defendants propose that the "Court stay the Defendants' obligations to respond to the Complaints and any discovery until all cases have been assigned by the [Judicial Panel on Multidistrict Litigation "JPML"]) to a single judge and that judge holds an initial case management conference. At the initial case management conference, following consolidation by the JPML, the judge can set a schedule for filing consolidated amended complaints and responses, as well as address other organizational matters." *Id*. at 1-2.

On December 5, 2013, the JDML deemed the motion to centralize moot after all parties supported or did not oppose transfer to and centralization in this Court. MDL No. 2496, Dkt. No. 61.

The pending motions are suitable for disposition without argument and they shall be removed from the calendar for December 18, 2013. For good cause shown, the Court orders as follows:

### ORDER

1. The Court GRANTS the unopposed motion to consolidate the Indirect Purchaser Actions. The following actions are hereby consolidated before this court:

    a. *Fenerjian v. Nong Shim Co., Ltd.,* Case No. 13-4115-WHO;

    b. *Bonnington v. Nong Shim Co.*, *Ltd*., Case No. 13-4296-WHO;

    c. *Christina Nguyen v. Nong Shim Co.*, *Ltd*., Case No. 13-4308-WHO;

d.   *Thu-Thuy Nguyen v. Nong Shim Co.*, *Ltd.*, Case No. 13-4335-WHO;

e.   *Pelobello v. Nong Shim Co., Ltd.*, Case No. 13-4898-WHO.

Every pleading filed in the Consolidated Action shall be captioned In re Korean Ramen Indirect Antitrust Litigation, Case No. 13-cv-04115.

2.   The Court appoints Izard Nobel LLP as Interim Lead Class Counsel with respect to the Indirect Purchaser Actions.  Izard Nobel LLP shall be responsible on behalf of all plaintiffs for all matters concerning the prosecution and resolution of the consolidated action, including (a) setting policy for plaintiffs for the prosecution of this litigation; (b) delegating and monitoring the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense; (c) coordinating, on behalf of plaintiffs, the initiation, response, scheduling, briefing and argument of all motions, and the initiation and conduct of all discovery proceedings; (d) designating attorneys to appear at hearings and conferences; (e) determining the timing and substance of any settlement negotiations with defendants; and (f) providing supervision and coordination of the activities of plaintiffs' counsel.  Izard Nobel LLP shall coordinate all activities and appearances on behalf of plaintiffs and shall be responsible for the dissemination of notices and orders of this Court.  Izard Nobel LLP shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the consolidated action and to avoid duplicative or unproductive effort. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through Izard Nobel LLP.  Izard Nobel LLP also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Izard Nobel LLP shall be responsible for creating and maintaining a master service list of all parties and their

3.   The Court appoints Bramson, Plutzik, Mahler & Birkhaeuser LLP as Interim Plaintiffs Liaison Counsel with respect to the Indirect Purchaser Actions.  Bramson, Plutzik, Mahler & Birkhaeuser LLP will serve as a point of contact for defendants' counsel and take responsibility for communicating between the Court and other counsel (including receiving

and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, assisting in the coordination of activities and positions and seeing that schedules are met.

4. A Consolidated Complaint of the Indirect Purchaser Actions shall be filed within 45 days of this Order. The Consolidated Complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder.

5. All other dates shall be set at the initial Case Management Conference, which shall occur on January 21, 2014 at 2 p.m. in Courtroom 2.  On or before January 14, 2014, the parties shall file a Joint Case Management Conference Statement in accordance with Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California re: Contents of Joint Case Management Statement.

6. Subsequent Actions: This Order shall apply to each indirect antitrust case arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in or transferred to this Court. When a case that properly belongs as part of this litigation is hereafter filed in this Court or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Action and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

**IT IS SO ORDERED**.

Dated: December 16, 2013

_____
WILLIAM H. ORRICK
United States District Judge