[*SUBMITTING COUNSEL ON SIGNATURE PAGE*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN INDIRECT ANTITRUST LITIGATION | CASE NO. 3:13-cv-04115-WHO<br><br>**STIPULATION AND ORDER REGARDING FILING AND SERVICE OF THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND SETTING A SCHEDULE FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND THERETO AND REQUESTING MODIFICATION OF THE INITIAL CASE MANAGEMENT CONFERENCE** |

Plaintiffs in this Consolidated Action ("the Indirect Purchaser Plaintiffs") and Defendants Ottogi America, Inc. ("Ottogi America"), Nongshim America, Inc. ("NS America"), Sam Yang U.S.A., Inc. ("SY USA"), and Paldo Company, Ltd. ("Paldo," and collectively with Ottogi America, NS America, and SY USA, "Domestic Defendants") (collectively, the "Parties"), so as to conserve both party and judicial resources, by and through their respective counsel of record, hereby submit this Stipulation and [Proposed] Order Setting Schedule for Indirect Purchaser Plaintiffs to File Consolidated Amended Complaint and Defendants to Answer or Otherwise Respond Thereto and Requesting Continuance of the Initial Case Management Conference.

WHEREAS, the Indirect Purchaser Plaintiffs have filed six complaints on behalf of indirect purchasers of Korean Ramen Noodle Products based on same or similar allegations and naming all of the same defendants in the following actions: *An et al. v. Nong Shim Co., Ltd. et al.,* Case No. 13-5728-WHO ("An Action"); *Fenerjian v. Nong Shim Co., Ltd. et al*, Case No. 13-4115-WHO ("Fenerjian Action"); *Bonnington v. Nong Shim Co., Ltd. et al.*, Case No. 13-4296-WHO ("Bonnington Action"); *Christina Nguyen v. Nong Shim Co., Ltd. et al.*, Case No. 13-4308-WHO ("C. Nguyen Action"); *Thu-Thuy Nguyen v. Nong Shim Co., Ltd. et al.*, Case No. 13-4335-WHO ("T. Nguyen Action"); and *Pelobello v. Nong Shim Co., Ltd. et al.*, Case No. 13-4898-WHO ("Pelobello Action") (collectively "the Indirect Purchaser Actions");

WHEREAS, the Court, by Order dated December 16, 2013, consolidated the Indirect Purchaser Actions under the title *In re Korean Ramen Indirect Antitrust Litigation* (the "Consolidated Indirect Purchaser Action");

WHEREAS, the Direct Purchaser Plaintiffs have filed seven complaints on behalf of direct purchasers of Korean Ramen Noodle Products based on same or similar allegations and naming all of the same defendants in the following actions:  *The Plaza Company v. Nong Shim Co., Ltd. et al,* Case No. 13-5729-WHO ("Plaza Action"); *PITCO Foods v. Nong Shim Co., Ltd. et al.*, Case No. 13-4148-WHO ("PITCO Action"); *Rockman Company (USA), Inc. v. Nong Shim Co., Ltd. et al.*, Case No. 13-4523-WHO ("Rockman Action"); *M.T. Trading Corp. v. Nong Shim Co., Ltd. et al.*, Case No. 13-5078-WHO ("M.T. Trading Action"); *Summit Import Corp. v. Nong Shim Co., Ltd. et al.*, Case No.

1

13-5564-WHO ("Summit Action"); *El Jarocho, Inc. v. Nong Shim Co., Ltd. et al.*, Case No. 13-5600-WHO ("El Jarocho Action"); and *Diaz Wholesale & Manufacturing Co., Inc. d/b/a Diaz Foods v. Nong Shim Co., Ltd. et al.*, Case No. 14-cv-00127-SBA ("*Diaz* Action") (collectively, "the Direct Purchaser Actions");

WHEREAS, all of the Indirect Purchaser Actions and the Direct Purchaser Actions have been designated as related and are currently pending before the Honorable Judge William H. Orrick, except for the *Diaz* Action, which was filed on January 9, 2014 and is currently pending before the Honorable Saundra B. Armstrong;

WHEREAS, in the December 16, 2013 Order, the Court ordered the Indirect Purchasers to file their Consolidated Amended Complaint by February 3, 2014, and set an Initial Case Management Conference for the Consolidated Indirect Purchaser Action for January 21, 2014 ("December 16, 2013 Order");

WHEREAS, the December 16, 2013 Order provides that the Indirect Purchaser Consolidated Amended Complaint will be the operative complaint in the Consolidated Indirect Purchaser Action and that all individual Indirect Purchaser complaints are superseded, thereby relieving the Defendants of any obligations to respond thereto;

