| | |
|---|---|
| 1 | SQUIRE PATTON BOGGS (US) LLP |
| | Mark C. Dosker, CA Bar #114789 |
| 2 |   mark.dosker@squirepb.com |
| | J. Brady Dugan (admitted *pro hac vice*) |
| 3 |   brady.dugan@squirepb.com |
| | Anne Choi Goodwin, CA Bar #216244 |
| 4 |   anne.goodwin@squirepb.com |
| | Kate E. Kim (admitted *pro hac vice*) |
| 5 |   kate.kim@squirepb.com |
| | 275 Battery Street, Suite 2600 |
| 6 | San Francisco, California 94111 |
| | Telephone: (415) 954-0200 |
| 7 | Facsimile: (415) 393-9887 |

Attorneys for Defendants
NONGSHIM AMERICA, INC. and
NONGSHIM CO., LTD.

[*Counsel for the other Defendants appear on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION, | Case No. 3:13-cv-04115 WHO |
| THIS DOCUMENT RELATES TO: | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' CLASS ACTION COMPLAINTS** |
| All Actions | |
| | [*Declarations of Joel S. Sanders and Jacki Noh filed concurrently herewith*] |
| | Date:    October 1, 2014 |
| | Time:   2:00 p.m. |
| | Place:  Courtroom 2, 17th Floor |

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTIONS TO DISMISS;
CASE NO. 3:13-cv-04115-WHO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendants, Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Company, Ltd., Ottogi America, Inc., Samyang Foods Company, Ltd., Sam Yang (U.S.A.) Inc., Korea Yakult Co., Ltd., and, for purposes of the Indirect Purchaser action, Paldo Company, Ltd. (collectively, "Defendants") respectfully request that the Court take judicial notice of the following documents in support of their Motion to Dismiss with prejudice all claims against the Defendants asserted by the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") in the above-captioned, consolidated and related actions:

> A press release issued by the Korea Fair Trade Commission ("KFTC") in Korean, which press release is publicly available on the KFTC website, and its English translation, both of which were distributed and introduced into the record by an attorney for the Direct Purchaser Plaintiffs during the February 3, 2014 hearing. A true and correct copy of the KFTC press release and its English translation is attached hereto as **Exhibit A**.

**POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

On a motion to dismiss, a court may consider facts and documents that are appropriate for judicial notice. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (same). Facts and documents that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," may be judicially noticed in considering a motion to dismiss. *Lee*, 250 F.3d at 689; Fed. R. Evid. 201.

Thus, a court may take judicial notice of matters of public record, including documents on file in federal or state courts, as well as translations of documents in a foreign language, as to which there is no dispute regarding their authenticity. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of court records); *Grolsche Bierbrouwerij Nederland, B.V. v. Dovebid, Inc.*, No. 11-763 SC, 2011 U.S. Dist. LEXIS 84587, at *4 (N.D. Cal.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 2 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTIONS TO DISMISS;
CASE NO. 3:13-cv-04115-WHO

1  Aug. 2, 2011) (granting judicial notice of English translation of Dutch document); *Luxpro Corp.
2  v. Apple, Inc.*, No. C10-03058, 2011 U.S. Dist. LEXIS 35008, at *9 (N.D. Cal. March 24, 2011)
3  (granting judicial notice of English translations of Chinese and German documents).

4  Further, the Ninth Circuit takes an "expansive view" on the incorporation by reference or
5  completeness doctrine, *Teamsters Local 617 Pension & Funds v. Apollo Group, Inc.*, 633 F.
6  Supp. 2d 763, 775-76 (D. Ariz. 2009), which "permits us to take into account documents whose
7  contents are alleged in a complaint and whose authenticity no party questions, but which are not
8  physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
9  2005) (internal quotations omitted). The Ninth Circuit has "extended the 'incorporation by
10 reference' doctrine to situations in which the plaintiff's claim depends on the contents of a
11 document, the defendant attaches the document to its motion to dismiss, and the parties do not
12 dispute the authenticity of the document, even though the plaintiff does not explicitly allege the
13 contents of that document in the complaint." *Id.; Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th
14 Cir. 1998) (superseded by statute on other grounds). Under these circumstances, "the district
15 court may treat such a document as part of the complaint, and thus may assume that its contents
16 are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d
17 445, 448 (9th Cir. 2006).

