<u>한국경제(7.26,금) 「라면업계 "공정위 무리한 담합 결정이 수천억대 美소송 빌미"」 기사 관련 해명</u>

# 보도해명자료


공정거래위원회
FAIR TRADE COMMISSION

| | |
|---|---|
| 2013년 7월 26일(금) 배포 | 카르텔조사국 카르텔조사과 |
| 2013년 7월 26일(금) 즉시 보도 가능 | 담당과장 : 김대영 (044-200-4551) |
| | 담당 : 이희재 사무관 (044-200-4553) |

□ 위 제하 기사 중 "지난 22일 미국 로스앤젤레스(LA)의 한인 마트로부터 집단소송을 당한 농심 삼양식품 오뚜기 한국야쿠르트 등 라면4사는 공정거래위원회의 과징금 부과 결정이 엉뚱하게 해외 소비자가 소송을 제기하는 빌미가 된 사례다"부분은 사실과 달라 다음과 같이 해명하니 보도에 유의하여 주시기 바랍니다.

- 다 음 -

□ 미국에서 집단소송이 성립하기 위해서는 담합이 존재하고 그로 인한 소비자 피해가 발생하여야 합니다.

  ㅇ 이 사건의 경우 수출품목(라면)이 담합의 대상에 포함되었는지 여부, 그로 인해 미국시장에 실질적인 영향을 미쳤는지 여부에 대해 추가적인 입증이 되어야합니다.

    * 미국 집단소송(class action)은 구체적 혐의 없이 제기 가능하고, 노동·증권·공정거래 등의 분야에서 연간 5천여 건이 제기되고 있음

□ 공정위의 2012년 라면 4사에 대한 담합 결정은 '국내시장'에 피해를 주는 담합을 적발하여 제재한 것입니다.

　○ 수출품은 담합의 대상이 아니라고 판단하였으며, 관련매출액에도 포함하지 아니하였습니다.

□ 국내시장에 피해를 주는 담합 제재가 외국에서 우리 기업에 대한 소송의 빌미가 된다는 논리는 타당하지 않습니다.

---

위 자료를 인용하여 보도할 경우에는 출처를 표기하여 주시기 바랍니다.
www.ftc.go.kr



# Clarification Regarding the July 26 (Friday) KOREAN ECONOMY Article ⌜"KFTC's Unduly Aggressive Decision on Price-Fixing Became the Basis for Litigation for Hundreds of Billions (₩) in the U.S." for the Ramen Industry⌟

## Clarification


공정거래위원회
FAIR TRADE COMMISSION

| | |
|---|---|
| 2013년 7월 26일(Friday) (Released) | Cartel Investigation Department<br>Cartel Investigation Division |
| 2013년 7월 26일(Friday)<br>Immediate Reporting Permitted | Team Leader: Dae Young Kim<br>(044-200-4551) |
| | Person in Charge: Hee Jae Lee (Secretary)<br>(044-200-4553) |

☐ Please note the following clarification as, in the article referenced above, the portion stating, *"4 ramen companies, including Nongshim, Samyang Foods, Ottogi, and Korea Yakult, which were sued in a class action by a Korean market in Los Angeles in the U.S. on 22nd of last month, are an example where Korean Fair Trade Commission's imposition of fines became the basis for a lawsuit by foreign consumers in an unpredictable way."* deviates from the truth.

— Next —

☐ In the United States, in order for a class action to be successful, price-fixing must exist, and consumers must suffer damages as a consequence.

- ○ In this case, it must be also proven whether the exported products (ramen) were included in price-fixing, and whether there was a substantial impact in the U.S. market as a result.

  * It is possible for the class actions in the United States to commence without specific allegations, and annually, approximately 5000 class actions are filed in such areas as employment, securities, and antitrust.

□ The 2012 decision by the KFTC regarding the 4 ramen companies uncovered and enjoined the price-fixing that affected the "domestic market."

  - ○ We determined that exported products were not subjected to price-fixing, and did not include in the calculation of relevant sales figure.

□ It is unreasonable to argue that the injunction of price-fixing which hurts the domestic market is the basis for lawsuits against our (Korean) companies.

In the event you reference the above information, please indicate the source.
www.ftc.go.kr

