| | |
|---|---|
| 1 | LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES |
| 2 | MICHAEL K. SUH (CA Bar No. 213855) |
| 3 | EDWARD W. SUH (CA Bar No. 265356) 3810 WILSHIRE BLVD., SUITE 1212 |
| 4 | LOS ANGELES, CA 90010 Telephone: (213)385-7347 |
| 5 | Facsimile: (213)383-3323 Michael@suhnassoclaw.com |
| 6 | Edward@suhnassoclaw.com |
| 7 | |
| 8 | Attorneys for Defendant, SAM YANG (U.S.A.), INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 3:13-cv-04115-WHO |
| | **DEFENDANT SAM YANG (U.S.A.), INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED DIRECT PURCHASER PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| THIS DOCUMENT RELATES TO: All Actions | |
| | [Proposed Order submitted herewith] |
| | Date: **October 1, 2014** Time: 2:00 p.m. Location: Courtroom 2, 17th Floor |
| | The Hon. William H. Orrick |
| | Complaints Filed: March 24, 2014 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 1, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the San Francisco Courthouse, Courtroom 2, 17th Floor, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sam Yang (U.S.A.), Inc. ("Sam Yang USA"), by and through its undersigned attorneys, will move the Court to dismiss with prejudice all claims against Sam Yang USA asserted by the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs (collectively, "Plaintiffs" and individually, either "Direct Purchaser Plaintiffs" or "Indirect Purchaser Plaintiffs," respectively) in all of the above-captioned and consolidated and related actions pursuant to Federal Rule of Civil Procedure 12(b)(6).

Sam Yang USA's motion is supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities ("the Memorandum"), the records on file in this action, and any oral argument that may be presented at the hearing on the motion. For the reasons provided in the Memorandum, Sam Yang USA respectfully requests that the Court dismiss with prejudice all claims against Sam Yang USA because Plaintiffs' Complaints fail to state a single claim upon which relief can be granted.

Dated: June 9, 2014        LAW OFFICES OF MICHAEL K. SUH & ASSOCIATES


By: */s/ Edward Suh*
      Edward Suh
Attorneys for Defendant
SAM YANG (U.S.A.), INC.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs fail to state a claim for a violation of the Sherman Act sections 1 and 3, (15 U.S.C. §§ 1 and 3), the Cartwright Act (Cal. Bus. and Prof. Code §§ 16700, et seq.), various State Antitrust and Restraint of Trade Laws, various State Consumer Protection Laws, and Unjust Enrichment Laws, against Sam Yang (U.S.A.), Inc. ("Sam Yang USA") on behalf of a class consisting of all persons and entities who either directly or indirectly purchased Korean Noodles in the United States and its territories where Plaintiffs (i) rely on an order ("KFTC Order") issued by the Korean Fair Trade Commission ("KFTC") that finds that any collusion to fix prices involved only the Korean Defendants and only involved products sold in Korea, (ii) admit that Sam Yang USA is solely a distributor of Korean ramen pursuant to a distribution agreement with Samyang Foods Co., Ltd. ("Samyang Korea"), (iii) admit that any conspiracy involved "factory-level price increases" which do not and cannot apply to Sam Yang USA because Sam Yang USA is solely a distributor and not a manufacturer of Korean ramen, and thus does not have or operate a factory, and (iv) fail to allege any specific factual allegations against Sam Yang USA that would show that Sam Yang USA participated in a price-fixing conspiracy in the United States.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Sam Yang (U.S.A.), Inc. ("Sam Yang USA") brings this Motion to Dismiss the Consolidated Direct Purchaser Plaintiffs' Class Action Complaint ("DPC") and Indirect Purchaser Plaintiffs' Class Action Complaint ("IPC") (collectively, the "Complaints") to address additional grounds to dismiss the Complaints with prejudice as to Sam Yang USA because Plaintiffs fail to plead any factual allegations that Sam Yang USA engaged in a price-fixing conspiracy to raise factory-level prices, and actually admit facts that completely disprove Plaintiffs' asserted causes of action.[1] For the reasons stated herein, Plaintiffs' asserted claims against Sam Yang USA in the Complaints fail as a matter of law, and the Complaints should be dismissed with prejudice.

The Complaints rely heavily on an order issued by the Korea Federal Trade Commission (the "KFTC Order") to make conclusory allegations that a price-fixing conspiracy to fix the prices of Korean Noodles sold in the United States existed.[2] However, the KFTC Order clearly finds that only the Korean Defendants[3] fixed the prices of Korean ramen noodle products to be sold in Korea, which does not impute liability on the U.S. Defendants[4], and in particular Sam Yang USA.

