1  MAYER BROWN LLP
   ELIZABETH MANN (SBN 106524)
2  *emann@mayerbrown.com*
   JUSTIN DICKERSON (SBN 285041)
3  *jdickerson@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA  90071-1503
   Telephone: (213) 229-9500
5  Facsimile:  (213) 625-0248

6  Attorneys for Defendant
   SAMYANG FOODS CO., LTD.
7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

12 IN RE KOREAN RAMEN ANTITRUST       Case No.  3:13-cv-04115-WHO
   LITIGATION
13                                    **DEFENDANT SAMYANG FOODS CO.,
                                      LTD.'S NOTICE OF MOTION AND
14                                    MOTION TO DISMISS THE
                                      CONSOLIDATED DIRECT
15 THIS DOCUMENT RELATES TO:          PURCHASER PLAINTIFFS' CLASS
                                      ACTION COMPLAINT;
16 All Direct Purchaser Actions       MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT
17                                    THEREOF**

18                                    [Proposed Order submitted herewith]

19                                    Date:       October 1, 2014
                                      Time:       2:00 p.m.
20                                    Location:  Courtroom 2, 17th Floor

21                                    The Hon. William H. Orrick

22                                    Complaint Filed: March 24, 2014

23

24

25

26

27

28

1

## **NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on October 1, 2014 at 2:00 p.m., or as soon thereafter as

4 the matter may be heard, in the San Francisco Courthouse, Courtroom 2, 17th Floor, of the

5 above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

6 Defendant Samyang Foods Co., Ltd. ("Samyang Korea"), by and through its undersigned

7 attorneys, will move the Court to dismiss the Consolidated Direct Purchaser Plaintiffs' Class

8 Action Complaint ("DPC") in its entirety under Federal Rule of Civil Procedure 12(b)(6).

9      Samyang Korea's motion is supported by this Notice of Motion and Motion, the

10 Memorandum of Points and Authorities ("the Memorandum"), the records on file in this action,

11 and any oral argument that may be presented at the hearing on the motion. For the reasons

12 provided in the Memorandum, Samyang Korea respectfully requests that the Court dismiss the

13 DPC with prejudice because such claims fail to state a claim upon which relief can be granted.

14 Dated: June 9, 2014                    MAYER BROWN LLP

15

16                                        By: /s/ Elizabeth Mann

17                                        Elizabeth Mann
                                          Attorneys for Defendant

18                                        SAMYANG FOODS CO., LTD.

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))**

2   1.  Have the Direct Purchaser Plaintiffs stated a claim for a violation of Sections 1

3 and 3 the Sherman Act (15 U.S.C. §§ 1 and 3) against Samyang Foods Co., Ltd. ("Samyang

4 Korea") on behalf of a class consisting of all persons and entities who directly purchased Korean

5 noodles in the United States and its territories where Plaintiffs (i) do not allege that any plaintiff

6 purchased Korean noodles from Samyang Korea and, (ii) concede that Samyang Korea sells its

7 Korean noodles in the United States to Sam Yang USA, Inc. ("Sam Yang USA") pursuant to a

8 long-term exclusive distribution agreement.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Defendant Samyang Foods Co., Ltd. ("Samyang Korea") brings this Motion to Dismiss the Consolidated Direct Purchaser Plaintiffs' Class Action Complaint ("DPC") because the Direct Purchaser Plaintiffs fail to plead, and cannot plead, that any plaintiff purchased Korean noodles *directly* from Samyang Korea.  As such, Plaintiffs' claims under Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1 and 3) fail as a matter of law.

The Direct Purchaser Plaintiffs brought this action individually and on behalf of a putative class consisting of all persons and entities that directly purchased Korean noodles from Defendants in the United States and its territories from May 1, 2001 to December 31, 2010.  The DPC generally alleges that the Defendants conspired to fix Korean noodle prices in Korea and that this conspiracy somehow impacted U.S. Korean noodle pricing.  As explained in the companion Defendants' Notice Of Motion And Motion To Dismiss The Indirect Purchaser Plaintiffs' State Law Claims Under Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF. No. 80] and Defendants' Notice Of Motion And Motion To Dismiss Direct Purchaser Plaintiffs' And Indirect Purchaser Plaintiffs' Class Action Complaints [ECF No. 83], each of these complaints should be dismissed because they fail to state a claim against any Defendant.

