UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE KOREAN RAMEN ANTITRUST LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Case No. 3:13-cv-04115-WHO<br><br>**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER** |
|---|---|

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the consolidated actions styled as *In Re Korean Ramen Direct Purchaser Antitrust Litigation*, United States District Court, Northern District of California, Case No. 13-cv-04148 WHO and *In Re Korean Ramen Indirect Purchaser Antitrust Litigation*, United States District Court, Northern District of California, Case No. 13-cv-04115 WHO (collectively the "action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information or Items the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research, development, or commercial information subject to protection under Fed. R. Civ. P. 26(c)(1), or other information required by law or agreement to be kept confidential. CONFIDENTIAL Information includes personal information protected by law including, but not limited to, the Personal Information Protection Act of Korea.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Information or Items which are "CONFIDENTIAL" within the meaning of the definition in Section 2.2 above which are extremely sensitive such that the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to Information or Items the disclosure of which the Producing Party believes in good faith will cause harm to its competitive position.

2.8   House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, House Counsel, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to

1  limit any such designation to material that qualifies under the appropriate standards.

2     5.2  If it comes to a Designating Party's attention that information or items that it
3  designated for protection do not qualify for protection, that Designating Party must promptly notify
4  all other Parties that it is withdrawing the mistaken designation.

5     5.3  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order
6  (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered,
7  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
8  designated before the material is disclosed or produced.

9     Designation in conformity with this Order requires:

10     a. for information in documentary form (e.g., paper or electronic documents, but excluding
11  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the
12  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to
13  each page that contains protected material.

14     A Party or Non-Party that makes original documents or materials available for inspection
15  need not designate them for protection until after the inspecting Party has indicated which material it
16  would like copied and produced. During the inspection and before the designation, all of the material
17  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
18  EYES ONLY". After the inspecting Party has identified the documents it wants copied and
19  produced, the Producing Party must determine which documents, or portions thereof, qualify for
20  protection under this Order. Then, before producing the specified documents, the Producing Party
21  must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY" legend to each page that contains Protected Material.

23     b.  A Party or Non-Party must designate as "CONFIDENTIAL" or "HIGHLY
24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" any and all Information that it received from
25  another Party or Non-Party that it reasonably believes that other Party or Non-Party considers to be
26  confidential (such as, by way of example, wholesale price lists or terms of sale).  In the event that
27  any documents or materials that should be subject to a "CONFIDENTIAL" or "HIGHLY
28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation are produced by a Party or Non-

4

Party without such designation, any other Party or Non-Party (the "Noticing Party") may give written notice of such defective production to all Parties within twenty (20) days of discovery of the failure by the producing Party or Non-Party to properly designate the documents or materials, together with a copy of the subject documents or materials with the appropriate confidentiality designation. Upon receipt of such notice, all Parties that received the original version of the documents or materials shall promptly destroy them and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such documents or materials to counsel for the Noticing Party. If a Receiving Party chooses to destroy such documents or materials, the Receiving Party shall notify the Noticing Party in writing of such destruction within ten (10) days of receipt of the notice.

      c.  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1   Transcripts containing Protected Material shall have an obvious legend on the title page that
2   the transcript contains Protected Material, and the title page shall be followed by a list of all pages
3   (including line numbers as appropriate) that have been designated as Protected Material and the level
4   of protection being asserted by the Designating Party.  The Designating Party shall inform the court
5   reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day
6   period for designation shall be treated during that period as if it had been designated "HIGHLY
7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the
8   expiration of that period, the transcript shall be treated only as actually designated.

9   d.  for information produced in some form other than documentary and for any other tangible
10  items, that the Producing Party affix in a prominent place on the exterior of the container or
11  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
12  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

13  6.   INADVERTENT FAILURE TO DESIGNATE.  If timely corrected, an inadvertent failure to
14  designate qualified information or items does not, standing alone, waive the Designating Party's
15  right to secure protection under this Order for such material. Upon timely correction of a
16  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in
17  accordance with the provisions of this Order.

