Christopher L. Lebsock (SBN 184546)
Bonny Sweeney (SBN 176174)
Stephanie Y. Cho (SBN 291903)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
Email: clebsock@hausfeld.com
bsweeney@hausfeld.com
scho@hausfeld.com

Lee Albert (*pro hac vice*)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Tel: (212) 682-5340
Fax: (212) 884-0988
Email: lalbert@glancylaw.com
glinkh@glancylaw.com

*Attorneys for Plaintiff*
THE PLAZA COMPANY

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | CASE NO. 13-CV-04115-WHO <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATION REGARDING TRANSLATION PROTOCOL AND [PROPOSED] ORDER** |
| **This Document Relates to:** <br> **ALL ACTIONS** | |

Pursuant to Federal Rule of Civil Procedure 29, the undersigned parties, which include the Direct and Indirect Purchaser Plaintiffs and all Defendants (collectively, the "Parties"), through their designated counsel of record, Stipulate and Agree as follows:

## I. GENERAL REQUIREMENTS

1. Any party presenting a foreign language document to the Court must provide a copy of the original document and its translation, along with an authenticating declaration from the translator declaring under penalty of perjury that he or she has competent knowledge of the languages being translated and that he or she has truthfully and correctly translated the subject document, in accordance with Fed. R. Evid. 901.

## II. TRANSLATORS

2. The parties shall be allowed to use any translator or translation firm they choose, provided that the translator has the requisite competency in the languages being translated.

3. Any Party using a translator shall require such translator to abide by any and all applicable Protective Orders entered in this case, and to execute any Exhibits required thereby.

## III. CONTENTS TO BE TRANSLATED

4. Any translation presented to the Court must have all relevant portions of the document, including portions of the document necessary to understand the context of the document, translated. Any Party may submit translations of additional portions of the document, or all or part of an attachment or parent document, at its own expense.

5. All translations shall bear the same confidentiality designation (i.e., either Confidential or Highly Confidential) as the original document.

6. Each translated page shall be Bates numbered and marked "Translation." A translated document shall have the same beginning Bates number as the original document with suffix T appended to the end of the number. Where translation causes different pagination, the suffix .01 shall be additionally appended to the Bates number for the first extra page, the suffix .02 for the second, and so on.

7. Translations may not contain words or text that are not direct translations of the original document (e.g. notes from the translator or counsel), except as provided below. Words in the translation must appear in the same format as the original, including bold, italics, underlining, or strikethrough. Translators shall not modify any words appearing in English in the original document or any other pictures, symbols, graphics or non-textual elements that do not require translations. Translator notations may be included, in brackets, to indicate such things as "original text in English," "original text handwritten," or "indecipherable."

## IV. CHALLENGING TRANSLATIONS

8. Translations prepared by a competent translator and authenticated in accordance with Fed. R. Evid. 901 shall be presumed to be accurate. Any objections shall be made 30 days after a translation is first presented to the Court unless a longer time period is requested and consented to by the parties, which consent shall not be unreasonably withheld. Any objection shall state the specific inaccuracies of the translation and offer an alternative translation of the portions of the document objected to. Objections not made in this 30 day period, as extended by mutual agreement, shall be waived and the translation shall be deemed accurate.

9. If the parties are unable to resolve a dispute about the propriety of any translation, the matter shall be submitted by the challenging party to the Magistrate Judge or the District Judge, as appropriate.

10. If a translation raises serious doubts about the accuracy of an entire document or the competence of a translator, a Party may request additional information about the competency of the translator sufficient to allow the Court to assess the translator's qualifications such as his educational background, relevant training and experience.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 3, 2015                    /s/ *Christopher L. Lebsock*

Christopher L. Lebsock
HAUSFELD LLP

Lee Albert
GLANCY PRONGAY AND MURRAY LLP

*Lead Counsel for the Direct Purchaser Plaintiffs*

DATED: August 3, 2015                  /s/ *Robert A. Izard*
Robert A. Izard
IZARD NOBEL LLP

*Lead Counsel for the Indirect Purchaser Plaintiffs*

DATED: August 3, 2015                  /s/ *Mark C. Dosker*
Mark C. Dosker
SQUIRE PATTON BOGGS (US) LLP

*Attorneys for Defendants*
*Nongshim Co. Ltd. and Nongshim America, Inc.*

DATED: August 3, 2015                  /s/ *Joel S. Sanders*
Joel S. Sanders
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendants*
*Ottogi Co. Ltd. and Ottogi America, Inc.*

DATED: August 3, 2015                  /s/ *Elizabeth Mann*
Elizabeth Mann
MAYER BROWN LLP

*Attorneys for Defendant*
*Samyang Foods Co., Ltd.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____              _____
                                                                            Judge Donna M. Ryu
                                                                            United States District Court Magistrate