# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Korean Ramen Antitrust Litigation, | Case No. C-13-04115-WHO |
| THIS DOCUMENT RELATES TO: | **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |
| All Indirect Purchaser Actions | |

THIS MATTER coming to be heard on Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendant Samyang Foods Co., Ltd. ("Samyang Korea"), filed September 21, 2015 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement with the Indirect Purchaser Plaintiffs, on behalf of themselves and the Indirect Settlement Class Members (the "Indirect Settlement Agreement"), the pleadings, and other papers on file in this action, hereby finds the motion should be **GRANTED**, as set forth below:

### Preliminary Approval of Settlement

1.     Terms capitalized in this Order and not otherwise defined herein have the same meanings as those used in the Indirect Settlement Agreement.

2.     This Court has jurisdiction over this action and each of the parties to the Indirect Settlement Agreement.  Upon review of the record, the Court finds that the proposed settlement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to the limitations contained herein and further consideration at a final approval hearing (the "Final Fairness Hearing").

**<u>Certification of the Indirect Settlement Class</u>**

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Indirect Settlement Class"):

> "All individuals and entities that directly purchased Korean Noodles in the United States and its territories, including, without limitation, in the states of California, Florida, Massachusetts, Michigan, New York, and Hawaii, from one or more Defendants from May 1, 2001 through December 31, 2010.   The Indirect Settlement Class excludes the Defendants, the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any parent, subsidiary, affiliate, legal representatives, heirs, or assigns of any Defendant.   The Indirect Settlement Class also excludes all judicial officers presiding over this Action"

As set forth in the Indirect Settlement Agreement, "Defendants" means, for purposes of this settlement only, any one or more of the following: Nong Shim Co., Ltd., Nongshim America, Inc., Ottogi Co., Ltd., Ottogi America, Inc., Samyang Foods Co., Ltd.   The term "Korean Noodles" means an instant noodle soup product consisting of dried instant noodles paired with a seasoning packet and dehydrated vegetables, packaged in a bag (or pouch), cup, or bowl and, for purposes of this Settlement Agreement only, includes, without limitation, all products described in paragraphs 44, 45, 47, and 51 of the Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint, Dkt. No. 121, filed December 3, 2014.

4.     The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a)     The Indirect Settlement Class is sufficiently numerous and geographically dispersed across the United States so that joinder is sufficiently impracticable, satisfying the numerosity requirement;

(b)    There are sufficient legal and factual issues common to the Indirect Settlement Class to meet the commonality requirement, including, but not limited to whether:

- Defendants engaged in a contract, combination, or conspiracy to raise, fix, maintain, or stabilize prices of, Korean Ramen Noodles sold in the United States and its territories;

- Defendants' conduct caused Korean Ramen Noodles to be sold in the United States and its territories at artificially high prices;

- Indirect Purchaser Plaintiffs and other members of the Indirect Settlement Class were injured by Defendants' conduct, and, if so, the appropriate classwide measure of damages for Indirect Settlement Class Members; and

- Indirect Purchaser Plaintiffs and other members of the Indirect Settlement Class are entitled to injunctive relief and, if so, the nature and extent of such relief.

(c)    Indirect Purchaser Plaintiffs' and the Indirect Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d)    Stephen Fenerjian, Joyce Beamer, Kendal Martin, Nicholas Halloran, Anthony An, Eleanor Pelobello, Jill Bonnington, Kenny Kang, Christina Nguyen, Thu-Thuy Nguyen, Yim Ha Noble, Karen Heiferman, Ji Choi, Cynthia Skinner, and Charles Chung have retained experienced counsel and do not have interests antagonistic to the Indirect Settlement Class, so these plaintiffs will fairly and adequately represent the Indirect Settlement Class and protect its interests;

(e)    The Court also finds that common issues predominate over any individual issues affecting the members of the Indirect Settlement Class and that settlement of these Actions on a class basis is superior to other means of adjudicating this matter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Appointment of Settlement Class Representatives and Counsel

5.    The Court appoints plaintiffs Stephen Fenerjian, Joyce Beamer, Kendal Martin, Nicholas Halloran, Anthony An, Eleanor Pelobello, Jill Bonnington, Kenny Kang, Christina Nguyen, Thu-Thuy Nguyen, Yim Ha Noble, Karen Heiferman, Ji Choi, Cynthia Skinner, and Charles Chung as class representatives of the Indirect Settlement Class.

6.    The Court appoints Bramson, Plutzik, Mahler & Birkhaeuser LLP and Izard Nobel LLP as counsel for the Indirect Settlement Class ("Indirect Class Plaintiffs' Counsel").

