# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Korean Ramen Antitrust Litigation, | Case No. C-13-04115-WHO |
| THIS DOCUMENT RELATES TO: | **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |
| All Direct Purchaser Actions | |

THIS MATTER coming to be heard on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendant Samyang Foods Co., Ltd. ("Samyang Korea"), filed September 21, 2015 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement with the Direct Purchaser Plaintiffs, on behalf of themselves and the Direct Settlement Class Members (the "Direct Settlement Agreement"), the pleadings, and other papers on file in this action, hereby finds the motion should be **GRANTED**, as set forth below:

### Preliminary Approval of Settlement

1. Terms capitalized in this Order and not otherwise defined herein have the same meanings as those used in the Direct Settlement Agreement.

2. This Court has jurisdiction over this action and each of the parties to the Direct Settlement Agreement. Upon review of the record, the Court finds that the proposed settlement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to the limitations contained herein and further consideration at a final approval hearing (the "Final Fairness Hearing").

1

**Certification of the Direct Settlement Class**

2       3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

3   proposed settlement, the Court hereby finds that the prerequisites for a class action have been met

4   and provisionally certifies the following class for settlement purposes only (the "Direct

5   Settlement Class"):

6           "All individuals and entities that directly purchased Korean Noodles in the United

7           States and its territories from one or more Defendants from May 1, 2001 through

8           December 31, 2010.  The Direct Settlement Class excludes the Defendants, the

9           officers, directors, or employees of any Defendant; any entity in which any

10          Defendant has a controlling interest; and any parent, subsidiary, affiliate, legal

11          representatives, heirs, or assigns of any Defendant.  The Direct Settlement Class

12          also excludes all judicial officers presiding over this Action"

13  As set forth in the Direct Settlement Agreement, "Defendants" means, for purposes of this

14  settlement only, any one or more of the following: Nong Shim Co., Ltd., Nongshim America,

15  Inc., Ottogi Co., Ltd., Ottogi America, Inc., Samyang Foods Co., Ltd.  The term "Korean

16  Noodles" means an instant noodle soup product consisting of dried instant noodles paired with a

17  seasoning packet and dehydrated vegetables, packaged in a bag (or pouch), cup, or bowl and, for

18  purposes of this Settlement Agreement only, includes, without limitation, all products described

19  in paragraphs 53 and 60-63 of the Direct Purchaser Plaintiffs' Consolidated Class Action

20  Complaint, Dkt. No. 61, filed March 24, 2014.

21      4.      The Court finds that the prerequisites to a class action under Rule 23 are satisfied

22  for settlement purposes only in that:

23          (a)     The Direct Settlement Class is sufficiently numerous and geographically

24  dispersed across the United States so that joinder is sufficiently impracticable, satisfying the

25  numerosity requirement;

26          (b)     There are sufficient legal and factual issues common to the Direct

27  Settlement Class to meet the commonality requirement, including, but not limited to whether:

28

- Defendants engaged in a contract, combination, or conspiracy to raise, fix, maintain, or stabilize prices of, Korean Ramen Noodles sold in the United States and its territories;

- Defendants' conduct caused Korean Ramen Noodles to be sold in the United States and its territories at artificially high prices;

- Direct Purchaser Plaintiffs and other members of the Direct Settlement Class were injured by Defendants' conduct, and, if so, the appropriate classwide measure of damages for Direct Settlement Class Members; and

- Direct Purchaser Plaintiffs and other members of the Direct Settlement Class are entitled to injunctive relief and, if so, the nature and extent of such relief.

(c)     Direct Purchaser Plaintiffs' and the Direct Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d)     The Plaza Market, Pacific Groservice Inc. d/b/a Pitco Foods, Summit Import Corporation, Rockman Company U.S.A. Inc., Seoul Shopping Inc., Hansfood I Corp., Hansfoods II Corp., Met Foods Ridgefield Corp., and California Market, LLC d/b/a Gaju Market have retained experienced counsel and do not have interests antagonistic to the Direct Settlement Class, so these plaintiffs will fairly and adequately represent the Direct Settlement Class and protect its interests;

(e)     The Court also finds that common issues predominate over any individual issues affecting the members of the Direct Settlement Class and that settlement of these Actions on a class basis is superior to other means of adjudicating this matter.

**Appointment of Settlement Class Representatives and Counsel**

5.     The Court appoints plaintiffs The Plaza Market, Pacific Groservice Inc. d/b/a Pitco Foods, Summit Import Corporation, Rockman Company U.S.A. Inc., Seoul Shopping Inc.,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hansfood I Corp., Hansfoods II Corp., Met Foods Ridgefield Corp., and California Market, LLC d/b/a Gaju Market as class representatives of the Direct Settlement Class.

6.      The Court appoints Hausfeld LLP and Glancy Prongay & Murray LLP as co-lead counsel for the Direct Settlement Class ("Direct Class Plaintiffs' Co-Lead Counsel").

**Class Notice**

7.      On or before January 31, 2016, Direct Class Plaintiffs' Co-Lead Counsel shall submit the form and contents of the long form of notice ("Notice") and the Summary Notice ("Summary Notice") to the Court for a determination as to whether, taken together, mailing of the long form of Notice,  publication of the Summary Notice, and Internet posting of the Notice and the Summary Notice, are (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise settlement class members of the proposed settlement and their right to object or to exclude themselves from the proposed settlement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States and any other applicable requirements under federal law. The Court will make a later ruling with respect to the adequacy of the proposed notice.

8.      Notice to members of the Direct Settlement Class, except statutory notice required to be given by Samyang Korea pursuant to 28 U.S.C. § 1715, shall be the responsibility of Direct Class Plaintiffs' Co-Lead Counsel if approved by the Court.

9.      The reasonable costs of notification to potential members of the Direct Settlement Class, including printing, mailing, and publication of all required notices, shall be paid out of the Settlement Amount as approved by the Court.

**Final Approval**

10.      Direct Class Plaintiffs' Co-Lead Counsel shall file with the Court and serve on the parties their motion for final approval of the Direct Settlement Agreement and any other appropriate motion papers related to final approval on or before at least thirty five days before the Final Fairness Hearing.

11.     The Court will hold a Final Fairness Hearing, on a date to be set following notice to the Class, which will determine the fairness, reasonableness, and adequacy of the proposed settlement with Samyang Korea, whether a final judgment should be entered thereon, and whether to grant any other appropriate motion papers related to final approval.  Any member of the Direct Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing.  The Fairness Hearing may be continued without further notice.

### Exclusion Rights and Procedure

12.     Each member of the Direct Settlement Class who follows the procedure set forth in the Notice shall have the right to be excluded from the Direct Settlement Class by mailing a request for exclusion, by the date specified in the Notice.  Requests for exclusion must be in writing and must otherwise comply with the requirements set forth in the Notice.

13.     Except for those potential members of the Direct Settlement Class who file a timely and proper request for exclusion, all others will be deemed members of the Direct Settlement Class for all purposes under the Direct Settlement Agreement.  All members of the Direct Settlement Class shall be bound by the Direct Settlement Agreement and by all subsequent proceedings, orders, and judgments in this Action.  No member of the Direct Settlement Class who elects to opt out of the Direct Settlement Class pursuant to these provisions will be entitled to relief under or be affected by the Direct Settlement Agreement.

### Objections to the Settlement or to the Request for Expenses

14.     Any Direct Settlement Class Member who has not requested exclusion from the Direct Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this settlement or to the request for expenses must do so no later than by the date specified in the Notice.  Any objection must be in writing and must otherwise comply with the requirements set forth in the Notice.  Direct Settlement Class Members may so act either on their own or through any attorney hired at their own expense.  Direct Class Plaintiffs' Co-Lead Counsel or Counsel for Samyang Korea may file memoranda of law responding to any objections of members of the Direct Settlement Class filed with the Court.

15.     No person shall be entitled to contest the approval of the terms and conditions of the settlement or the Final Judgment requested therein except by filing and serving written objections in accordance with the provisions of this Order.  Any member of the Direct Settlement Class who does not submit a timely written objection in compliance with all of the procedures set forth in the Notice and this Order will be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

### Other Provisions

16.     Terms used in this Order that are defined in the Direct Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Direct Settlement Agreement.

17.     As of the date of the entry of this Order, Direct Purchaser Plaintiffs and all members of the Direct Settlement Class shall be preliminarily enjoined from commencing, prosecuting, or continuing any action against Samyang Korea based upon or related to the Released Claims pending Final Approval of the settlement or until such time as this Court lifts such injunction by subsequent order, except in connection with preliminary or final approval of the Samyang Korea settlement.

18.     The Court approves the establishment of an escrow account, as set forth in the Direct Settlement Agreement and the Escrow Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1.  The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Direct Class Plaintiffs' Co-Lead Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, Escrow Account expenses, and Notice costs, as set forth in the Direct Settlement Agreement.

19.     In the event that the Direct Settlement Agreement is terminated in accordance with its provisions, the Direct Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Direct

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Settlement Agreement, and without prejudice to the *status quo ante* rights of Direct Purchaser Plaintiffs, Samyang Korea, or the members of the Direct Settlement Class.

20.     If the Direct Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Direct Purchaser Plaintiffs and Samyang Korea will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

21.     The Direct Purchaser Plaintiffs and Samyang Korea have agreed, and the Court so orders, that this Direct Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations, or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding.  Neither this Direct Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by Samyang Korea, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Direct Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

22.     The Court's provisional certification of the Direct Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Direct Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

1

2        23.    Samyang Korea shall comply with all discovery requests pending as of this date

3  with regard to both non-settling defendants and with the discovery stipulated to in the Settlement

4  Agreement.  If additional discovery is sought from Samyang Korea, non-settling defendants must

5  have good cause for their requests.  In the case of a dispute as to whether good cause exists for

6  additional discovery, the parties shall meet and confer in an effort to resolve their disagreement

   before filing a Joint Statement pursuant to the Court's Standing Order For Civil Cases.
7

8
      **IT IS SO ORDERED.**
9

10 Dated:  November 10, 2015                      
                                              _____
11                                              HON. WILLIAM H. ORRICK
                                              UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28