UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FENERJIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NONG SHIM COMPANY, LTD, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-04115-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT AND BAR ORDER**<br><br>Re: Dkt. No. 206 |

## INTRODUCTION

Defendant Samyang Korea moves for an order determining that it has entered into a good faith settlement agreement with plaintiffs pursuant to California Code of Civil Procedure sections 877 and 877.6. Mot. [Dkt. No. 206.]. On October 5, 2015, Ottogi Corporation, Ltd., Ottogi America, Inc., Nongshim Co., Ltd ., and Nongshim America, Inc. ("Non-settling Defendants") filed a limited opposition to Samyang's motion that is confined to a single objection concerning access to discovery. Opp. [Dkt. No. 213]. Having considered the merits of the motion and the virtual lack of opposition by any party, I GRANT Samyang's motion for good faith settlement determination.

## BACKGROUND

Defendants Samyang Foods Company., Ltd., Nong Shim Company, Ltd., and Ottogi Ltd. manufacture and sell Korean noodles, also referred to as ramen noodles, in Korea. Amended Consolidated Indirect Purchaser Complaint ("AIPC") ¶¶ 25-28 [Dkt. No. 121]. The Korean Noodles are sold in Korea as well as imported for sale elsewhere, including in the United States. On July 12, 2012, the Korean Fair Trade Commission ("KFTC") issued an order finding that the Korean defendants conspired to increase the prices of Korean noodles in Korea. *Id*. at ¶3. The Korean defendants also exported ramen noodles for sale in the United States. *Id*. at ¶5.

Following that order, various direct and indirect purchasers of defendants' Korean noodles in the United States filed price-fixing conspiracy actions against the Korean defendants and their alleged American distributors, alleging that the defendants conspired to raise the prices of Korean noodles sold in the United States. Plaintiffs allege that they paid more for Korean Noodles as a result of the price-fixing conspiracy than they would have paid in a competitive market. The various actions were consolidated and plaintiffs filed two consolidated complaints: a direct purchaser consolidated complaint and an indirect purchaser consolidated complaint. *See* Direct Purchaser Consolidated Complaint ("DPCC") [Dkt. No. 61]; AIPC.[1]

The direct purchaser plaintiffs ("DPP") are food retailers and distributors that purchased Korean Noodles directly from defendants. DPCC ¶¶ 11-16. They allege a cause of action for price-fixing conspiracy in violation of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3.

The indirect purchaser plaintiffs ("IPP") are individuals who purchased Korean Noodles manufactured by defendants from retailers in California, Massachusetts, Michigan, Florida, and New York. AIPC ¶¶ 10-24. They allege causes of action for (i) price-fixing conspiracy in violation of Section 1 of the Sherman Act,5 15 U.S.C. § 1; (ii) price-fixing conspiracy in violation of California's Cartwright Act, Cal. Bus. & Code §§ 16700, et seq.; (iii) violations of antitrust and restraint of trade laws of California, Hawaii, Michigan, and New York; (iv) violations of state consumer protection laws of California, Florida, and Massachusetts and (v) unjust enrichment and disgorgement under the common laws of Hawaii and Massachusetts. AIPC ¶¶ 170-214.

Defendant Samyang reached a settlement with both the DPP and the IPP, requiring it to pay a total of $1.5 million and to cooperate in providing informal as well as formal discovery. *See* Mann Decl., Exh. A [Dkt. No. 206-1] ("IPP Settlement"); Mann Decl., Exh. B ("DPP Settlement"). As an integral part of the settlement, Samyang seeks the court's good faith determination of the settlement and a corresponding bar order. Samyang requests that I grant its order and find that upon the final approval of the settlements, the non-settling defendants are

---

[1] I dismissed plaintiff's claims against Samyang's American counterpart, Sam Yang (USA), Inc. (as well as against previously included defendants Yakult Korea and Paldo Company Ltd.). Dkt. No. 115. The remaining defendants are as follows: Samyang Foods Company., Ltd., Nong Shim Company, Ltd., Ottogi Ltd., Nongshim America, Inc., and Ottogi America, Inc.

1 barred from bring an action for indemnity and/or contribution relating to any of the claims
2 brought, or that could have been brought, in the DPP and IPP actions against Samyang. Mot. at 1.
3 Non-settling Defendants submitted a limited opposition to Samyang's motion which objected only
4 to a provision in the settlement agreement that stays the litigation against Samyang pending the
5 final approval of its settlement. Opp. at 1.

**LEGAL STANDARD**

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort ... [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Civ. Pro. Code § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final. *Id*. § 877.6. The section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*. § 877.6(c). [2]

A settlement is made in good faith if it is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. *Tech–Bilt Inc. v. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 499 (1985). When making a determination that a settlement was made in good faith under section 877.6(a)(1), "the intent and policies underlying section 877.6 require that a number of factors be taken into account": (1) a rough approximation of the plaintiff's total recovery and

---

[2] The plaintiffs also assert claims under the laws of Hawaii, Massachusetts, Michigan, Florida, and New York. While each state has their own statute requiring that release from contribution be given in good faith, all are similar to California. *See* Haw. Rev. Stat. § 663-15.5 (requiring that "[a] release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment [be] given in good faith"); Mich. Comp. Laws § 600.2925d (requiring that "a release or a covenant not to sue or not to enforce judgment [be] given in good faith"); Mass. Gen. Laws Ch. 231B, § 4 (requiring that "a release or covenant not to sue or not to enforce judgment [be] given in good faith"); N.Y. Gen. Oblig. Law § 15-108 (requiring a "release [be] given in good faith"); Fla. Stat. Ann. § 768.31 (requiring that "a release or a covenant not to sue or not to enforce judgment [be] given in good faith").

3

the settlor's proportional liability in view of the settlement amount; (2) the allocation of settlement proceeds among plaintiffs; (3) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (4) the financial conditions and insurance policy limits of the settling tortfeasor; and (5) the existence of collusion, fraud or tortious conduct intended to injure the interests of the non-settling parties. *Id*.

"Practical considerations" require that the evaluation "be made on the basis of the information available at the time of settlement[,] and a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id*. (citation omitted). The Court should approve even a contested settlement, unless there is a showing "that the settlement is so far out of the ballpark in relation to these factors to be inconsistent with the equitable objectives of the statute." *Id*. at 499-500.

The burden of proving that a settlement between the parties was not made in good faith is on the non-settling tortfeasor. Cal. Civ. Proc. Code § 877.6(d). To successfully oppose a motion for good faith settlement, the opposing party "must demonstrate ... that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Tech–Bilt*, 38 Cal.3d at 499-500.

**DISCUSSION**

Here, the motion for good faith settlement and bar order is unopposed, except for the Non-settling Defendants' joint opposition to the motions for preliminary approval of both settlements and Samyang's motion for good faith determination. Opp. at 1. The only objection presented in the opposition, relating to a potential discovery dispute, was resolved during the November 3, 2015 hearing. The opposition did not address the *Tech-Bilt* factors nor any lack of good faith in Samyang's settlements.

Applying the *Tech-Bilt* factors, I find that the settlements are in good faith. The $1.5 million combined settlement amount is reasonable and certainly not so far "out of the ballpark" as to make it unreasonable. *Tech–Bilt*, 38 Cal.3d at 499. In proportion to Samyang's profits from its American exports, which amount to approximately $27 million, Han Dec ¶ 2 [Dkt. No. 206-2], the

4

recovery of $1.5 million equates to a 5% damages calculation. Pointing to a determination by the KFTC that a 2% price premium rate should be applied, Samyang argues that 5% is therefore reasonable. Mot. at 9. The reasonableness of the amount is also reinforced by Samyang's potential defenses and *Tech Bilt*'s recognition that a settlor should pay less in settlement than he would if he were found liable at trial. *Tech–Bilt*, 38 Cal.3d at 499. The first defendant to settle often is entitled to a discount in the settlement amount, particularly if cooperation in discovery is also included. This settlement has real non-monetary worth in the form of Samyang's agreement to make available its outside counsel, provide certain current employees available for deposition, produce specified documents, and furnish the last known contact information for former Samyang employees whose names were mentioned in the KFTC order. DPP Settlement ¶21; IPP Settlement ¶21. Because of the difficultly plaintiffs face in establishing that defendants colluded to raise prices, this cooperation is valuable to plaintiffs' case. Mot at 12-13.

      Under California Civil Procedure Code § 877.6(c), "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6. Therefore, a determination that the settlement was in good faith would prevent contributory or indemnity claims by the Non-settling Defendants. As Samyang argues, this is consistent with both the Sherman Act and the Cartwright Act which do not provide for contribution. *See, e.g. Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981) ("We are satisfied that neither the Sherman Act nor the Clayton Act confers on federal courts the broad power to formulate the right to contribution sought here."); *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 481 (9th Cir. 1990)( "The federal and California antitrust laws have identical objectives and are harmonious with each other.") (internal quotation marks, citations, and modifications omitted); *Pecover v. Electronics Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009)( "[I]t is established that the Sherman Act and Cartwright Act are to be interpreted in harmony with one another.") (internal quotation marks and citations omitted). Non-settling Defendants do not oppose this argument and I find no reason to hold otherwise.

**CONCLUSION**

Samyang's motion for good faith determination is GRANTED.

**IT IS SO ORDERED**.

Dated: November 10, 2015


WILLIAM H. ORRICK
United States District Judge