UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FENERJIAN, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>NONG SHIM COMPANY, LTD, et al.,<br><br>   Defendants. | Case No.  13-cv-04115-WHO   (DMR)<br><br>**ORDER RE DISCOVERY LETTER**<br>Re: Dkt. No. 289 |

On January 29, 2016, Plaintiffs and Defendants Nongshim Co., Ltd. and Nongshim America, Inc. (collectively, "Nongshim") filed a discovery letter regarding the deadline for Nongshim to complete its production of custodial electronically stored information ("ESI"). [Docket No. 289].  The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

For the following reasons, Plaintiffs' motion to compel Nongshim to complete its ESI custodial production is **granted in part.**

On December 16, 2014, the Hon. William H. Orrick set January 31, 2016 as the deadline for completion of non-expert discovery.  Docket No. 127.  On December 14, 2015, Plaintiffs filed a motion requesting that the court extend the case deadlines by nine months.  Docket No. 252. Defendants (including Nongshim) opposed Plaintiffs' request, representing to the court that they were producing custodial documents on a rolling basis, with the "entire production expected to be completed by the end of January 2016."  Defendants instead proposed a two month extension. Defs.' Opp. to Mot. to Extend Deadlines [Docket No. 264] at 13.  The court extended the case management schedule by roughly three months, and ordered April 29, 2016 as the last day for non-expert discovery.  *Id.*

On January 26, 2016, Nongshim informed Plaintiffs that it would not complete its

1   production by January 31, 2016, but anticipated that it would substantially complete its custodial
2   production by February 12, 2016.  Plaintiffs now move the court to order Nongshim to complete
3   all electronic document production, with metadata, by January 31, 2016 on the basis that
4   Nongshim represented to the court that it would do so.  Nongshim argues that it provided January
5   31, 2016 as a target date, rather than an agreed-upon deadline.

6       It is true that Nongshim did not promise that it would complete all discovery production by
7   January 31, 2016.  However, in arguing for a shorter continuance for case deadlines, Nongshim
8   represented to the court that it had "started producing custodial documents on a rolling basis, with
9   the entire production expected to be completed by the end of January 2016."  Opp. to Mot. to
10  Extend Deadlines  at 13; *see also* Goodwin Decl. [Docket No. 265] at ¶ 11("the Nongshim
11  Defendants anticipate completing production of custodial documents by the end of January
12  2016").  Nongshim has changed that representation and now states that it is diligently working to
13  review its custodial documents for substantial completion of production by February 12, 2016.

14      Judge Orrick was entitled to rely on counsel's representations in making adjustments to the
15  case schedule.  Had Nongshim provided a more accurate estimate, it is possible that Judge Orrick
16  would have ordered a longer continuance.  In light of Nongshim's representation to the court, as
17  well as the short period of time remaining before the close of discovery, Nongshim is hereby
18  ordered to complete its ESI custodial production by February 8, 2016.

19  **IT IS SO ORDERED.**

20  Dated: February 1, 2016

_____
Donna M. Ryu
United States Magistrate Judge