March 4, 2016

The Honorable Donna M. Ryu
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 4, 3rd Floor
1301 Clay Street
Oakland, California 94612

Re:     ***In re Korean Ramen Antitrust Litigation, No. 3:13-CV-4115-WHO-DMR***

Dear Judge Ryu:

Defendants Ottogi Corporation, Ltd., Ottogi America, Inc., Nongshim Co., Ltd. and Nongshim America, Inc. (collectively Defendants) and Direct Purchaser Plaintiffs (DPPs) respectfully submit this joint discovery letter to resolve a dispute between the parties regarding the location of the depositions of certain DPP witnesses.  The parties met and conferred regarding all issues presented in this letter prior to its filing.

## I.     Relevant Case Management Deadlines

Fact discovery concludes on April 29, 2016.  (Dkt. #252).  Deadline for class certification expert disclosure is May 11, 2016 and August 10, 2016, for Plaintiffs and Defendants respectively, with depositions to occur promptly after disclosure.  *Id*.  Opening briefs on class certification are due on May 11, 2016 and opposition briefs are due August 10, 2016.  *Id*. Deadlines for summary judgment motion, other expert discovery and trial have not yet been set.

## II.     Location of DPP's Depositions

A.     Defendants' Position

Defendants respectfully request that the Court order the witnesses designated to testify on behalf of Plaintiffs Summit Import Corporation ("Summit") and Pacific Groservice, Inc. ("Pitco") pursuant to Rule 30(b)(6) to appear for their depositions in the Northern District of California, the district in which Summit and Pitco chose to file this lawsuit.

Summit has refused to make its Rule 30(b)(6) designee, Whiting Wu, available for deposition in San Francisco on the basis that (1) Summit is located in New Jersey and (2) having Mr. Wu travel to San Francisco would present an undue burden because Mr. Wu is the only executive at Summit who can oversee the business on a daily basis.  Pitco has likewise refused to make its Rule 30(b)(6) designee, David Luttway, available for deposition in San Francisco because Mr. Luttway's primary residence is in New York, even though Pitco is headquartered in San Jose, California, and Mr. Luttway travels to California approximately 5 to 6 days every month to work in Pitco's main office.

On February 26, 2016, the parties met and conferred.  As a compromise, defendants offered to take the depositions of Summit's and Pitco's Rule 30(b)(6) designees on a weekend to

minimize the interruption to their work schedule.  DPPs declined and stated that their Rule 30(b)(6) designees would have to be deposed in New York.

DPP's position violates well-established rules on the location of depositions of plaintiffs. "Generally, *a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought*."  *Mullins v. Premier Nutrition Corp*, 2014 U.S. Dist. LEXIS 113840, *4-5 (N.D. Cal. Aug. 15, 2014) (internal quotations omitted, emphasis added). "This general rule applies to class action suits."  *Id.*  "*To avoid the application of this rule, a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum*."  *Id.* (emphasis added).

Neither Summit nor Pitco have demonstrated exceptional or compelling circumstances. A busy schedule does not constitute undue hardship or exceptional circumstance that warrants a departure from these rules.  *See Music Grp. Macao Commer. Offshore Ltd. v. Foote*, 2015 U.S. Dist. LEXIS 105465, at *8 (N.D. Cal. Aug. 11, 2015).  Further, in the case of Mr. Luttway, no additional travel time will be added by having him deposed in California rather than New York since he travels to San Jose every month.  As for Summit, to Defendants' knowledge, the company has over 80 employees.  Mr. Wu's duties can surely be delegated to other employees during his absence—which would be inevitable even if Mr. Wu were to be deposed in New York.  Moreover, Defendants have offered to depose Mr. Wu on a weekend to minimize the number of days he would need to miss work, but Summit has declined to entertain such an offer.

Moreover, Summit attempts to rely on the general rule that the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business to support its position.  Such reliance is misplaced, however, as this general presumption applies to defendants, not Plaintiffs.[1]  *See HTC Corp. v. Tech. Props., 2008 U.S. Dist. LEXIS 103948* (N.D. Cal. Dec. 16, 2008); *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 U.S. Dist. LEXIS 23428 (N.D. Cal. Sept. 17, 1999) (same); *see also Rulo v. Ricoh Ams. Corp.,*2015 U.S. Dist. LEXIS 153432, *2 (N.D. Cal. Nov. 12, 2015).

Plaintiffs seek to avoid live depositions and replace them with video conferencing while ignoring the obvious prejudice to Defendants.  A remote deposition would deprive Defendants of the ability to test the witnesses' credibility.  Moreover, Plaintiffs' argument that Defendants' law firms maintain offices in New York ignores the fact that all attorneys who are actively working on this matter are located in California (or Asia) and would thus need to travel across the country.  Accordingly, Plaintiffs should appear for deposition in the district in which they chose to file this action.

---

[1] Further, Plaintiffs grossly distort the facts by arguing that one of Nonghsim's counsel traveled to New York but did not offer to take the depositions of Pitco and Summit there.  The truth is as follows.  Nongshim's counsel mentioned in passing, and not in any discussion about these depositions much less their proper place, that he had some travel to New York in an unrelated case.  During that travel, Nongshim's counsel was busy with client meetings and a mediation in an unrelated case, and thus, in any event, would not have had time to take any depositions, and was not in a position to extend that travel on either end of that unrelated trip.  Moreover, that particular Nongshim counsel is not even the individual slated to take these depositions – which is not a choice for plaintiffs, who chose San Francisco as the venue for this case, to impose.

B.      DPP's Position

Defendants' position, as set forth above, wholly ignores the factual context in which this purported dispute arises.  Since at least February 4, 2016[2], counsel for DPPs has repeatedly offered to make Summit's and PITCO's 30(b)(6) corporate designees available for deposition in New York.  Summit's designee Whiting Wu, lives and works in Jersey City, New Jersey, just across the Hudson River from Manhattan. PITCO's 30(b)(6) corporate designee, David Luttway, resides in New York City.  Notably, last week—the week of February 22, 2016—counsel for Nongshim traveled to New York and, while there, passed up an opportunity to take depositions of the two designees.

Now, after returning to California, Defendants' counsel demands that these witnesses travel here so that counsel need not undertake the burden of *returning* to New York.  In light of this and the case-law and facts below, Defendants' motion to compel the designees for Summit and PITCO to appear for deposition in California should be denied.

In the Northern District of California, the general rule is that "corporate designees are normally deposed at the corporation's principal place of business." *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008).  *See also Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003) ("[A] Rule 30(b)(6) deposition [is] to be taken at the corporation's place of business."); *Lehman v. Wal-Mart*, No. 7:09CV5007, 2009 WL 4800540 (D. Nebraska Dec. 8, 2009) ("The general rule requires a Rule 30(b)(6) deposition to be taken at the corporation's principal place of business."); *Invensas Corp. v. Renesas Electronics Corp.*, C.A. No. CA 11-448-GMS-CJB, 2012 WL 2501106 (D. Delaware June 27, 2012) ("As to depositions of a corporation by its agents or officers, this Court has noted that there is a general presumption that such depositions should ordinarily be taken at the corporation's principal place of business.") (internal quotations and citations omitted).[3]

Here, the general rule—as to Summit—ought to apply.  Mr. Wu, will submit a declaration, if the Court requests it[4], stating that Summit is headquartered in Jersey City, New Jersey; that he is the sole manager of 80 employees that work at Summit's New Jersey headquarters; that in his capacity as manager, Mr. Wu interacts with his employees on a daily

---

[2] The parties have been in oral and email communication about the location of the DPPs' depositions since at least February 4, 2016, when DPPs sent case-law to Defendants supporting their view that the depositions should take place in New York.  On February 11, 2016, the parties had a meet and confer on the subject and DPPs sent additional cases supporting their position following that meeting.  Between that date and March 3, 2016—when DPPs received the Defendants' portion of this letter brief—Nongshim's counsel traveled to and returned from New York.

[3] Defendants suggest that the general rule should not apply to DPPs because they filed their complaints in this District.  While that might factor into the Court's decision in some instances, the facts here suggest that it should not.  Counsel for the parties are repeatedly traveling across the world in this case to take depositions in locations that minimize the burden on the witnesses.  Accordingly, the incremental burden on counsel to travel to New York in this matter of international dimension (should they choose to do so) is, therefore, particularly minimal.  Moreover, the DPPs are offering witnesses from the highest echelons of their respective companies to testify in this matter, and accommodation of their preferences is appropriate here.

[4] We note that no exhibits to discovery letters are permitted, except by order of the Court.

basis; that no other executive could effectively take his place; and that it would be a significant burden to Mr. Wu and his family to take at least three days to travel to California for deposition. PITCO's designee Mr. Luttway—the company's *President and CFO*—also resides in New York and would submit a declaration substantiating his view that it would be less burdensome for him to have his deposition taken in Manhattan.  And, while it is true that PITCO is headquartered in the Northern District of California, given that Summit should be deposed in New York, there is little burden on Defendants to take PITCO's deposition at the same time.

Moreover, counsel for the Defendants each maintain offices in Manhattan—surely stocked with seasoned lawyers—which means that counsel need not travel to New York at all to have these depositions conducted.  Even if one or more California counsel wanted to attend the depositions, they could clearly do so by video-conference between their California and New York offices.  As the IPPs noted in the pending motion to compel the depositions of the IPP class representatives, courts have routinely approved the use of videoconference depositions for out-of-state plaintiffs.  *See e.g. In re Willingham,* 2014 WL 3697556 (M.D. Fl. 2014); *Shockey v. Huhtamaki, Inc.,* 280 F.R.D. 598, 601-603 (D. Kan. 2012); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124 at *3 (N.D. Cal. 2011) (ordering depositions by videoconference or in cities proposed by plaintiffs due to the financial burden of travel); *Guillen v. Bank of Am. Corp.,* 2011 WL 3939690 at *1 (N.D.Cal. 2011) ("A desire to save money constitutes good cause to depose out-of-state witnesses [by] telephone or remote means.").

It bears noting that depositions of antitrust plaintiffs typically provide little relevant information.  Summit and PITCO indisputably purchased substantial quantities of Korean Ramen *directly from the Defendants* during the class period.  Moreover, these two plaintiffs have responded to Defendants' written discovery.  In short, the basis for their participation as class representatives here is well-established and an oral deposition will add very little—if anything—to the factual record.  FRCP 26(b)(1) cautions that discovery must be "*proportional to the needs of the case...*"[5]  Here, Defendants have not shown why Summit's and PITCO's written discovery responses and document productions are not sufficient to establish the companies' adequacy as class representatives.  While the DPPs do not object to the taking of an oral deposition of Summit and PITCO, it is unreasonable under the circumstances to require the PMKs to disrupt their personal and business affairs in order to appear for deposition in the Northern District of California.

Respectfully submitted,

DATED: March 4, 2016                    /s/ Christopher L. Lebsock
                                        Christopher L. Lebsock
                                        HAUSFELD LLP

---

[5] The party seeking discovery has the burden of establishing that its proposed discovery satisfies FRCP 26(b).  *Eusse v. Vitela,* 2016 WL 455698, at *2 (S.D. Cal. Feb. 4, 2016).

Lee Albert
GLANCY PRONGAY AND MURRAY LLP

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*


DATED: March 4, 2016                    /s/ Joel S. Sanders

Joel S. Sanders
Minae Yu
GIBSON DUNN & CRUTCHER LLP

Attorneys for Defendants
Ottogi Corporation, Ltd. and Ottogi America, Inc.


DATED: March 4, 2016                    /s/ Mark C. Dosker

Mark C. Dosker
SQUIRE PATTON BOGGS (US) LLP

Attorneys for Defendants
Nongshim Co. Ltd. and Nongshim America, Inc.