United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    STEPHEN FENERJIAN, et al.,
                                              Case No.  13-cv-04115-WHO   (DMR)
            Plaintiffs,
8
         v.                                   **ORDER RE JOINT DISCOVERY
9                                             LETTERS**

10   NONG SHIM COMPANY, LTD, et al.,          Re: Dkt. No. 297, 312

            Defendants.
11

12          Before the court are two joint discovery letters that raise three issues.  Defendants Ottogi

13   Corporation, Ltd., Ottogi America, Inc., Nongshim Co., Ltd. and Nongshim America, Inc.

14   (collectively, "Defendants") move to compel eight Indirect Purchaser Plaintiffs ("IPPs"), and two

15   Direct Purchaser Plaintiff ("DPP") Rule 30(b)(6) designees to appear for their depositions in this

16   district.[1]  February 17 Letter [Docket No. 297]; March 4 Letter [Docket No. 312].  The court

17   requested, and the IPPs provided declarations from the IPPs who oppose appearing for deposition

18   in San Francisco.  [Docket Nos. 298, 303-310.]   Defendants also move to compel the IPPs to

19   search for ESI using five additional search terms.  [Docket No. 297.]  The court has determined

20   that these matters are appropriate for determination without oral argument.  Civil L.R. 7-1(b).

21          For the reasons stated below, Defendants' motions to compel the IPPs and DPP's Rule

22   30(b)(6) designees to appear for deposition in San Francisco are **granted**.  Defendants' motion to

23   compel the IPPs to search for ESI using five additional search terms is also **granted.**

24

25

26   _____
     [1] Defendants propose that the IPPs appear for deposition in this district in San Francisco, or in Los
27   Angeles if more convenient.  Although the court will refer to "San Francisco" throughout this
     order for consistency, it assumes that Defendants will continue to provide the option for the IPPs
28   to appear for deposition in Los Angeles.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## I.     BACKGROUND

In this multidistrict litigation, various direct and indirect purchasers of Defendants' ramen noodles allege that Defendants engaged in a price-fixing conspiracy to raise the prices of their ramen noodles sold in the United States. Plaintiffs allege that they paid more for Korean ramen noodles in the United States as a result of the price-fixing conspiracy than they would have paid in a competitive market. The DPPs are food retailers and distributors that purchased ramen noodles directly from Defendants. The IPPs are individuals who purchased Korean noodles manufactured by Defendants from retailers in several states.

## II.     DISCUSSION

### A.     Location of IPP's and DPP's Depositions

IPPs Fenerjian, Beamer, Martin, Halloran, Noble, Heiferman, Choi and Chung oppose appearing for depositions in this judicial district.  They argue that they should be deposed via videoconference, or if Defendants wish to depose them in person, they should do so at a location near where the Plaintiffs live in Massachusetts, Michigan, New York, Florida and Hawaii.[2]

DPPs Summit Import Corporation ("Summit") and Pacific Groservice, Inc. ("PITCO") (collectively "DPPs") object to producing their Rule 30(b)(6) witnesses to appear for depositions in San Francisco.  Summit, headquartered in New Jersey, and PITCO, headquartered in San Jose, both request that their Rule 30(b)(6) designees be deposed in New York.

### 1.     Legal Standard

Federal Rule of Civil Procedure 30 provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition."  Fed. R. Civ. P. 30(b)(1).  "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there."  *Rulo v. Ricoh Ams. Corp.* (*Rulo II*), 2015 U.S. Dist. LEXIS 153432, at  *3 (N.D.

---

[2] The IPPs also object that Defendants' attempt to raise the issue is untimely because the joint discovery letter was not filed within five business days of the parties' meet and confer, as required by the undersigned's Notice of Amended Discovery Procedures.  [Docket No. 288.]  The parties filed their Discovery Letter Brief Regarding the Location of the Depositions of the IPPs and the search terms to be applied to the IPP custodians on February 17, 2016.  [Docket No. 297.]  The IPPs concede that the parties had a discussion on February 11, 2016. *Id.* at 3.  The court declines to deny the February 17, 2016 Discovery Letter as untimely.

1    Cal. Nov. 12, 2015) (citing *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010)).  The

2    general rule that a plaintiff will be required to make himself or herself available for examination in

3    the district in which suit was brought "appears to be based not only upon the fact that Plaintiffs

4    choose the forum but also upon pragmatic considerations . . . . This not only permits predictability

5    in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may

6    take place during the course of depositions without undue expenditure of time." *Lexington Ins.*

7    *Co. v. Commonwealth Ins. Co.*, No. 98-cv-3477-CRB (JCS), 1999 WL 33292943, at \*9 (N.D. Cal.

8    Sept. 17, 1999) (citation omitted).  "This general rule applies to class action suits." *Mullins v.*

9    *Premier Nutrition Corp*, 2014 WL 4058484, at \*1 (N.D. Cal. Aug. 15, 2014) (citing *Rolex*

10   *Employees Ret. Trust v. Mentor Graphics Corp.*, No. CIV. 90-726-FR, 1990 WL 200092, at \*1

11   (D. Or. Dec. 3, 1990)).  By contrast, "there is a general presumption that the deposition of a

12   defendant should be conducted in the district of his residence [because] while plaintiffs bring the

13   lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not

14   before the court by choice." *See Fausto v. Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008)

15   (internal quotation marks and citation omitted).

16          To overcome the presumption that a plaintiff's deposition shall take place in the district in

17   which plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional

18   or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins*, 2014 WL

19   4058484, at \*1; *see also Rulo II*, 2015 U.S. Dist. LEXIS 153432, at \*3 (plaintiff must "persuasively

20   demonstrate" that traveling to the forum for his deposition "would, for physical and financial reasons,

21   be practically impossible, or that it would otherwise be fundamentally unfair" ); *Palma v. Safe*

22   *Hurricane Shutters, Inc.*, No. 07-22913-CIV, 2009 WL 653305, at \*4 (S.D. Fla. Mar. 12, 2009)

23   ("Although ordinarily, a defendant is entitled to depose a plaintiff in the forum where the case is

24   pending, [Fed. R. Civ. P. 26(c)(2) ] authorizes the Court to order that a plaintiff's deposition be

25   taken in a different location, or by alternative means, if justice so requires.").  Ultimately, the trial

26   court has broad discretion to determine the appropriate place for a deposition. *Hyde & Drath v.*

27   *Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

### 2. Analysis: Location of the IPP's Depositions

IPPs Fenerjian, Beamer, Martin, Halloran, Noble, Heiferman, Choi and Chung argue that they should be deposed via videoconference, or if Defendants wish to depose them in person, they should do so at a location near where the Plaintiffs live in Massachusetts, Michigan, New York, Florida and Hawaii. They contend that their circumstances are such that travel to San Francisco would create an undue hardship. They provide the following reasons: childcare responsibilities, work, medical treatment, and financial burden of missing work.[3]

The IPPs have not demonstrated undue hardship or exceptional or compelling circumstances to justify their refusal to travel to their chosen forum. The IPPs' declarations are devoid of detail, and fail to provide basic information about each IPP's circumstances. For the most part, the proffered declarations only show that the IPPs would face the usual difficulties and inconveniences in attending an out-of-state deposition—work and childcare responsibilities. Plaintiffs chose to serve as named representatives in this putative class action, and part of prosecuting a claim is appearing for a deposition, even when not entirely convenient. *Rulo v. Ricoh Ams. Corp.* (*Rulo I*), 2015 U.S. Dist. LEXIS 145741, at *8-9 (N.D. Cal. Oct. 27, 2015)

---

[3] Specifically, IPP Heiferman states that she has childcare responsibilities for a 19 year old daughter with a medical condition and heavy work responsibilities. [Docket No. 303.]

IPP Noble states that he has childcare responsibilities for a 1 year old daughter and heavy work responsibilities. [Docket No. 304.]

IPP Beamer states that she has a medical condition, for which she has ongoing treatment in Michigan. [Docket No. 305.]

IPP Fenerjian states that he has childcare responsibilities four days per week and work responsibilities at the small business that he owns on the other three days. [Docket No. 306.]

IPP Halloran states that he is a stay at home father with primary childcare responsibilities for small children and operates a business from his home. [Docket No. 307.]

IPP Martin states that she has childcare responsibilities for her teenage son and works four days a week. [Docket No. 308.]

IPP Chung states that he is scheduled to start a new job on March 17, 2016, cannot miss work, and that it would be a financial burden to miss work. [Docket No. 309.] The court notes that Defendants' counsel requested deposition dates for the IPPs on January 29, 2016 for February and March. IPP Chung had ample opportunity to provide deposition dates that would not interfere with his new job.

IPP Choi states that she cannot appear for her deposition due to a heavy work load. [Docket No. 310.]

1 (denying deponent's request to order that his deposition be scheduled on a Friday due to his school

2 schedule); *Music Grp. Macao Commer. Offshore Ltd. v. Foote*, 2015 U.S. Dist. LEXIS 105465, at

3 *8 (N.D. Cal. Aug. 11, 2015) (denying deponent's request to order deposition by video conference

4 to accommodate his busy schedule).

5   In addition to the work and childcare issues, IPP Heiferman and Beamer also allude to

6 medical issues, but their sparse declarations fail to provide any detail about the medical issues or

7 course of treatment to demonstrate the burden of appearing for deposition in San Francisco.  IPP

8 Heiferman states that she cares for her 19 year old daughter who has a medical condition, but fails

9 to provide any other information to inform the court about the asserted burden.  For example, she

10 fails to provide any information about her daughter's condition or its severity, or any special

11 medical treatment that IPP Heiferman provides to her.  [Docket No. 303.]  IPP Beamer's

12 declaration is similarly sparse.  She states that she has a medical condition for which she is

13 receiving ongoing treatment in Michigan, but her declaration is also devoid of basic details—such

14 as the condition or its severity or the frequency or predictability of her medical treatment.  [Docket

15 No. 305.]

16   The IPPs bear the burden of demonstrating undue burden or exceptional circumstances.

17 The meager record submitted by the IPPs does not persuade the court that their personal

18 circumstances hamper them in any significant way from traveling to appear for depositions in the

19 forum in which they chose to file this class action.

20   The IPPs argue that the depositions should be taken by video conference to save expense.

21 Their four cases are distinguishable.  Unlike this case, in both *Guillen v. Bank of Am. Corp.*, Civ.

22 No. 10-05825 EJD, 2011 WL 3939690, (N.D. Cal. Aug. 31, 2011) and *In re Willingham*, No.

23 3:11-AP-00269-JAF, 2014 WL 3697556 (Bankr. M.D. Fla. July 18, 2014), the noticing party

24 wished to take the deposition by videoconference and the deponents opposed.  The IPPs' other

25 two cases, *Gee v. Suntrust Mortg., Inc.*, No. 10-CV-01509 RS NC, 2011 WL 5597124, (N.D. Cal.

26 Nov. 15, 2011) and *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 601 (D. Kan. 2012), are Fair

27 Labor Standards Act ("FLSA") putative class actions.  The *Shockey* court expressly discussed the

28 "remedial nature of the FLSA" in its analysis, and the *Gee* court noted the special provisions in

United States District Court
Northern District of California

1   FLSA collective actions. *Gee*, 2011 WL 5597124 at *2-3; *Shockey*, 280 F.R.D. at 601.  The IPPs

2   completely failed to address Defendants' argument with respect to these cases.   The IPPs are

3   named plaintiffs in this class action, which they filed in this district.  They seek to vindicate not

4   only their own injuries, but the injuries of the class members they wish to represent.  Defendants

5   are allowed to evaluate the credibility of the named plaintiffs through in-person depositions.

6   In sum, the IPPs have made little effort to meet their burden of establishing undue

7   hardship, or that exceptional or compelling circumstances justify their refusal to travel to their

8   chosen forum.  Defendants' motion to compel the IPPs to appear for deposition in San Francisco is

9   **granted**.

### 3.   Analysis:  Location of DPP's Depositions

10   Defendants move to compel DPPs Summit Import Corporation ("Summit") and Pacific

11   Groservice, Inc. ("PITCO") (collectively, "DPPs") to produce their Rule 30(b)(6) witnesses for

12   depositions in San Francisco.  [Docket No. 312.]  Summit is headquartered in New Jersey, and its

13   30(b)(6) designee is Whiting Wu.  PITCO is headquartered within this district in San Jose.

14   PITCO's 30(b)(6) designee is David Luttway.

15   The DPPs contend that corporate designees normally are deposed at the corporation's

16   principal place of business.  They argue that this rule should apply to Summit, but inexplicably,

17   not to PITCO.  Defendants, on the other hand, assert that the law permits the deposing party to

18   designate the location of a deposition, and that it is preferable to depose the 30(b)(6) witnesses in

19   the forum in which plaintiffs have chosen to bring the lawsuit.

20   While there is a general rule that the deposition of a corporate officer or employee should

21   usually take place at the corporation's principal place of business, courts in this district have noted

22   that this presumption primarily applies to defendants, because plaintiffs have the luxury of

23   choosing the forum. *Lexington Ins. Co.*, 1999 WL 33292943, at *9; *HTC Corp. v. Tech. Props.*,

24   2008 U.S. Dist. LEXIS 103948, at *5 (N.D. Cal. Dec. 16, 2008); *Music Grp. Macao Commer.*

25   *Offshore Ltd. v. Foote*, 2015 U.S. Dist. LEXIS 105465, at *4 (N.D. Cal. Aug. 11, 2015).  The

26   cases cited by the DPPs involve corporate representatives of *defendants*, rather than plaintiffs.

27   *See, e.g. Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003) (applying general

United States District Court
Northern District of California

United States District Court
Northern District of California

1    rule that deposition of corporate officer or employee take place at corporation's principal place of

2    business to corporate defendant); *Lehman v. Wal-Mart*, No. 7:09CV5007, 2009 WL 4800540, at

3    *1 (D. Neb. Dec. 8, 2009) (same); *Invensas Corp. v. Renesas Elecs. Corp.*, No. CA 11-448-GMS-

4    CJB, 2012 WL 2501106, at *3 (D. Del. June 27, 2012) (noting the general presumption that

5    deposition of corporation by its agents or officers ordinarily taken at the corporation's principal

6    place of business, but denying corporate defendant's request for an order requiring corporate

7    defendant's depositions to be conducted at its principal place of business in Japan); *Fausto*, 251

8    F.R.D. at 429 (noting the general rule, but denying corporate defendant's request for an order

9    requiring that its employees' depositions be taken at its principle place of business in Brazil).  The

10   DPPs chose to litigate in this forum and therefore should not be permitted to avail themselves of

11   the presumption that traveling to this district is an undue burden.

12          The DPPs argue that their designees should be deposed in New York.  To overcome the

13   presumption that they should appear for depositions in their chosen forum, Summit and PITCO have

14   the burden of proving that undue hardship or exceptional or compelling circumstances justify their

15   refusal to travel to their chosen forum.  *Mullins*, 2014 WL 4058484, at *1.  In the context of

16   corporate witnesses, the court generally considers factors including "the location of counsel for

17   both parties, the number of corporate representatives a party seeks to depose, whether the

18   deponent often travels for business purposes, the likelihood of significant discovery disputes

19   arising which would require resolution by the forum court, and the equities with respect to the

20   nature of the claims and the parties' relationship."  *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D.

21   625, 628-29 (C.D. Cal. 2005) (citations omitted).

22          The DPPs first contend that Defendants' law firms have offices in New York.  This

23   argument is unavailing.  All of Defendants' counsel actively working on this case are in California

24   or Asia.  As to the number of corporate representative deponents at issue, it appears that Summit

25   and PITCO will each produce only one Rule 30(b)(6) designee.  This weighs in favor of a forum-

26   based deposition, since these DPPs will not face repeated inconveniences by having to produce

27   multiple designees in San Francisco.

28          Summit offers the following support for its objection to producing Mr. Wu for deposition

7

United States District Court
Northern District of California

1    in San Francisco: 1) he is the sole manager of 80 employees; 2) he interacts with employees on a

2    daily basis; 3) no other executive could effectively take his place; and 4) it would be a

3    "significant" burden to Mr. Wu and his family for him to take three day to travel to California for

4    deposition.  Mr. Wu's general work responsibilities do not constitute an excuse for appearing for

5    his deposition in the district where he filed suit.  Even if Mr. Wu were deposed in New York,

6    someone would have to cover his work responsibilities during his deposition.[4]  A busy schedule

7    does not excuse a deponent from appearing for deposition.  *Music Grp. Macao Commer. Offshore*

8    *Ltd.*, 2015 U.S. Dist. LEXIS 105465, *7 (denying corporate deponent's request to take CEO's

9    deposition by videoconference due to his busy schedule).

10            PITCO is headquartered in this district and Mr. Luttey works out of PITCO's main office

11   five to six days per month, which argues in favor of a forum-based deposition.  Mr. Luttway's

12   view "that it would be less burdensome for him to have his deposition taken in Manhattan" does

13   not excuse him for appearing for his deposition in the district where PITCO filed suit and is

14   headquartered.  His conclusory statement is clearly insufficient to demonstrate hardship.  *Rulo II*,

15   2015 U.S. Dist. LEXIS 153432, at *5 (compelling deponent to appear for his deposition where his

16   only evidence of hardship was a conclusory statement that "it imposes a severe hardship on

17   Plaintiff to appear . . . in San Francisco").

18            Summit and PITCO have not demonstrated good cause for depositions via

19   videoconference, for the same reasons cited above.

20            Defendants' motion to compel DPPs Summit and PITCO's Rule 30(b)(6) designees to

21   appear for their depositions in San Francisco is **granted.**

22           **B.    Search Terms for IPP Custodians**

23            Defendants also move the court to compel the IPPs to use as search terms five other

24   common spellings or variations of the word "ramen": 라면 (ramen written in Korean), ramyon,

25   ramyun, udon, and noodle.

26

27

28   _____
     [4] The court notes that Defendants have offered to take Mr. Wu and Mr. Luttway's depositions on a
     weekend to minimize the interruption to their work schedules.

### 1.  Legal Standard

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  In applying this rule, the court considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*

### 2.  Analysis

At the December 17, 2015 hearing, the court ordered Defendants and the IPPs to meet and confer on the dispute they raised with the court regarding the IPP custodians' search terms.[5]  The court advised the IPPs that Defendants' discovery requests were relevant, and that an ESI search would not likely cause an undue burden, because "something like running the word 'ramen' on their client's email" would involve a simple search.  December 17, 2015 Hearing Transcript [Docket No. 255] 9:2-7.  The court also reminded the IPP's counsel that they bear responsibility for supervising their clients to make sure that the searches are performed correctly and that the results and any production are reported to opposing counsel.  *Id.* at 9:2-19.

The IPPs have put forth no evidence that the requested discovery is disproportionate or unduly burdensome; they merely state that "many Plaintiffs have now searched their computers for 'ramen,'" and the search would be "pointless and time-wasting."  The IPPs fail to show that performing these simple searches is disproportionate or unduly burdensome.

The court **grants** Defendants' motion to compel the IPPs to search for ESI using the terms 라면 (ramen written in Korean), ramen, ramyon, ramyun, udon, and noodle.  The IPP's counsel remain responsible for supervising the IPP's search for ESI using the search terms.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to compel IPPs Fenerjian, Beamer, Martin, Halloran, Noble, Heiferman, Choi and Chung to appear for their depositions in San Francisco is

---

[5] The IPP's custodians are the IPPs themselves.

9

1    **granted.**  Defendants' motion to compel Summit and PITCO's Rule 30(b)(6) designees to appear

2    for their depositions in San Francisco is **granted.**  Defendants' motion to compel IPPs to search

3    for ESI using the terms 라면 (ramen written in Korean), ramen, ramyon, ramyun, udon, and

4    noodle is **granted**.

6         **IT IS SO ORDERED.**

7    Dated: March 15, 2016

8                                                              Donna M. Ryu
                                                        United States Magistrate Judge

*United States District Court*
*Northern District of California*