[DRAFT]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION, | Case No.13-CV-04115-WHO-DMR |
| THIS DOCUMENT RELATES TO: All Actions | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN TESTIMONY FROM A FORMER OTTOGI CO., LTD. EMPLOYEE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL AND COMMERCIAL MATTERS**

The United States District Court of the Northern District of California presents its compliments to the Appropriate Judicial Authority of the Republic of Korea and requests international judicial assistance to obtain evidence to be used in a civil litigation proceeding that is presently pending before this District Court. A trial date in this action has not yet been scheduled.

This Court requests the assistance described herein as necessary in the interests of justice. This request is made pursuant to, and in conformity with, Chapter 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which both the United States and the Republic of Korea are signatories, and Rule 28 of the United States Federal Rules of Civil Procedure. Specifically, the District Court requests assistance in obtaining testimony from _____, a former employee of Ottogi Co., Ltd. ("Ottogi Korea").

The District Court asserts that the evidence sought is directly relevant to the issues in dispute and is not sought for the purpose of obtaining pre-trial discovery of documents within the meaning of Article 23 of the Hague Convention. This Request fully complies with the Republic of Korea's reservations made under the Hague Convention.

1. **SENDER:**

   The Honorable Donna M. Ryu
   United States Magistrate Judge
   United States District Court
   Northern District of California
   Oakland Courthouse
   1301 Clay Street, Oakland CA 94612

010-8170-3115/1/AMERICAS

**2. CENTRAL AUTHORITY OF REQUESTED STATE:**

National Court Administration
Attn.: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 137-750
Republic of Korea

**3. PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

*Plaintiffs' United States Legal Representatives*

Christopher L. Lebsock
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel:  (415) 633-1908
Email:  clebsock@hausfeld.com

*Plaintiffs' South Korean Legal Representative*

KweonsikSeo
DR & AJU LLC
7/11/12/13/15 F., Donghoon Tower, 317 Teheran-ro
Gangnam-gu, Seoul 135-513, the Republic of Korea
Tel:  +82-2-563-2900
Email:  ksseo@draju.com

*Defendants' Legal Representatives*

Joel S. Sanders
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8268

Minae Yu
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7910
Email: myu@gibsondunn.com

*On behalf of:*

The Honorable Donna M. Ryu
United States Magistrate Judge
United States District Court
Northern District of California
Oakland Courthouse
1301 Clay Street, Oakland CA 94612

**4. DATE BY WHICH REQUESTING AUTHORITY REQUIRES RECEIPT OF RESPONSE TO LETTER OF REQUEST:**

Date: April 22, 2016

Reason for urgency: In order to complete depositions in a timely manner as non-expert discovery ends on April 29, 2016.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

**5.  a.  REQUESTING JUDICIAL AUTHORITY (Article 3, a):**

The Honorable Donna M. Ryu
United States Magistrate Judge
United States District Court
Northern District of California
Oakland Courthouse
1301 Clay Street, Oakland CA 94612

**b.  TO THE COMPETENT AUTHORITY OF (Article 3, a):**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 137-750
Republic of Korea

**c.  NAME OF THE CASE AND IDENTIFYING NUMBER:**

*In Re Korean Ramen Antitrust Litigation*
Case No. 13-CV-4115-WHO-DMR

**6.  NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3,b):**

   a.  *Plaintiffs*

| Direct Purchaser Class Plaintiffs | Plaintiffs' U.S. Legal Representatives |
|---|---|
| The Plaza Market<br>Pacific Groservice, Inc. d/b/a/ Pitco Foods<br>Summit Import Corporation<br>Rockman Company U.S.A. Inc. | Christopher L. Lebsock<br>Bonny Sweeney<br>Stephanie Cho<br>HAUSFELD LLP<br>600 Montgomery Street, Suite 3200 |

|  | San Francisco, CA 94104 |
|---|---|
|  | Lee Albert<br>Greg Linkh<br>GLANCY PRONGAY & MURRAY LLP<br>122 East 42nd Street, Suite 2920<br>New York, NY 10168<br>Tel: (212) 682-5340<br>Fax: (212) 884-0988<br><br>YoungKi Rhee<br>WE THE PEOPLE LAW GROUP<br>15F The Salvation Army Bldg., 476<br>Chungjeongro 3-Ka<br>Seodaemun-Ku, Seoul 120-837, Korea<br><br>Seok Young Shin<br>DR & AJU Law Firm<br>7/11/12/13F, Donghoon Tower<br>702-19, Yeoksam-dong,<br>Gangnam-gu, Seoul<br>135-513 Korea |

| **Indirect Purchaser Class Plaintiffs** | **Plaintiffs' U.S. Legal Representatives** |
|---|---|
| Stephen Fenerjian<br>Joyce Beamer<br>Kendal Martin<br>Nicho1as Halloran<br>Anthony An<br>Eleanor Pelobello<br>Jill Bonnington<br>Kenny Kang<br>Christina Nguyen<br>Thu-Thuy Nguyen | Alan R. Plutzik<br>Daniel E. Birkhaeuser<br>BRAMSON, PLUTZIK, MAHLER<br>& BIRKHAEUSER LLP<br>2125 Oak Grove Road<br>Walnut Creek, CA 94598<br><br>Robert A. Izard<br>Mark P. Kindall<br>Nicole A. Veno<br>IZARD NOBEL LLP<br>29 South Main Street, Suite 305<br>West Hartford, CT 06107 |

b. *Defendants*

| **Defendants** | **Defendants' U.S. Legal Representatives** |
|---|---|
| Nongshim Co., Ltd.<br>Nongshim America, Inc. | Mark C. Dosker<br>Anne Choi Goodwin<br>Kate E. Kim<br>SQUIRE PATTON BOGGS (US) LLP |

3

| | 275 Battery Street, Suite 2600<br>San Francisco, California 94111 |
|---|---|
| Ottogi Corporation, Ltd.<br>Ottogi America, Inc. | Joel S. Sanders<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105<br><br>Minae Yu<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197 |
| Samyang Foods Co. Ltd. | Elizabeth Mann<br>Michael D. Shapiro<br>Justin Dickerson<br>MAYER BROWN LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1503 |

**7. a.    NATURE OF THE PROCEEDINGS (Article 3, c):**

The evidence requested relates to an antitrust case that was commenced between July and September of 2013 when various direct and indirect purchasers of Defendants' Korean Ramen Noodles in the U.S. filed price-fixing lawsuits against the Defendants alleging that the Defendants conspired to raise the price of Korean Ramen Noodles. The Defendants in this case are Nongshim Co., Ltd., Ottogi Co. Ltd., and Samyang Foods Co. Ltd., (collectively, the "Korean Defendants"), alongside their U.S. subsidiaries which are Nongshim America, Inc. and Ottogi America Inc. respectively ("U.S. Defendants", collectively "Defendants"). The plaintiffs allege that the conspiracy began as early as December of 2000, and continued until at least February of 2010, in violation of the United States antitrust laws, including Section 1 of the Sherman Act of 1890 ("Sherman Act"), 15 U.S.C. §1, and Sections 4 and 16 of the Clayton Act of 1914 ("Clayton Act"), 15 U.S.C. §§15, 26.

In 2014, the various class actions were consolidated and plaintiffs filed two consolidated complaints: a direct purchaser consolidated complaint and an indirect purchaser consolidated complaint. The direct purchaser plaintiffs ("DPPs") are comprised of distributors and retailers of Korean Ramen Noodles purchased in the U.S. The indirect purchaser plaintiffs ("IPPs") are individuals who made purchases of Korean Ramen Noodles at retail locations in their respective states.

These actions are now pending before the U.S. District Court for the Northern District of California with the case caption *In Re Korean Ramen Antitrust Litigation*, No. 13-cv-4115-WHO-DMR (N.D. Cal.).

### b. SUMMARY OF PLAINTIFFS' CASE:

On March 24, 2014, Plaintiffs filed an amended Complaint, alleging that the Korean Defendants had colluded to increase prices of Korean Ramen Noodles and keep such prices inflated for approximately 10 years. Plaintiffs allege that collusion manifested itself in at least two formal in-person meetings between the Korean Defendants (in 2001 and 2008) and email communications.

The Defendants also sold their Korean Ramen Noodles in the United States. Plaintiffs allege that the Defendants' conspiracy affected the price of Korean Ramen Noodles sold in the United States in violation of U.S. antitrust laws and that they concealed the existence of the conspiracy. Plaintiffs allege that, as a result of the unlawful conspiracy, Plaintiffs and other purchasers of Korean Ramen Noodles in the United States paid artificially high prices for Defendants' Korean Ramen Noodles and thereby suffered injury and monetary damages.

### c. SUMMARY OF DEFENSE:

Defendants deny Plaintiffs' substantive allegations of wrongdoing. Defendants assert that they never agreed to fix or increase prices of Korean Ramen Noodles as alleged by Plaintiffs, that Plaintiffs were not injured or damaged, and that Defendants' activities were lawful at all times. Defendants also deny that they concealed any wrongdoing and assert various affirmative defenses.

### 8. EVIDENCE TO BE OBTAINED (Article 3,d):

Mr. _____,'s knowledge as to whether there was any price fixing in the Korean Ramen industry, including his knowledge of and participation in communications and meetings between the Defendants concerning the pricing of Korean Ramen Noodles. Mr. _____'s knowledge of any efforts to conceal the existence of communications or meetings between Defendants concerning the pricing of Korean Ramen Noodles. Mr. _____'s knowledge as to whether there was any price fixing of Ramen Noodles sold in the United States and whether any price fixing in the Korean Ramen industry affected the price of Ramen Noodles sold in the United States.

### b. PURPOSE OF THE EVIDENCE SOUGHT

The Plaintiffs contend that the former Ottogi Korea employee listed above in Section 8.a was an active participant in the alleged price fixing conspiracy. This suggests to the Plaintiffs that the former Ottogi Korea employee can provide important evidence of the purported price-fixing conspiracy alleged and that their testimony will be important evidence for submission at trial and other proceedings in the litigation.

The Defendants contend that the former Ottogi Korea employee can confirm that he has no knowledge or evidence of a conspiracy by the Defendants concerning the prices of Ramen Noodles sold in the United States.

5

This Request fully complies with the Republic of Korea's reservations under the Hague Convention.

**9. IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED (Article 3, e):**

|  |  |
|---|---|
|  |  |

**10. QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (Article 3, f):**

The subject matter to be examined includes:

Mr. _____'s knowledge as to whether there was any price fixing in the Korean Ramen industry, including his knowledge of and participation in communications and meetings between the Defendants concerning the pricing of Korean Ramen Noodles. Mr. _____'s knowledge of any efforts to conceal the existence of communications or meetings between Defendants concerning the pricing of Korean Ramen Noodles. Mr. _____'s knowledge as to whether there was any price fixing of Ramen Noodles sold in the United States and whether any price fixing in the Korean Ramen industry affected the price of Ramen Noodles sold in the United States.

**11. ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FORM TO BE USED (Article 3, h):**

The District Court requests that, in executing the Letter of Request, the testimony of the witness be given under oath, under penalty of perjury: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event the laws of the Republic of Korea do not permit the swearing of an oath by a particular witness, the witness should be instructed of the consequences for giving untruthful and false answers under the laws of the Republic of Korea.

**12. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Articles 3, I & 9):**

The District Court requests, pursuant to Chapter 1, Article 9 of the Hague Convention, that the following special procedures be observed:

A. That only the appropriate court and its personnel, the parties' representatives or their designees, interpreters, a videographer and a U.S. verbatim court reporter be permitted to attend and participate in the hearing at which the witness will be examined;

B. That Plaintiffs' legal representatives or their designees first be permitted to examine the witness on the subjects set forth above and that Defendants' legal representatives or their designees thereafter be permitted to cross-examine the witness on the matters elicited during his direct testimony;

C. That in addition to any official transcript that may be made by a Korean court, a U.S. court reporter be permitted to make a verbatim record of the witness' examination, at Plaintiffs' expense;

D. That the parties' representatives or their designees be permitted to object orally to any questions posed by an opposing party's representative or designee, thereby preserving their objections to be ruled upon at a later time by the U.S. District Court;

E. That a videographer be permitted to attend the hearing and make a video recording of the witness while he testifies;

F. That a total of seven hours of examination time over the span of one day be allotted to permit questions on the specified subject matter areas listed herein at item 10 to be answered by the witness; and

G. That, during his oral examination, the witness may be shown documents.

## CONFIDENTIALITY

The District Court additionally requests that the confidentiality of any evidence produced as a result of this Request be maintained pursuant to the laws of the Republic of Korea as well as pursuant to the Protective Order issued by the District Court in the U.S. case. A copy of the Protective Order operative in the U.S. case is attached hereto as Schedule A.

Pursuant to the Protective Order, the District Court respectfully requests that any testimony provided by the witness or documents shown to the witness, to the extent subject to the protective order, be treated confidentially in accordance with that order.

**13.  REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE LETTER OF REQUEST (Article 7):**

It is respectfully requested that testimony be taken at such place, date or time as agreed to by the respective representatives of the parties.

In conformity with Article 7 of the Hague Evidence Convention, the District Court requests that the Plaintiffs' Korean Legal Representative, KweonsikSeo, and the District Court's designees in the United States, Christopher Lebsock and Mark C. Dosker and Kate E. Kim, act as liaison between the Director of International Affairs of the Republic of Korea and the parties to ensure that they are timely advised of the Director's decisions with respect to the aforementioned Article 9 requests and to ensure that all participants are advised of the date and location of deposition for the execution of the Request. Plaintiffs' counsel, or Plaintiffs' Korean Legal Representative, will arrange for court

reporters, videographers and interpreters as permitted by the Director of International Affairs. Plaintiffs' U.S. counsel designee, Christopher Lebsock, and Defendants' counsel designees, Mark C. Dosker and Kate E. Kim, may also communicate with the Korean judicial authorities as needed for clarification with respect to any aspect of the content of this Request. Contact details for these designees are listed below:

    **a.**    *Plaintiffs' Korean Legal Representative*

        KweonsikSeo
        DR & AJU LLC
        7/11/12/13/15 F., Donghoon Tower, 317 Teheran-ro
        Gangnam-gu, Seoul 135-513, the Republic of Korea
        Tel: +82-2-563-2900
        Email: ksseo@draju.com

    **b.**    *Plaintiffs' Counsel U.S. Designee*

        Christopher L. Lebsock
        HAUSFELD LLP
        600 Montgomery St., Suite 3200
        San Francisco, CA 94111
        Tel: (415) 633-1908
        Email: clebsock@hausfeld.com

    **c.**    *Defendants' Counsel Designees*

        Joel S. Sanders
        GIBSON, DUNN & CRUTCHER LLP
        555 Mission Street, Suite 3000
        San Francisco, California 94105
        Tel: (415) 393-8268

        Minae Yu
        GIBSON, DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        Tel: (213) 229-7910
        Email: myu@gibsondunn.com

**14.   REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

None.

**15.   SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAWS OF THE STATE OF ORIGIN:**

A witness may refuse to answer any question propounded pursuant to Section 13 of the Hague Convention and the subject matters listed in item 10, above, if such answer would disclose a confidential communication between the witness and his attorney.

**16.   FEES AND COSTS (Article 14, 26):**

It is requested that, once the Letter of Request is executed, the Director of International Affairs submit a note of fees and costs that are reimbursable under the second paragraph of Article 14 or Article 26 of the Hague Convention to this Court and to Plaintiffs' Counsel Designee, Christopher Lebsock:

> Chambers of the Honorable Donna M. Ryu
> United States Magistrate Judge
> United States District Court
> Northern District of California
> Oakland Courthouse
> 1301 Clay Street, Oakland CA 94612
> United States of America
>
> Christopher L. Lebsock
> HAUSFELD LLP
> 600 Montgomery St., Suite 3200
> San Francisco, CA 94111
> Tel: (415) 633-1908
> Email: clebsock@hausfeld.com

The District Court will assure that Plaintiffs' representatives and Defendants' representatives timely reimburse the Director of International Affairs in full for all costs incurred in the taking of the evidence sought.

This District Court expresses its gratitude and assures the appropriate judicial authorities of the Republic of Korea that it stands ready and willing to render similar assistance to the Korean courts when requested. The District Court takes this opportunity to extend to the courts of the Republic of Korea its highest consideration.

Dated: __April 6__, 2016            _____
                                     By Honorable Donna M. Ryu
                                     U.S. Magistrate Judge
                                     United States District Court
                                     Northern District of California
                                     1301 Clay Street, Oakland CA 94612
                                     U.S.A.

(Seal of Court)

Attachments:

Schedule A: Stipulated Amended Confidentiality Protective Order, dated May 8, 2015