Christopher L. Lebsock (SBN 184546)
Stephanie Y. Cho (SBN 291903)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
Email: clebsock@hausfeld.com
       scho@hausfeld.com

Lee Albert (*pro hac vice*)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com
lalbert@glancylaw.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION<br><br>-------------------------------------------------------<br><br>THIS DOCUMENT RELATES TO:<br><br>DIRECT PURCHASER ACTION | Civil Action No. C-13-04115-WHO-DMR<br><br>**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: August 17, 2016<br>Time: 2 p.m.<br>Judge: Honorable William H. Orrick |

**Table of Contents**

NOTICE OF MOTION AND MOTION .......................................................... **1**

MEMORANDUM OF POINTS AND AUTHORITIES ................................... **1**

SUMMARY OF ARGUMENT .................................................................... **1**

ARGUMENT ......................................................................................... **2**

   I.   FACTUAL AND LEGAL BACKGROUND ........................................ 2

   II.  THE SETTLEMENT AGREEMENT ............................................. 4

   III.   THE COURT SHOULD GRANT APPROVAL OF THE SETTLEMENT ................... 4

     A.  The Court-Approved Notice Program Meets

     Applicable Standards and Has Been Fully Implemented ..................... 5

     B.  The Settlement Is "Fair, Reasonable and Adequate"

     and Should Be Granted Final Approval. .......................................... 6

   IV.   NO CLASS MEMBERS OBJECTED TO OR

   SOUGHT EXCLUSION FROM THE SETTLEMENT ............................ 12

   V.  PLAINTIFFS REQUEST FOR PARTIAL REIMBURSEMENT OF

   EXPENSES IS REASONABLE AND SHOULD BE APPROVED ................... 13

CONCLUSION ..................................................................................... **14**

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

i

1

## Table of Authorities

2

3

**Cases**

4

*Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242 (7th Cir. 1992)........................................ 8

5

*Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)............................ 7, 9

6

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................................ 7

7

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1988) .................................... 7

8

9

*In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000),
*aff'd sub nom., D'Amato v. Deutsche Bank*, 236 F.3d 8 (2d Cir. 2001) .................... 10

10

*In re Bluetooth Headsets Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir Aug. 19, 2011)................... 12

11

*In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327 (N.D. Cal. 1997) ................................ 13

12

*In re Corrugated Container Antitrust Litig.*, MDL No. 310,
1981 WL 2093 (S.D. Tex. June 4, 1981) ................................................................ 8

13

*In re Fleet/Norstar Sec. Litig.*, 935 F. Supp. 99 (D.R.I. 1996) ................................ 9

14

*In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631 (E.D. Pa. 2003)........................... 8

15

16

*In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379 (D. Md. 1983) ........................ 8

17

*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998)..................... 9

18

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ................................ 1, 6

19

*In re Sumitomo Copper Litig.,* 189 F.R.D. 274 (S.D.N.Y. 1999) ................................ 9

20

*In re Transpacific Passenger Air Transportation Antitrust Litig.*,
3:07-CV-05634-CRB, (N.D. Cal. May 26, 2015)..................................................... 13

21

22

*In re Visa Check/Mastermoney Antitrust Litig.*,
297 F. Supp. 2d 503 (E.D.N.Y. 2003), *aff'd* 396 F.3d 96 (2d Cir. 2005)........................ 10

23

24

*Int'l Union v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ................................ 5

25

26

27

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF
SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF
EXPENSES; MEMORANDUM IN SUPPORT THEREOF; Case No. 13-CV-4115-WHO-DMR

28

*Lamb v. Bitech, Inc.,* No. 3:11-cv-05583-EDL-MED,
2013 WL 4013166 (N.D. Cal. Aug. 5, 2013) ......................................................... 3

*Larsen v. Trader Joe's Co.,* No. 11-cv-05188-WHO,
2014 WL 3404531 (N.D. Cal. July 11, 2014)............................................... 9, 11, 12

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,* 671 F. Supp. 819 (D. Mass. 1987) ............. 7

*Marisol A. ex rel. Forbes v. Giuliani,* 185 F.R.D. 152 (S.D.N.Y. 1999),
*aff'd sub nom., Joel A. v. Giuliani,* 218 F.3d 132 (2d Cir. 2000) ................................... 10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523 (C.D. Cal. 2004)............. 9, 11

*Newby v. Enron Corp.,* 394 F.3d 296 (5th Cir. 2004)........................................................ 13

*Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615 (9th Cir. 1982) ........................ 7

*Rieckborn v. Velti PLC,* NO. 13cv3889-WHO, 2015 WL 468329 (N.D. Cal. Feb. 3, 2015)....... 10

*Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) ....................................................... 6

*Utility Reform Project v. Bonneville Power Admin.,* 869 F.2d 437 (9th Cir. 1989)....................... 7

*Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976) ..................................... 7

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96 (2d Cir. 2005) ........................... 9

*Wilkerson v. Martin Marietta Corp.,* 171 F.R.D. 273 (D. Colo. 1997) ........................... 11
#

**Statutes**

Fed R. Civ. P. 23............................................................................................. passim
#

**Other Authorities**

4 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS, § 11:53, at 167............. 3, 4

MANUAL FOR COMPLEX LITIGATION SECOND, § 30.46 (1986) ..................................... 8

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2016, at 2 p.m., at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2, 17th Floor, before the Hon. William H. Orrick, the Direct Purchaser Plaintiffs (the "Plaintiffs") will, and hereby do, move the Court for an Order (1) approving the class action settlement ("Settlement") between Plaintiffs and Defendant Samyang Foods Co. Ltd. ("Samyang Korea"); and (2) approving partial reimbursement of expenses to Class Counsel.

This Motion is based on this Notice, the following Memorandum of Law in Support, the Declaration of Alan Vasquez ("Vasquez Decl.") In Support, the Declaration of Gregory Linkh in Support ("Linkh Decl."), the pleadings and papers on file in this case; and such other additional evidence and argument that may be presented to the Court at or prior to the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**SUMMARY OF ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 23(e) and the Court's Orders granting settlement class certification and preliminary approval of the proposed settlements [Dkt. No. 226], as well as the Court's Order approving Plaintiffs' Notice Program [Dkt. No. 328], Plaintiffs submit this memorandum in support of (1) final approval of the Settlement with Samyang Korea, and (2) partial reimbursement of expenses to offset costs already incurred in the prosecution of this litigation.

The Settlement is "fair, reasonable and adequate." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 945 (9th Cir. 2015). It provides a Settlement Fund of $1 million, as well as substantial cooperation from Samyang Korea related to the existence, scope and implementation

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

1

of the conspiracy Plaintiffs allege.[1]  The Settlement, therefore, provides considerable relief for the Settlement Class, whose members would otherwise face myriad hurdles to achieving a successful result in this litigation.

Despite a class consisting of at least hundreds of class members, and a thorough and constitutionally sound class notice program, there have been no objections (the deadline to file objections and exclusions is July 20, 2016).

## ARGUMENT

## I.  FACTUAL AND LEGAL BACKGROUND

Plaintiffs' Interim Co-Lead Counsel ("Class Counsel") and counsel for Samyang Korea engaged in extensive arm's length negotiations before reaching the Settlement. Class Counsel and counsel for Samyang Korea, all experienced and skilled attorneys, vigorously advocated their respective clients' positions. Linkh Decl. at ¶ 2. Initial negotiations commenced in June 2015 and continued throughout the summer of 2015. They were conducted via telephone conferences, in-person meetings with mediator Layn Phillips and his staff, and through written correspondence. *Id*. at ¶ 3. On November 10, 2015, this Court preliminarily approved the settlements, and appointed Class Counsel and Class Representatives. *Id*. at ¶ 4. [Dkt. No. 226] On March 23, 2016, this Court approved Plaintiffs' Notice Program. *Id*. at ¶ 5. [Dkt. No. 328]

The Notice Program sets forth a robust, multifaceted approach to deliver plain and easy-to-understand information regarding the settlement reached between Plaintiffs and Samyang. The Notice Program combined the provision of (1) a comprehensive long-form notice mailed to direct purchasers, (2) summary publication notice, (3) dedicated website, (4) internet search

---

[1] Pursuant to the Settlement Agreement, Plaintiffs received extensive cooperation with Samyang Korea, including (1) document discovery, (2) informal interviews with Samyang Korea's counsel who was involved in the Korean Fair Trade Commission's ("KFTC") investigation, and (3) formal depositions of Samyang employees, in which the employees corroborated the information that they previously provided to the KFTC.

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

2

advertising, (5) paid banner advertising; (6) social media outreach, (7) a press release, and (8) a toll-free phone line. Vasquez Decl. at ¶ 12-34. The combination of these methods provided notice in a manner that meets the requirements of Rule 23.

The proposed long-form notice included: (i) the case caption; (ii) a description of the classes;[2] (iii) a description of the settlement agreements, and what the settlement will provide for the classes; (iv) the names of settlement class counsel; (v) a description of the releases provided by the settlement classes; (vi) the Fairness Hearing date; (vii) information about the Fairness Hearing; (viii) information about the deadline for filing objections to the settlement agreements; (ix) a statement of the deadline for filing requests for exclusion from the settlement classes; (x) the consequences of exclusion from, or remaining in, the settlement classes; (xi) the proposal by Class Counsel to use 50% of the settlement (after notice and administration costs were subtracted) to reimburse a portion of the litigation costs; and (xii) a description of how to obtain further information about the proposed settlement agreements. *See id.*; *see also* 4 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS, § 11:53, at 167 (notice is "adequate if it may be understood by the average class member"); *Lamb v. Bitech, Inc.,* No. 3:11-cv-05583-EDL-MED, 2013 WL 4013166, at *4 (N.D. Cal. Aug. 5, 2013) (Settlement notice forms adequate where they were "reasonably calculated to adequately apprise class members" of their rights).

Plaintiffs have complied with the Court's Orders, including the issuance and dissemination of notice. See Vasquez Decl. at ¶¶ 8-34 (describing the extensive, multi-pronged notice program, as well as the form and content of notice). Class Counsel, using claims and notice administrator Gilardi & Co. LLC (the "Notice Administrator") mailed 1,596 notices

---

[2] The Notice included information about both the Direct Purchaser Class and the Indirect Purchaser Classes.

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

3

(many of these were sent to multiple addresses for the same corporate entity) *Id*. at ¶ 14. The Notice Administrator received 31 phone calls and received 170 requests by putative class members to be kept appraised of the litigation. *Id*. at ¶¶ 33-34. Despite the extensive and thorough notice program, no class member either opted out or objected. (The objection and opt-out deadline is July 20, 2016). *Id*. at ¶ 35.

## II.   THE SETTLEMENT AGREEMENT

The terms of the proposed settlement are described in detail in the Court's prior Order preliminarily approving the settlement, and are incorporated herein by reference. *See* Dkt. No. 226. In short, in exchange for $1 million and other valuable consideration in the form of extensive cooperation, the proposed Settlement resolves claims against Samyang Korea for its participation in an alleged conspiracy to fix the prices of Korean Ramen Noodles sold in the United States. The Settlement Agreement also specifically preserves class members' rights against the non-Settling Defendants.

## III.   THE COURT SHOULD GRANT APPROVAL OF THE SETTLEMENT

A class action may not be dismissed, compromised or settled without the approval of the Court. Fed. R. Civ. P. 23(e). The settlement approval procedure includes three steps: (1) certification of a settlement class and preliminary approval of the proposed settlement; (2) dissemination of notice to affected class members; and (3) a formal fairness hearing, or final approval hearing, at which class members may be heard regarding the settlement, and at which counsel may introduce evidence and present argument concerning the fairness, adequacy and reasonableness of the settlement. This procedure safeguards class members' due process rights and enables the Court to fulfill its role as the guardian of class interests. See 4 Albert Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS §§ 11.22, et seq. (4th ed. 2002).

The Court completed the first step when it granted preliminary approval of the

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

4

Settlement and certified the Settlement Class. The second step, class notice, has also been completed. Based upon the plan Plaintiffs presented at preliminary approval, supported by a declaration from class notice experts, the Court approved an extensive and thorough notice program. *See Int'l Union v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (abuse of discretion standard for determining reasonableness of notice program). The multi-part notice program was designed in conjunction with notice experts to provide the "best notice that [was] practicable under the circumstances." See Fed. R. Civ. P. 23(c)(2)(B). The program was a "thorough, multilayered approach" designed to reach Class Members "multiple times," through paid and earned media (including publication in newspapers and in internet banner ads in several languages), press releases, online media and the establishment of a toll-free number. Vasquez Decl. at ¶¶ 8-34.

### A.   The Court-Approved Notice Program Meets Applicable Standards and Has Been Fully Implemented

The Notice Program approved by this Court is commonly used in class actions like this one, provided valid, due, and sufficient notice to class members, and constitutes the best notice practicable under the circumstances. The content of the notice complied with the requirements of Rule 23(c)(2)(B). The notice provided a clear description of who is a member of the Class and the binding effects of Class membership. Vasquez Decl. at ¶ 10. The notice explained the provisions of the Settlement, how to opt out of the Settlement, how to object to the Settlement, how to obtain copies of papers filed in the case, and how to contact Class Counsel and the Notice Administrator with any further questions or requests. *Id.*

The notice also explained that the Settlement itself was filed publicly with the Court and is available online at www.ramenclassaction.com. As a result, every provision of the Settlement was available to each Class member. In addition, other settlement documents were available at the same website.

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

5

The Court has already issued an order approving the Notice Program. [Dkt. No. 328] The Court ordered the Notice Administrator to commence "mailing of long-form Notices (attached as Exhibits A and B) on or before April 11, 2016". The Notice Administrator did so. Vasquez Decl. at ¶ 8. The Court found that "[t]he Notice Program proposed by Plaintiffs is adequate and reasonable under the circumstances, and satisfies requirements imposed by Fed R. Civ. P. 23." [Dkt. No. 328] The Court directed some minor changes to the Notice which the parties made.

Class Members had a variety of methods by which to view relevant documents, contact the Notice Administrator or Class Counsel, opt out of the Settlement, or object to the Settlement. These methods included telephone, a case-specific website, social media and email. Vasquez Decl. at ¶¶ 12-34. These methods generated a significant response.  For instance, The Banner Advertisements received 25,494 clicks to the case website.  *Id*. at ¶ 23.  Display Network based ads generated 6,606,468 impressions with 7,501 clicks to the case website. *Id*. at ¶ 22.  The Notice Administrator also received 31 calls to its toll-free telephone number. *Id*. at ¶ 34.  All told, there were approximately 338,229 visitor hits to the case website that the administrator maintained.  *Id*. at ¶ 33.

### B. The Settlement Is "Fair, Reasonable and Adequate" and Should Be Granted Final Approval.

Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement is fundamentally "fair, reasonable and adequate." *In re Online DVD-Rental Antitrust Litig*., 779 F.3d at 944 (citation omitted). To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

6

1    extent of discovery completed, and the stage of the proceedings; the experience and views of

2    counsel; the presence of a governmental participant; and the reaction of the class members to

3    the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). That

4    standard is easily satisfied here.

5        The law favors compromises and settlements of class action suits. *See, e.g., Churchill

6    Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*,

7    955 F.2d 1268, 1276 (9th Cir. 1992). "[T]he decision to approve or reject a settlement is

8    committed to the sound discretion of the trial judge because he is 'exposed to the litigants and

9    their strategies, positions and proof.'" *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir.

10   1988) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982)).

11   "Where, as here, a proposed Settlement has been reached after meaningful discovery, after

12   arm's length negotiation, conducted by capable counsel, it is presumptively fair." *M. Berenson

13   Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987).

14       It is well established in the Ninth Circuit that "voluntary conciliation and settlement are

15   the preferred means of dispute resolution." *Officers for Justice*, 688 F.2d at 625. "[T]here is an

16   overriding public interest in settling and quieting litigation" and this is "particularly true in class

17   action suits. . . ." *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976); *see also

18   Utility Reform Project v. Bonneville Power Admin.,* 869 F.2d 437, 443 (9th Cir. 1989). In

19   evaluating a proposed class action settlement, the Ninth Circuit has recognized that:

20           [T]he universally applied standard is whether the settlement is fundamentally fair,
             adequate and reasonable. The district court's ultimate determination will
21           necessarily involve a balancing of several factors which may include, among
             others, some or all of the following: the strength of plaintiffs' case; the risk,
22           expense, complexity, and likely duration of further litigation; the risk of
             maintaining class action status throughout the trial; the amount offered in
23           settlement; the extent of discovery completed, and the stage of the proceedings;
             the experience and views of counsel; the presence of a governmental participant;
24           and the reaction of the class members to the proposed settlement.

25

26   DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF
     SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF
27   EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

28                                                      7

*Officers for Justice*, 688 F.2d at 625 (citations omitted).

### 1.    The Settlement Provides Considerable Relief For The Class.

The settlement provides money and substantial cooperation that enabled Plaintiffs to narrow and target the litigation on the non-Settling Defendants.  This is a valuable benefit because it has saved time, reduced costs and provided access to information, witnesses and documents regarding the conspiracy that might otherwise not be available to Plaintiffs. *See In re Mid-Atlantic Toyota Antitrust Litig*., 564 F. Supp. 1379, 1386 (D. Md. 1983) (finding such agreements "an appropriate factor for a court to consider in approving a settlement"). "The provision of such assistance is a substantial benefit to the classes and strongly militates toward approval of the Settlement Agreement." *In re Linerboard Antitrust Litig*., 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003). In addition, "[i]n complex litigation with a plaintiff class, 'partial settlements often play a vital role in resolving class actions.'" *Agretti v. ANR Freight Sys., Inc*., 982 F.2d 242, 247 (7th Cir. 1992) (quoting MANUAL FOR COMPLEX LITIGATION SECOND, § 30.46 (1986)).

As a result of the Settlement, Plaintiffs were able to receive not only $1 million, but also received cooperation from Samyang Korea, including (1) significant document discovery, (2) informal interviews with Samyang Korea's counsel who was involved in the KFTC investigation, and (3) formal depositions of Samyang employees, in which the employees corroborated the information that they previously provided to the KFTC. Linkh Decl. at ¶ 6. This voluntary cooperation by Samyang Korea made it easier to obtain valuable information concerning the conspiracy as to the other defendants. This discovery also confirmed that the Settlement with Samyang Korea is reasonable and fair. *Id*. at 7.

Further, the settlement preserves Plaintiffs' right to litigate against the non-settling Defendants for the full amount of Plaintiffs' damages based on joint and several liability,

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

8

1   another substantial benefit to the Settlement Class. *See In re Corrugated Container Antitrust*
2   *Litig.*, MDL No. 310, 1981 WL 2093, at *17 (S.D. Tex. June 4, 1981).

3   **2.      The Class Members' Positive Reaction Favors Final Approval.**

4   In determining the fairness and adequacy of a proposed settlement, the Court also should
5   consider "the reaction of the class members to the proposed settlement." *Churchill Village*, 361
6   F.3d at 575; *Hanlon*, 150 F.3d at 1026. "It is established that the absence of a large number of
7   objections to a proposed class action settlement raises a strong presumption that the terms of a
8   proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms.*
9   *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (collecting cases); *see also In re*
10  *Fleet/Norstar Sec. Litig.*, 935 F. Supp. 99, 107 (D.R.I. 1996). Following notice through which
11  class members were presented with the material financial terms of the proposed settlement, no
12  class member has either, thus far, objected to the settlement or chosen to opt-out.

13  **3.      The Settlement Eliminates Significant Risk to the Class.**

14  While Plaintiffs believe their case is strong, the Settlement eliminates significant risks if
15  the action were to proceed. Plaintiffs bear the burden of establishing liability, impact and
16  damages. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005)
17  ("'Indeed, the history of antitrust litigation is replete with cases in which antitrust plaintiffs
18  succeeded at trial on liability, but recovered no damages, or only negligible damages, at trial, or
19  on appeal.'") (*quoting In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 475
20  (S.D.N.Y. 1998)); *In re Sumitomo Copper Litig.,* 189 F.R.D. 274, 282-283 (S.D.N.Y. 1999).
21  The Settlement is in the best interest of the Settlement Class. It eliminates the risks of continued
22  litigation, while at the same time creating the conditions that allowed for expedited discovery in
23  a foreign language.

24  First, continued litigation against Samyang also would involve significant additional

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

9

expenses and protracted legal battles, which are avoided through the Settlement. *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) ("Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as conserve judicial resources . . . . Accordingly, the high risk, expense, and complex nature of the case weigh in favor of approving the settlement.") (cited authority omitted); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 510 (E.D.N.Y. 2003), *aff'd* 396 F.3d 96 (2d Cir. 2005) ("The potential for this complex litigation to result in enormous expense, and to continue for a long time, was great."); *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom., D'Amato v. Deutsche Bank*, 236 F.3d 8 (2d Cir. 2001) ("Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them."); *Marisol A. ex rel. Forbes v. Giuliani*, 185 F.R.D. 152, 163 (S.D.N.Y. 1999), *aff'd sub nom., Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000) (noting that trial would last at least five months and require testimony from numerous witnesses and experts).

Second, unlike the remaining defendants Ottogi and Nongshim, there is no domestic Samyang entity located in the United States. Accordingly, even if Plaintiffs obtained a judgment against Samyang Korea, enforcement of that judgment could take several years and it is possible that a Korean Court would refuse to enforce the judgment.

Third, during the past two decades, Samyang Korea has had financial difficulties. Linkh Decl. at ¶ 8.  If the litigation were to continue against Samyang Korea, it is possible that Samyang Korea could seek bankruptcy, which would make it difficult if not impossible to continue litigation against Samyang Korea. As this Court has noted previously, financial difficulties of a settling defendant can "highlight[] the reasonableness of the settlement amount." *Rieckborn v. Velti PLC,* NO. 13cv3889-WHO, 2015 WL 468329, at *6 (N.D. Cal.

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

10

Feb. 3, 2015).

Fourth, during the Class Period, Samyang product sales accounted for less than $28 million. By contrast the Nongshim entities accounted for $380 million in United States sales during the Class Period. Linkh Decl. at ¶ 9.

>    **4.**    **The Settlement Is the Product of Arm's Length Negotiations Between the Parties and the Recommendation of Experienced Counsel Favors Approval.**

This class action has been vigorously litigated. Throughout fact discovery, Class Counsel has analyzed hundreds of thousands of pages of documents produced by Samyang Korea and the non-settling Defendants (many of which had to be translated from Korean to English), and have obtained cooperation from Samyang Korea that has already yielded significant results. They have also conducted an independent investigation of the facts and analyzed Defendants' sales and pricing data and conducted almost 60 depositions in both Korea and the United States. See Linkh Decl. at ¶ 7. The negotiations leading to the Settlement were vigorous, informed and thorough; occurred over a span of many months, and involved multiple conversations after the review of industry materials, documents Samyang Korea and others produced, and transactional data. *Id*. This document and deposition discovery upon Samyang Korea and the other defendants has confirmed that the settlement with Samyang Korea was reasonable.

There is thus little doubt that this settlement was contested and conducted in the utmost good faith. Counsel's judgment that the settlements are fair and reasonable is also entitled to "great weight." *See Nat'l Rural Telcomms. Coop*., 221 F.R.D. at 528; *accord Wilkerson v. Martin Marietta Corp.,* 171 F.R.D. 273, 288–89 (D. Colo. 1997). As this Court has noted previously, the experience of counsel, especially counsel that has had experience in substantively similar litigations, "should be given considerable weight both because of

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

11

counsel's familiarity with this litigation and previous experience with cases." *Larsen v. Trader Joe's Co*., No. 11-cv-5188, 2014 WL 3404531, at *8 (N.D. Cal. Jul. 11, 2014).

While Plaintiffs believe they have meritorious claims, Samyang Korea asserts that it has strong defenses that would serve to eliminate its liability and/or damage exposure to the Settlement Class. The parties entered into the Settlement to eliminate the burden, expense and risks of further litigation. For all of these reasons, the cash settlement in conjunction with cooperation represents an excellent recovery and is "fair, reasonable and adequate" to the Settlement Class.

Furthermore, the Settlement is not the product of any collusion. As this Court has previously noted, settlements that are reached prior to class certification must be examined with a higher level of scrutiny. *Larsen v. Trader Joe's Co*., No. 11-cv-5188, 2014 WL 3404531, at *8 (N.D. Cal. Jul. 11, 2014) (*citing In re Bluetooth Headsets Prod. Liab. Litig*., 654 F.3d 935, 946 (9th Cir Aug. 19, 2011)). The following factors, none of which exist here, may be signs of collusion:

> (1) a disproportionate distribution of the settlement to counsel; (2) negotiation of a "clear sailing provision" where under which defendants agree not to oppose an attorneys' fee award up to a certain amount; and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

*Trader Joe's*, 2014 WL 3404531, at *8 (*citing Bluetooth*, 654 F.3d at 947). Here, given that no fees are being distributed to counsel at this time, none of these factors is applicable.

## IV. NO CLASS MEMBERS OBJECTED TO OR SOUGHT EXCLUSION FROM THE SETTLEMENT

As indicated above, while Plaintiffs implemented an effective notice program to class members, to date no class member has either objected to or sought exclusion from the settlement. See Linkh Decl. at ¶ 12.

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; Case No. 13-CV-4115-WHO-DMR

12

1

2

**V.    PLAINTIFFS REQUEST FOR PARTIAL REIMBURSEMENT OF
EXPENSES IS REASONABLE AND SHOULD BE APPROVED**

3

4

5

6

7

8

In the Notice, Plaintiffs provided that "they intend to ask the Court to permit them to use up to 50% of the Settlement Fund remaining after the payment of notice and administration costs to reimburse past and future expenses incurred in prosecuting the lawsuit against the Non-Settling Defendants." See Linkh Decl. at ¶ 11. This amount, which amounts to $433,413[3] will help offset expenses already incurred by Plaintiffs paying expert fees, fees incurred to maintain a database to house and review documents produced, translation fees, and travel expenses, and deposition costs incurred in the prosecution of this litigation. *Id.*

9

10

11

12

13

14

15

16

17

18

19

Similar litigation funds have been approved in other class actions. See, e.g., *In re Transpacific Passenger Air Transportation Antitrust Litig.*, 3:07-CV-05634-CRB, (N.D. Cal. May 26, 2015) [Dkt. No. 1009] (Judge Breyer approved a settlement that included a litigation fund); *Newby v. Enron Corp.*, 394 F.3d 296, 303 (5th Cir. 2004) (affirming approval of Settlement with $15 million of settlement proceeds going to a litigation expense fund); *In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997) (approving a $1.5 million litigation fund "[b]ecause the remainder of the case appears to have potential value for the class"). Here, the funds will be used to help offset the unusually high costs of litigating this case involving foreign defendants whose depositions are being taken overseas and the cost of reviewing and translating substantial numbers of Korean language documents. See Linkh Decl. at ¶ 11.

20

21

22

23

24

25

---

[3] The amount of $433,413 is calculated by subtracting the administration fees, which totaled $133,174 for the direct purchaser plaintiffs, from the $1 million settlement, and then taking 50% of the remainder.

26

27

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

28

## CONCLUSION

For the reasons set forth herein, the Court should grant Plaintiffs' motion for (1) final approval of the Settlement with Samyang Korea, and (2) partial reimbursement of expenses to offset costs already incurred in the prosecution of this litigation.

Dated: July 6, 2016                    Respectfully submitted,


By:      */s/ Lee Albert*
Lee Albert (*pro hac vice*)
Gregory B. Linkh (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com
        lalbert@glancylaw.com


*/s/ Christopher L. Lebsock*
Christopher L. Lebsock (SBN 184546)
Stephanie Y. Cho (SBN 291903)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
Email: clebsock@hausfeld.com
        scho@hausfeld.com


*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

14

1

## CERTIFICATE OF SERVICE

2
I, Gregory Linkh, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am an attorney for Plaintiffs' Counsel in the Action, and am admitted pro hac vice in the action.

3

4
On July 6, 2016, I caused the foregoing document to be filed with the Clerk of the Court of the United States District Court for the Northern District of California, using the official Court Electronic Document Filing System which served copies on

5
all interested parties registered for electronic filing.

6
I declare under penalty of perjury that the foregoing is true and correct.

7
/s/ Gregory Linkh
Gregory Linkh

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF SETTLEMENT WITH DEFENDANTS SAMYANG FOODS CO. LTD., AND (2) REIMBURSEMENT OF

27
EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. 13-CV-4115-WHO-DMR

28
15