WHEREAS, the Direct Purchaser Plaintiffs in the six related Direct Purchaser Actions before Judge Orrick have indicated that they will seek by separate stipulation with the Domestic Defendants: (1) the consolidation of their actions into a Consolidated Direct Purchaser Action before Judge Orrick; (2) leave to file a Consolidated Amended Complaint in the Direct Purchaser Actions; (3) a briefing and hearing schedule for the appointment of interim leadership class counsel for the Direct Purchaser Plaintiffs; and (4) the setting of a single Initial Case Management Conference for both the Direct Purchaser Actions and the Consolidated Indirect Purchaser Action within 30 days following the entry of an order concerning leadership of the Direct Purchaser Actions;

WHEREAS, the Domestic Defendants and the Indirect Purchaser Plaintiffs believe that legal and factual issues in the Direct and Indirect Purchaser Actions overlap to a substantial extent and that the interests of justice and judicial efficiency would be best served by coordinating certain pretrial proceedings, by (1) implementing a uniform date for the filing of the Consolidated Amended

2

Complaints in both the Direct Purchaser Actions and the Consolidated Indirect Purchaser Action, and (2) convening a joint initial Case Management Conference in the Consolidated Indirect Purchaser Action and the Direct Purchaser Actions;

WHEREAS, the Domestic Defendants and the Indirect Purchaser Plaintiffs believe that the interests of justice and judicial efficiency would be best served by postponing the February 3, 2014 due date of the Indirect Purchaser Consolidated Amended Complaint, and by vacating the initial Case Management Conference in the Consolidated Indirect Purchaser Action set for January 21, 2014, so as to allow an initial Case Management Conference to be convened in the Consolidated Indirect Purchaser Action and the Direct Purchaser Actions at the same time within 30 days following the entry of an order concerning leadership of the Direct Purchaser Plaintiffs in the Direct Purchaser Actions;

WHEREAS, the Indirect Purchaser Plaintiffs propose that both the Indirect Purchaser Plaintiffs and the Direct Purchaser Plaintiffs file their Consolidated Amended Complaint within 30 days following the entry of an order concerning leadership of the Direct Purchaser Plaintiffs in the Direct Purchaser Actions;

WHEREAS, Korea-based Defendants Nongshim Co., Ltd. ("NS Korea"), Ottogi Company, Ltd. ("Ottogi Korea") and Sam Yang Foods Company, Ltd. ("SY Korea"), have yet to be served in the Consolidated Indirect Purchaser Action, and Defendant Korea Yakult Company, Ltd. ("Yakult") contends that it has yet to be served.  (NS Korea, Ottogi Korea, SY Korea and Yakult are hereinafter referred to as the "Korean Defendants").  The Indirect Purchaser Plaintiffs have begun the process of serving the Korean Defendants pursuant to the procedures of the Hague Convention but have not completed the process, and no deadline for the Korean Defendants to file their responsive pleadings has been set or modified;

WHEREAS, counsel for the Korean Defendants have agreed that, pursuant to the letter agreements attached hereto as Exhibits A, B, C and D and in consideration for other terms of this Stipulation, (1) they will accept service of the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint on behalf of the Korean Defendants who are their respective clients, in satisfaction of the requirements of Fed. R. Civ. P. 4, (2) that service of the Indirect Purchaser Plaintiffs' Consolidated

3

Amended Complaint on the Korean Defendants shall be effective as of the date of the filing of the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint; and (3) the Korean Defendants shall not contest the sufficiency of process or service of process; provided, however, that their acceptance of such service shall not constitute a waiver of any other defense, including, but not limited to the defense of lack of personal jurisdiction or subject matter jurisdiction or service of an improper entity;

WHEREAS, Plaintiffs in the Consolidated Indirect Purchaser Action agree that the deadline for the Domestic Defendants and Korean Defendants to respond to the Indirect Purchaser Consolidated Amended Complaint shall be extended to 75 days after the filing of the Indirect Purchaser Consolidated Amended Complaint;

WHEREAS, no extension of time has previously been granted for the filing of the Indirect Purchaser Consolidated Amended Complaint in the Consolidated Action;

WHEREAS, no request to postpone the Initial Case Management Conference has previously been submitted in the Consolidated Indirect Purchaser Action;

NOW, THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE, AND THE COURT ORDERS AS FOLLOWS:

1.      The February 3, 2014 deadline previously set by the Court for the filing of an Indirect Purchaser Consolidated Amended Complaint in the Consolidated Indirect Purchaser Action is hereby vacated.  The Indirect Purchaser Consolidated Amended Complaint shall be filed within 30 days following the entry of an order concerning leadership of the Direct Purchaser Plaintiffs in the Direct Purchaser Actions.

2.      The deadline for the Domestic Defendants and Korean Defendants to respond to the Indirect Purchaser Consolidated Amended Complaint shall be 75 days after the Indirect Purchaser Consolidated Amended Complaint in the Consolidated Indirect Purchaser Action is filed.

3.      The Initial Case Management Conference currently scheduled for January 21, 2014 in the Consolidated Indirect Purchaser Action shall be vacated, and a single Case Management Conference for the Direct Purchaser Actions and the Consolidated Indirect Purchaser Action shall

take place within 30 days following the entry of an order concerning leadership of the Direct

Purchaser Plaintiffs in the Direct Purchaser Actions.

       4.      Service of the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint on the

Korean Defendants shall be effective as of the date of the filing of the Indirect Purchaser Plaintiffs'

Consolidated Amended Complaint.  The Korean Defendants' acceptance of such service shall not

constitute a waiver of any other defense, including, but not limited to the defense of lack of personal

jurisdiction or subject matter jurisdiction or service of an improper entity.

DATED: January 13, 2014             GIBSON, DUNN & CRUTCHER LLP

                                      By:    /s/ Joel S. Sanders

                                      Joel S. Sanders
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8206
E-Mail: jsanders@gibsondunn.com
***Attorneys for Defendant Ottogi America, Inc.***

DATED: January 13, 2014             SQUIRE SANDERS (US) LLP

                                      By:    /s/ Mark C. Dosker

                                      Mark C. Dosker
275 Battery Street, Suite 2600
Telephone: (415)954-0200
Facsimile: (415)  393-9887
E-Mail: mark.dosker@squiresanders.com
***Attorneys for Defendant Nongshim America, Inc.***

DATED: January 13, 2014             STEPTOE & JOHNSON, LLP

                                      By:   /s/ Matthew D. Taggart

                                      Matthew D. Taggart
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Telephone: (310) 734-3200
Facsimile: (310) 734-3300
E-Mail: mtaggart@steptoe.com
***Attorneys for Defendants Paldo Co., Ltd.***

5

DATED: January 13, 2014                    LAW OFFICES OF MICHAEL K. SUH &
                                           ASSOCIATES

                                           By:_____/s/ Edward Suh_____

                                           Edward W. Suh
                                           3810 Wilshire Blvd., Suite 1212
                                           Los Angeles, CA 90010
                                           Telephone: (213) 385-7347
                                           E-Mail: edward@suhnassoclaw.com
                                           *Attorneys for Defendant Sam Yang U.S.A., Inc.*

DATED:  January 13, 2014                   IZARD NOBEL LLP

                                           By:_____/s/ Jeffrey S. Nobel_____

                                           Jeffrey S. Nobel
                                           29 South Main Street, Suite 305
                                           West Hartford, CT 06107
                                           Telephone: (860) 493-6293
                                           Email: jnobel@izardnobel.com
                                           *Lead Counsel for the Indirect Purchaser Plaintiffs*

DATED:  January 13, 2014                   BRAMSON PLUTZIK MAHLER &BIRKHAEUSER,
                                           LLP

                                           By:_____/s/ Alan R. Plutzik_____

                                           Alan R. Plutzik
                                           2125 Oak Grove Road, Suite 120
                                           Walnut Creek, CA 94598
                                           Telephone:  925/945-0200
                                           Fax:  925/945-8792
                                           Email:  aplutzik@bramsonplutzik.com

                                           *Liaison Counsel for the Indirect Purchaser Plaintiffs*


     PURSUANT TO STIPULATION, IT IS SO ORDERED.

The Court notes that the dates in the Stipulation are triggered by entry of an order concerning

leadership of the Direct Purchaser Plaintiffs in the Direct Purchaser Actions.  As the parties are

aware, the Direct Purchaser Plaintiffs have yet to file the stipulation discussed in the fourth

**STIPULATION AND ORDER**

"whereas" clause on page 2, above ("the Direct Purchaser Plaintiffs' stipulation"). The Court

enters this Stipulation as its Order with the expectation that the Direct Purchaser Plaintiffs'

stipulation will be filed within the next thirty days.

DATED: January 14, 2014                    _____

                                           HONORABLE WILLIAM H. ORRICK
                                           UNITED STATES DISTRICT JUDGE

7