18 The documents contained in Exhibit A fall squarely within Federal Rule of Evidence 201
19 as well as Ninth Circuit law about matters that may be considered on a motion to dismiss. Exhibit
20 A consists of two documents that were distributed, and introduced into the record, by an attorney
21 for Direct Purchaser Plaintiffs at the February 3, 2014 hearing in connection with the Direct
22 Purchaser Plaintiffs' Motions to Appoint Co-Lead Counsel: (1) a press release issued by the
23 KFTC in Korean, and (2) the English translation of the press release. (Declaration of Joel S.
24 Sanders ¶ 3.) During the February 3rd hearing, an attorney for the Direct Purchaser Plaintiffs
25 read the contents of the English translation of the KFTC press release into the record, and
26 affirmed that the press release was available on the KFTC website. (Sanders Decl. ¶ 3.) The
27 press release is available on the website of the KFTC at
28 http://www.ftc.go.kr/news/ftc/reportView.jsp?report_data_no=5257&tribu_type_cd=&report_dat

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 3 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTIONS TO DISMISS;
CASE NO. 3:13-cv-04115-WHO

a_div_cd=&currpage=36&searchKey=&searchVal=&stdate=&enddate=. The accuracy of the translation proffered by the attorney is further confirmed by the concurrently filed Declaration of Jacki Noh, a certified translator. (Declaration of Jacki Noh, ¶¶ 2-3.)

Given that the KFTC's Order is repeatedly referenced and quoted in the Plaintiffs' Complaints, and that the KFTC's press release explains the scope of the Order upon which the Plaintiffs' so heavily rely in their Complaints, the doctrine of incorporation by reference permits the Court to consider the press release and the translation thereof. *See Knievel,* 393 F.3d at 1076. This is especially true because no party can reasonably contest the authenticity of the documents. *See Teamsters Local 617 Pension & Funds,* 633 F. Supp. 2d at 775-76 (considering on a motion to dismiss a news release the authenticity of which neither party contested); *Parrino,* 146 F.3d at 706. Exhibit A is not subject to reasonable dispute and is capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (Sanders Decl., ¶ 3; Noh Decl., ¶¶ 2-3.) Judicial notice of this Exhibit is appropriate.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request the Court to take judicial notice of Exhibit A.

//
//
//
//
//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: June 9, 2014 | Respectfully submitted, |

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joel S. Sanders*_____

Joel S. Sanders, CA Bar #107234
  JSanders@gibsondunn.com
Lindsey Blenkhorn Haswell, CA Bar #227484
  Lblenkhorn@gibsondunn.com
Minae Yu, SBN 268814
  MYu@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 374-8458
Attorneys for Defendants
OTTOGI AMERICA, INC. and
OTTOGI COMPANY, LTD.


SQUIRE PATTON BOGGS (US) LLP

By: */s/ Mark C. Dosker*_____

Mark C. Dosker, CA Bar #114789
  mark.dosker@squirepb.com
J. Brady Dugan (admitted *pro hac vice*)
  brady.dugan@squirepb.com
Anne Choi Goodwin, CA Bar #216244
  anne.goodwin@squirepb.com
Kate E. Kim (admitted *pro hac vice*)
  kate.kim@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
Attorneys for Defendants
NONGSHIM AMERICA, INC. and
NONGSHIM CO., LTD.


STEPTOE & JOHNSON LLP

By: */s/ Edward B. Schwartz*_____

Edward B. Schwartz (admitted *pro hac vice*)
  eschwartz@steptoe.com
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-6220
Facsimile: (202) 429-3902

Seong H. Kim, CA Bar #166604
  skim@steptoe.com
Matthew D. Taggart, CA Bar #227482
  mtaggart@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 734-3254
Facsimile: (310) 734-3000
Attorneys for Defendants
PALDO CO., LTD. and
KOREA YAKULT CO., LTD.


LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES

By: */s/ Edward W. Suh*_____

Michael K. Suh, CA Bar #213855
  Michael@suhnassoclaw.com
Edward W. Suh, CA Bar #265356
  Edward@suhnassoclaw.com
3810 Wilshire Boulevard, Suite 1212
Los Angeles, California 90010
Telephone: (213) 385-7347
Facsimile: (213) 383-3323
Attorneys for Defendant
SAM YANG (U.S.A.), INC.


MAYER BROWN LLP

By: */s/ Elizabeth Mann*_____

Elizabeth Mann CA Bar #106524
  Emann@mayerbrown.com
350 South Grand Avenue
Los Angeles, California 90071-1503
Telephone: (213) 229-9574
Facsimile: (213) 625-0248
Attorneys for Defendant
SAMYANG FOODS CO., LTD.

## ATTESTATION

I hereby attest that I have on file written authorization for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: June 9, 2014                                      */s/ Mark C. Dosker*
                                                              Mark C. Dosker

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

- 6 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTIONS TO DISMISS;
CASE NO. 3:13-cv-04115-WHO