In addition, the Complaints should be dismissed with prejudice against Sam Yang USA because the Complaints admit facts as to Sam Yang USA that directly contradict and disprove the asserted causes of action against Sam Yang USA. Plaintiffs' admissions that Sam Yang USA

---

[1] This Motion incorporates by reference, and reasserts the arguments stated therein as relevant to this Motion, the jointly filed Motion to Dismiss the Direct Purchaser Plaintiffs' and the Indirect Purchaser Plaintiffs' Consolidated Class Action Complaints (ECF No. 83) and the Motion to Dismiss the Indirect Purchaser Plaintiffs' State Law Claims (ECF No. 80).

[2] *See*, Defendants' Motion to Dismiss (ECF No. 83) for a comprehensive discussion of the improper reliance on the KFTC Order by Plaintiffs for reasons stated therein.

[3] Nong Shim Co., Ltd., Ottogi Co. Ltd., Samyang Foods Co. Ltd., and Korea Yakult Co. Ltd. are referred to as the Korean Defendants. *See*, DPC Footnote 1; *See*, IPC ¶¶ 20-24.

[4] Nongshim America, Inc., Ottogi America, Inc., and Sam Yang (USA), Inc. are referred to by the Direct Purchaser Plaintiffs as the U.S. Defendants and by the Indirect Purchaser Plaintiffs as the Subsidiary/Affiliate Defendants. *See*, DPC Footnote 1; *See*, IPC ¶¶ 25-30.

is a third party company that has an exclusive distribution agreement with Samyang Foods Co., Ltd. ("Samyang Korea"), pursuant to which Sam Yang USA solely distributes and does not manufacture Korean Ramen, means that Sam Yang USA could not have fixed factory-level prices as alleged. Plaintiffs' misplaced reliance on an incorrect yellowpages.com listing to try to impute Samyang Korea's actions upon Sam Yang USA further weakens Plaintiffs' assertions. The Complaints also clearly fail to allege any facts showing that Sam Yang USA participated in a price-fixing conspiracy in the United States with any of the other Defendants. Given that Plaintiffs have already had two opportunities to plead these claims, the Complaints should be dismissed with prejudice.

## II. SUMMARY OF ALLEGATIONS AGAINST SAM YANG USA

Plaintiffs allege that the Korean Defendants conspired to implement factory-level prices increases. Complaints, *passim*.[5] Plaintiffs then admit that Sam Yang USA is just a distributor of Samyang Korea's product in the U.S., while Indirect Purchaser Plaintiffs further admit that Sam Yang USA is not wholly owned or controlled by Samyang Korea. DPC, ¶ 34; IPC, ¶¶ 29, 148. Despite this, Plaintiffs unreasonably attempt to impute Samyang Korea's actions upon Sam Yang USA by relying on a website, yellowpages.com, which incorrectly portrayed Sam Yang USA as a "'part of Sam Yang Foods Co., LTD who manufactures soy sauce products, ice cream and fresh milk.'"[6] DPC, ¶ 34; IPC, ¶ 29.

Conspicuously absent from the Complaints are any allegations that Sam Yang USA manufactured Korean Noodles and was in a position to set factory-level pricing, whether in the United States or anywhere else for that matter. The Complaints are also devoid of any specific factual allegations that Sam Yang USA had any sort of agreement to fix the prices of Korean Noodles in the United States. Rather, Plaintiffs try to imply that Sam Yang USA must have

---

[5] *See*, DPC ¶¶ 3, 66, 68, 85, 88, 92, 94, 96, 98, 100, 112, 123-124, 128, 133, 135, 142, 148, 151, 153, 158, 173 for references to factory-level price increases. *See*, IPC ¶¶ 2, 55, 57, 72, 75, 78, 80, 83-84, 86-87, 94, 105-106, 108, 113-114, 122, 128, 131, 133, 138, 150, 155 for references to the same.

[6] The yellowpages.com entry that Plaintiffs cite now correctly states that "Sam Yang USA is privately owned and is unaffiliated with Samyang Foods Co., Ltd., a company based out of South Korea." *See*, http://www.yellowpages.com/santa-fe-springs-ca/mip/sam-yang-u-s-a-inc-2533993?lid=2533993

engaged in a price-fixing conspiracy because a couple newspaper articles written by reporters stated that Sam Yang USA was likely going to increase its prices in a few months after Nongshim America raised its prices. DPC ¶ 102; IPC ¶ 154. The fallacy in Plaintiffs' allegations can be seen in their reliance on an article that states that Sam Yang USA was likely to increase the price for their Korean Noodles they ship from Korea to the United States, when Plaintiffs already admitted that Sam Yang USA is solely a distributor in the United States and thus would not own any goods in Korea that it could ship to the United States. DPC ¶ 102. As can be seen, Plaintiffs fail to state a single claim upon which relief can be granted against Sam Yang USA.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell atl. Corp. v.* Twombly, 550 U.S. 544, 555 (2007). The Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009). While pled facts are accepted as true, a court need not accept the complaint's "legal conclusion[s]." *Iqbal*, *supra*, 556 U.S. at 678. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Fields v. Legacy Health Sys.,* 413 F.3d 943, 951 n.5 (9th Cir. 2005). Consistent with this analysis, courts routinely dismiss claims where the pled facts undermine the legal conclusions contained in a complaint. *See Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) (complaint dismissed where pleaded facts established that plaintiff could not prevail on the claims pled in the complaint); *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th Cir. 2004) (complaint dismissed with prejudice where "Plaintiffs' alleged facts effectively preclude a claim. . . . ").

## IV. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST SAM YANG USA

In reading the Complaints it is clear Plaintiffs are unable to state a claim upon which relief can be granted against Sam Yang USA. The Complaints rely heavily on the KFTC Order, which only implicates the Korean Defendants and the Korean market and does not implicate Sam Yang USA of any wrongdoing. In an effort to gloss over this shortcoming, Plaintiffs try to lump Sam Yang USA and Samyang Korea together as one entity. However, it is outlandish for Plaintiffs to state in one breath that Sam Yang USA is a separate company that distributes products of Samyang Korea, and in the very next breath allege that Sam Yang USA is under the "direction and control" of Samyang Korea because a yellowpages.com listing incorrectly stated so – which listing by the way now correctly states that Sam Yang USA and Samyang Korea are unaffiliated. Indirect Purchaser Plaintiffs even go so far as to admit that Sam Yang USA was not wholly owned and controlled by Samyang Korea. IPC ¶ 148. Plaintiffs' "direction and control" allegation is a legal conclusion that is unsupported by any pled facts and is in fact *contrary* to the pled facts. The "control" allegation should be disregarded. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F.Supp.2d 1067, 1101 (C.D. Cal. 2002) ("The Ninth Circuit has previously held that . . . a plaintiff can 'plead himself out of a claim by including unnecessary details contrary to his claims.'") (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

Plaintiffs must therefore assert factual allegations specifically against Sam Yang USA. Plaintiffs attempt to do so by relying on a couple newspaper articles that mention Sam Yang USA. The Direct Purchaser Plaintiffs allege that Sam Yang USA increased the price for packaged ramen products in February 2005, subsequent to which a statement was allegedly made by Sam Yang USA on March 15, 2005 that "[t]here is a lot of pressure because the price for the main ingredients including flour and oil increased, and the exchange rate dropped… The impact of the ramen price increase by 8% in early March in Korea will reach the U.S. around July." DPC ¶ 127. This statement doesn't even come close to showing the existence of a price-fixing conspiracy – a conspiracy does not exist where a valid reason for the increase in the cost of a

good is given.[7] Plaintiffs do not allege that this alleged statement was false in any way, and that the statement was made as a result of a conspiratorial meeting between Sam Yang USA and the other defendants.

The Indirect Purchaser Plaintiffs make even more far-fetched conclusory allegations against Sam Yang USA by relying on two newspaper articles. The first article quotes a director of Nongshim America, then states that the article reported that Sam Yang USA raised prices of a product in February 2004, and was planning on raising prices of a different product in July 2005. The second article reported that Sam Yang USA "'will soon follow Nongshim in raising their prices'" but there is no support or reason why such a conclusion was made. These two articles do not show in the slightest way that a conspiracy to fix prices involving Sam Yang USA existed.[8]

More significantly though, Plaintiffs fail to establish through the introduction of the above-mentioned newspaper articles how a third-party distribution company could affect factory level pricing for product imported and sold in the United States. Even if the alleged conspiracy to fix prices existed, which the allegations clearly fail to support, a claim cannot be made against a company that does not have the ability to actually fix factory-level prices. Plaintiffs do not, and cannot, allege that Sam Yang USA manufactures any of the affected products which Sam Yang USA can control the price of.

Therefore, Plaintiffs have not asserted any factual allegations that could support a finding of any claims against Sam Yang USA and both the Direct Purchaser Complaint and Indirect Purchaser Complaint must be dismissed with prejudice. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.2d 522, 532 (9th Cir. 2008) (stating that dismissal without leave to amend is proper where it is clear that the complaint "could not be saved by any amendment."); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (stating the same).

**V. CONCLUSION**

---

[7] *See*, Defendants' Motion to Dismiss (ECF No. 83) for a comprehensive discussion of Plaintiffs' failure to allege sufficient facts meeting the Rule 8 pleading standard showing that Sam Yang USA engaged in a price-fixing conspiracy.
[8] *vide supra.*

1   Sam Yang USA respectfully requests that the Court grant this motion and dismiss the
2   Consolidated Direct Purchaser Class Action Complaint and the Consolidated Indirect Purchaser
3   Class Action Complaint against Sam Yang USA with prejudice.
4
5   Dated: June 9, 2014                         LAW OFFICES OF MICHAEL K. SUH &
                                                ASSOCIATES
6
7
                                                By:  /s/ Edward Suh
8                                                     Edward Suh
                                                Attorneys for Defendant
9                                               SAM YANG (U.S.A.), INC.