In addition, the DPC should be dismissed against Samyang Korea, with prejudice, because the DPC fails to allege any direct purchases from Samyang Korea and thus Plaintiffs' claims fail as a matter of law.  This fatal flaw cannot be corrected due to Plaintiffs' admission that Samyang Korea has an exclusive distribution agreement with Sam Yang USA, Inc. ("Sam Yang USA") pursuant to which Samyang Korea sells its Korean noodles to Sam Yang USA – not to Plaintiffs.  Given that Plaintiffs have had two opportunities to plead these claims, the DPC should be dismissed with prejudice.

**II.      SUMMARY OF ALLEGATIONS CONCERNING SAMYANG KOREA**

Plaintiffs admit that during the class period, Samyang Korea was "headquartered in Seongbuk-Gu, Seoul, Korea" and that Samyang Korea "directly shipped its Korean noodles" to Sam Yang USA in the United States.  DPC ¶¶ 33, 182.  Plaintiffs further admit that Samyang

– 1 –

1    Korea contracted with Sam Yang USA to act as its exclusive distributor of product in the U.S.

2    Plaintiffs plead that Samyang Korea has a "long-term exclusive distributorship agreement" with

3    Sam Yang USA as well as "agreements concerning trademarks, service marks, and intellectual

4    property" with Sam Yang USA. *Id.* at ¶ 34.[1]

5         One of the Direct Purchaser Plaintiffs, The Plaza Company, has acknowledged that

6    Samyang Korea sells Korean noodles in the United States to Sam Yang USA to "ensure" that

7    Samyang USA – not Plaintiffs – has a supply of Korean noodles. The Plaza Company originally

8    filed its complaint in the Central District of California.[2] Sam Yang USA moved to dismiss that

9    complaint, filing a Motion to Dismiss The Plaza Company's First Amended Class Action

10   Complaint and an accompanying Request for Judicial Notice.[3] In its opposition to that motion,

11   The Plaza Company acknowledged that the documents Sam Yang USA filed in support of its

12   motion included a "Stock Sale and Purchase Agreement" which stated that Samyang Korea

13   "shall enter into a long term exclusive distributorship contract with [Sam Yang USA] to *ensure*

14   the supply of Seller's [Samyang Korea] products to the Company [Sam Yang USA]."[4]

15        Nowhere do the Direct Purchaser Plaintiffs allege that they purchased Korean noodles

16   from Samyang Korea. DPC, *passim*. In a vain attempt to transform noodle purchases from Sam

17   Yang USA to noodle purchases from Samyang Korea, the Direct Purchaser Plaintiffs cite to an

18   entry on a third-party internet resource, yellowpages.com, that allegedly portrayed Sam Yang

19   USA as a "'part of Sam Yang Foods Co., LTD who manufactures soy sauce products, ice cream

---

[1] The Indirect Plaintiffs also concede in the Consolidated Indirect Purchaser Plaintiffs' Consolidated Class Action Complaint ("IPC") that Samyang Korea does not own or control Sam Yang USA. IPC at ¶ 148 ("During the Class Period, the Subsidiary/Affiliate Defendants, with the exception of Sam Yang (U.S.A.) Inc., were wholly owned and controlled by the Korean Defendants. . . .").

[2] *The Plaza Co. v. Nong Shim Co., Ltd. et al.*, Case No. 2:13-cv-05274-PA-RZ (Class Action Complaint For Damages And Injunctive Relief), ECF. No. 1 (C.D. Cal.).

[3] *Id.* (Notice Of Motion And Motion To Dismiss Defendant Sam Yang (U.S.A.), Inc.; Memorandum Of Points And Authorities In Support Thereof; Declaration Of Edward W. Suh), ECF No. 59 (C.D. Cal.); *Id.* (Defendant Sam Yang (U.S.A.), Inc.'s Request For Judicial Notice In Support Of Pending Motions And Declaration Of Edward W. Suh), ECF No. 60 (C.D. Cal.).

[4] *Id.* (Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant Sam Yang USA's Motion To Dismiss), ECF No. 65, pp. 4, 6 (C.D. Cal) (emphasis added).

1    and fresh milk.'"[5]  *Id.* at  ¶ 34.  Based on this hearsay report that concerns products that have

2    nothing to do with this litigation (ice cream, milk and soy sauce), the Direct Purchaser Plaintiffs

3    assert that Sam Yang USA is "under the direction and control" of Samyang Korea.  *Id.*  This

4    conclusion is contrary to relevant facts that the Plaintiffs concede:  that Samyang Korea ships

5    Korean noodles to Sam Yang USA pursuant to a distribution agreement.  What then occurs is

6    that the Direct Purchaser Plaintiffs purchase Korean noodles from a U.S. reseller of those

7    products, which could be Sam Yang USA, or which could be any other U.S. reseller.  What is

8    clear, however, is that the Direct Purchaser Plaintiffs have not alleged that they purchased any

9    Korean noodles from Samyang Korea, and they cannot so allege.

10   **III.    LEGAL STANDARD**

11            A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . .

12   to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678,

13   (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  While pled facts are

14   accepted as true, a court need not accept the complaint's "legal conclusion[s]."  *Iqbal*, *supra*, 556

15   U.S. at 678.  Conclusory allegations of law and unwarranted inferences are insufficient to defeat

16   a motion to dismiss.  *Fields v. Legacy Health Sys.,* 413 F.3d 943, 951 n.5 (9th Cir. 2005).

17   "While legal conclusions can provide the framework of a complaint, they must be supported by

18   factual allegations."  *Iqbal*, *supra*, 556 U.S. at 679.  Thus, a reviewing court may begin "by

19   identifying pleadings that, because they are no more than conclusions, are not entitled to the

20   assumption of truth."  *Id.*  Consistent with this analysis, courts routinely dismiss claims where

21   the pled facts undermine the legal conclusions contained in a complaint.  *See Weisbuch v. Cnty.*

22   *of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (dismissing complaint where pleaded facts

23   established that plaintiff could not prevail on the claims pled in the complaint); *Wright v. Or.*

24   *Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th Cir. 2004) (dismissing complaint with prejudice

25   ─────────────
     [5] For the Court's information, the yellowpages.com listing for Sam Yang USA has been updated
     since the DPC was filed.  The yellowpages.com entry for Sam Yang USA now states that "Sam
26   Yang USA is a distribution company located in Santa Fe Springs, California.  Sam Yang USA is
     privately owned and is unaffiliated with Samyang Foods Co., Ltd., a company based out of
27   South Korea."  Description of Sam Yang, Inc., YELLOW PAGES,
     http://www.yellowpages.com/santa-fe-springs-ca/mip/sam-yang-usa-inc-2533993 (last visited
28   June 9, 2014).

1   where "Plaintiffs' alleged facts effectively preclude a claim. . . . ").

2   **IV.    PLAINTIFFS FAIL TO STATE A CLAIM AS A MATTER OF LAW**

3           Plaintiffs do not allege that any member of the Putative Direct Purchaser Class has

4   directly purchased Korean noodles from Samyang Korea.  Plaintiffs attempt to obfuscate the fact

5   that they cannot allege direct purchases from Samyang Korea by boldly asserting that Sam Yang

6   USA is a "part of" and thus under the "control" of Samyang Korea (DPC ¶ 34) suggesting – but

7   not pleading – that Plaintiffs' purchases from Sam Yang USA somehow amount to purchases

8   from Samyang Korea.  Plaintiffs' attempt to bridge this unbridgeable gap fails for two

9   independent reasons.  First, Plaintiffs do not plead that when they purchase Korean noodles from

10  Sam Yang USA they purchase from Samyang Korea – nor could they do so given their

11  admission that Samyang Korea exclusively sells its Korean noodles to Sam Yang USA.   Second,

12  Plaintiffs' naked "control" allegation is a legal conclusion, which is not only unsupported by any

13  pled facts, it is also *contrary* to the pled facts.  The "control" allegation should be disregarded.

14  *Wynn v. Nat'l Broad. Co., Inc.*, 234 F.Supp.2d 1067, 1101 (C.D. Cal. 2002) ("The Ninth Circuit

15  has previously held that . . . a plaintiff can 'plead himself out of a claim by including

16  unnecessary details contrary to his claims.'") (quoting *Sprewell v. Golden State Warriors,* 266

17  F.3d 979, 988 (9th Cir. 2001)).[6]

18          Further, the allegation that Sam Yang USA is "part of" and under the "control" of

19  Samyang Korea is based on a reference to an irrelevant internet posting that discusses soy sauce,

20  ice cream and milk.  These legal conclusions, which are based on irrelevant hearsay and material

21  that contradicts pled facts, can be disregarded.  *See, e.g., Crispin v. Christian Audigier, Inc.*, 717

22  F.Supp.2d 965, 976 n.19 (C.D. Cal. 2010) (noting that it was unfortunate that counsel cited to an

23  unreliable internet page and stating that citations to such internet sources undermine counsel's

24

25  _____
    [6] *See also* Defendants' Notice Of Motion And Motion To Dismiss Direct Purchaser Plaintiffs'
    And Indirect Purchaser Plaintiffs' Class Action Complaints (ECF No. 83 at 13-16) for a
26  comprehensive discussion of the legal aspects required to plead "control" and the fact that
    Plaintiffs have failed to plead facts to support the legal conclusion that any Korean defendant
27  "controlled" a U.S. company such that the U.S. company became involved in the claimed U.S.
    conspiracy.
28

1   reliability).[7]

2       It is black letter law that the Direct Purchaser Plaintiffs cannot plead a violation of the

3   Sherman Act without pleading direct purchases from Samyang Korea.  *Cal. v. ARC Am. Corp.*,

4   490 U.S. 93, 100 (1989) ("Under federal law, no indirect purchaser is entitled to sue for damages

5   for a Sherman Act violation. . . . Had these cases gone to trial and a Sherman Act violation been

6   proved, only direct purchasers would have been entitled to damages for that violation. . . ."); *Del.*

7   *Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1123-24 (9th Cir. 2008)

8   (holding that an indirect purchaser plaintiff lacked standing for an alleged violation of federal

9   antitrust laws); *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749-50 (9th Cir. 2012) (holding

10  that cardholders were indirect purchasers who did not have federal antitrust standing pursuant to

11  the rule restricting federal antitrust standing to direct purchasers only).[8]

12      Therefore, the DPC and must be dismissed with prejudice.  *Leadsinger, Inc. v. BMG*

13  *Music Publ'g*, 512 F.2d 522, 532 (9th Cir. 2008) (stating that dismissal without leave to amend is

14  proper where it is clear that the complaint "could not be saved by any amendment."); *Cook,*

15  *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (stating

16  the same).

17  ///

18  ///

19  ///

20  ///

---

21  [7] Further, Plaintiffs have failed to plead any facts supporting the claim that Sam Yang USA
    (from whom they allege that they have purchased Korean noodles) took any act in furtherance of
22  Plaintiffs' hypothetical U.S. pricing conspiracy.  Indeed, the DPC is devoid of any facts
    concerning whether any of the U.S. defendants communicated with any other U.S. defendant
23  about anything related to Korean noodles sales.  DPC, *passim.*  Moreover, while the Plaintiffs
    allege that Sam Yang USA conveyed what plaintiffs call "false" information about the reasons
24  for price increases in the U.S., Plaintiffs do not allege – presumably because they cannot – that
    Sam Yang USA had any knowledge that the information it was conveying to the public about its
25  price increases was "false."  *Id.* at ¶ 34.  Thus, Plaintiffs have failed to allege that they purchased
    Korean noodles from any Samyang company that was a member of the alleged conspiracy.
26

27  [8] *See also* ANTITRUST LAW DEVELOPMENTS, Volume I n.42 (6th ed. 2007) (citing *Kansas v.*
    *UtiliCorp United, Inc.*, 497 U.S. 199, 207 (1990); *Campos v. Ticketmaster,* 140 F.3d 1166, 1168-
28  71 (8th Cir. 1998); ANNUAL REVIEW OF ANTITRUST LAW DEVELOPMENTS at 243-44 (2010)
    (citing *Howard Hess Dental Labs. v. Dentsply Int'l,* 602 F.3d 237 (3d Cir. 2010)).

**V.     CONCLUSION**

Samyang Korea respectfully requests that the Court grant this motion and dismiss the DPC against Samyang Korea with prejudice.

Dated: June 9, 2014                                    MAYER BROWN LLP


                                                       By: /s/ Elizabeth Mann
                                                           Elizabeth Mann
                                                       Attorneys for Defendant
                                                       SAMYANG FOODS CO., LTD.