18  7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

19  7.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of
20  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
21  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,
22  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a
23  confidentiality designation by electing not to mount a challenge promptly after the original
24  designation is disclosed.

25  7.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution
26  process by providing written notice of each designation it is challenging and describing the basis
27  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
28  notice must recite that the challenge to confidentiality is being made in accordance with this

6

specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, a Party or Non-Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may initiate the discovery dispute submission process outlined at paragraph 10 of the Standing Order for Magistrate Judge Donna M. Ryu (*revised* Aug. 6, 2014), and in compliance with Local Rule 79-5, if applicable, that identifies the challenged material and sets forh in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a

secure manner that ensures that access is limited to the persons authorized under this Order.

        8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        a.  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        b.  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        d.  the Court and its personnel;

        e.  court reporters and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        f.  professional jury or trial consultants, mock jurors, Professional Vendors, and each of their employees or subcontractors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        g.  during their depositions, witnesses who (a) are or at any time were from the party that produced the Information, (b) are shown on the document as a person that sent or received it, or (c) notice is provided to the Designating Party in advance of the deposition and, if the Designating Party does not agree to use of the document, the Parties have a chance to obtain a ruling from the magistrate judge before the document is shown to the witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

        h.  the author or intended recipient (e.g., persons "cc'd" or "bcc'd") of a document

8

containing the information or the original source of the information, or a person mentioned in the document.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    a. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    b. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    c. the Court and its personnel;

    d. court reporters and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    e. professional jury or trial consultants, mock jurors, Professional Vendors, and each of their employees or subcontractors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    f. during their depositions, witnesses who (a) are or at any time were from the party that produced the Information, (b) are shown on the document as a person that sent or received it, or (c) notice is provided to the Designating Party in advance of the deposition and, if the Designating Party does not agree to use of the document, the Parties have a chance to obtain a ruling from the magistrate judge before the document is shown to the witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    g. the author or intended recipient (e.g., person "cc'd" or "bcc'd") of a document containing the information or the original source of the information, or a person mentioned in the document.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

   a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   b. promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 In the event that a Party is required, by a valid discovery request, to produce a Non-

Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b.    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c.    make the information requested available for inspection by the Non-Party.

10.3   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

12.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13.   **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 23, 2015              /s/ *Christopher L. Lebsock*
                                   Christopher L. Lebsock
                                   HAUSFELD LLP

                                   Lee Albert
                                   GLANCY BINKOW AND GOLDBERG LLP

                                   *Interim Lead Counsel for the Direct Purchaser Plaintiffs*


DATED: March 23, 2015              /s/ *Robert A. Izard*
                                   Robert A. Izard
                                   IZARD NOBEL LLP

                                   *Interim Lead Counsel for the Indirect Purchaser Plaintiffs*


DATED: March 23, 2015              /s/ *Mark C. Dosker*
                                   Mark C. Dosker
                                   SQUIRE PATTON BOGGS (US) LLP

                                   *Attorneys for Defendants*
                                   *Nongshim Co. Ltd. and Nongshim America, Inc.*


DATED: March 23, 2015              /s/ *Joel S. Sanders*
                                   Joel S. Sanders
                                   GIBSON, DUNN & CRUTCHER LLP

                                   *Attorneys for Defendants*
                                   *Ottogi Co. Ltd. and Ottogi America, Inc.*

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 23, 2015 | /s/ *Elizabeth Mann* |
| 3 | | Elizabeth Mann<br>MAYER BROWN LLP |
| 4 | | *Attorneys for Defendant* |
| 5 | | *Samyang Foods Co., Ltd.* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 24, 2015

_____
United States District Judge

14

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the cases of *In Re Korean Ramen Direct Purchaser Antitrust Litigation,* United States District Court, Northern District of California, Case No. 13-cv-04148 WHO and *In Re Korean Ramen Indirect Purchaser Antitrust Litigation,* United States District Court, Northern District of California, Case No. 13-cv-04115 WHO**.**  I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Protective Order including this Acknowledgement and Agreement to be Bound, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Confidentiality Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____