## Class Notice

7.    On or before January 31, 2016, Indirect Class Plaintiffs' Counsel shall submit a form or forms of notice ("Notice"), together with a plan for the dissemination of notice, to the Court for a determination as to whether, taken together, the form or forms and plan of Notice constitute (i) the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise settlement class members of the proposed settlement and their right to object or to exclude themselves from the proposed settlement; (iii) constitute due, adequate, and sufficient notice; and (iv) meet all applicable requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States and any other applicable requirements under federal law.   The Court will make a later ruling with respect to the adequacy of the proposed notice.

8.    Notice to members of the Indirect Settlement Class, except statutory notice required to be given by Samyang Korea pursuant to 28 U.S.C. § 1715, shall be the responsibility of Indirect Class Plaintiffs' Counsel if approved by the Court.

9.    The reasonable costs of notification to potential members of the Indirect Settlement Class, including printing, mailing, and publication of all required notices, shall be paid out of the Settlement Amount as approved by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Final Approval**

10.    Indirect Class Plaintiffs' Counsel shall file with the Court and serve on the parties their motion for final approval of the Indirect Settlement Agreement and any other appropriate motion papers related to final approval at least thirty five days before the Final Fairness Hearing.

11.    The Court will hold a Final Fairness Hearing, on a date to be set following notice to the Class, which will determine the fairness, reasonableness, and adequacy of the proposed settlement with Samyang Korea, whether a final judgment should be entered thereon, and whether to grant any other appropriate motion papers related to final approval.   Any member of the Indirect Settlement Class who follows the procedure set forth in the Notice may appear and be heard at this hearing.   The Fairness Hearing may be continued without further notice.

**Exclusion Rights and Procedure**

12.    Each member of the Indirect Settlement Class who follows the procedure set forth in the Notice shall have the right to be excluded from the Indirect Settlement Class by mailing a request for exclusion, by the date specified in the Notice.   Requests for exclusion must be in writing and must otherwise comply with the requirements set forth in the Notice.

13.    Except for those potential members of the Indirect Settlement Class who file a timely and proper request for exclusion, all others will be deemed members of the Indirect Settlement Class for all purposes under the Indirect Settlement Agreement.   All members of the Indirect Settlement Class shall be bound by the Indirect Settlement Agreement and by all subsequent proceedings, orders, and judgments in this Action.   No member of the Indirect Settlement Class who elects to opt out of the Indirect Settlement Class pursuant to these provisions will be entitled to relief under or be affected by the Indirect Settlement Agreement.

**Objections to the Settlement or to the Request for Expenses**

14.    Any Indirect Settlement Class Member who has not requested exclusion from the Indirect Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this settlement or to the request for expenses must do so by the date specified in the Notice.   Any objection must be in writing and must otherwise comply with the requirements set forth in the

Notice.  Indirect Settlement Class Members may so act either on their own or through any attorney hired at their own expense.  Indirect Class Plaintiffs' Counsel or Counsel for Samyang Korea may file memoranda of law responding to any objections of members of the Indirect Settlement Class filed with the Court.

15.    No person shall be entitled to contest the approval of the terms and conditions of the settlement or the Final Judgment requested therein except by filing and serving written objections in accordance with the provisions of this Order.  Any member of the Indirect Settlement Class who does not submit a timely written objection in compliance with all of the procedures set forth in the Notice and this Order will be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

### Other Provisions

16.    Terms used in this Order that are defined in the Indirect Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Indirect Settlement Agreement.

17.    As of the date of the entry of this Order, Indirect Purchaser Plaintiffs shall be preliminarily enjoined from commencing, prosecuting, or continuing any action against Samyang Korea based upon or related to the Released Claims pending Final Approval of the settlement or until such time as this Court lifts such injunction by subsequent order, except in connection with preliminary or final approval of the Samyang Korea settlement.

18.    The Court approves the establishment of an escrow account, as set forth in the Indirect Settlement Agreement and the Escrow Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1.  The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Indirect Class Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, Escrow Account expenses, and Notice costs, as set forth in the Indirect Settlement Agreement.

19.     In the event that the Indirect Settlement Agreement is terminated in accordance with its provisions, the Indirect Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Indirect Settlement Agreement, and without prejudice to the *status quo ante* rights of Indirect Purchaser Plaintiffs, Samyang Korea, or the members of the Indirect Settlement Class.

20.     If the Indirect Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Indirect Purchaser Plaintiffs and Samyang Korea will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

21.     The Indirect Purchaser Plaintiffs and Samyang Korea have agreed, and the Court so orders, that this Indirect Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations, or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding.  Neither this Indirect Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by Samyang Korea, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Indirect Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

22.     The Court's provisional certification of the Indirect Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the

Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Indirect Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

23.     Samyang Korea shall comply with all discovery requests pending as of this date with regard to both non-settling defendants and with the discovery stipulated to in the Settlement Agreement.  If additional discovery is sought from Samyang Korea, non-settling defendants must have good cause for their requests.  In the case of a dispute as to whether good cause exists for additional discovery, the parties shall meet and confer in an effort to resolve their disagreement before filing a Joint Statement pursuant to the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated:  November 10,  2015



HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE