UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FENERJIAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NONG SHIM COMPANY, LTD, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-04115-WHO   (DMR)<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 384 |

On July 22, 2016, the Direct Purchaser Plaintiffs ("DPPs") filed a motion to file under seal information from two documents accompanying their Notice of Receipt of Documents from Korean Judicial Authorities Permitting the Examination of Two Former Samyang Korea Employees Pursuant to Submitted Letters Rogatory.  Mot. to File Under Seal [Docket No. 384]. Specifically, the DPPs move to seal information in the Notice of Hearing issued by the Anyang Branch of the Suwon District Court and the Notice issued by the Seoul Southern District Court.

On July 26, 2016, Defendant Samyang Foods Co., Ltd.'s counsel filed a declaration supporting the sealing of the information to protect the identity of witnesses and certain information on the basis that Samyang Korea is a direct competitor in Korea with the other Defendants in the ramen market and that some of the information sought to be sealed involves Samyang's confidential business practices.  Mann Declaration [Docket No. 385].   Samyang also declares that it was the leniency applicant before the Korean Fair Trade Commission ("KFTC"), but fails to tie the designated information to be sealed to any information provided to the KFTC in confidence as part of Samyang's leniency application.  The Mann declaration merely states that "Samyang was the leniency applicant before the Korean Fair Trade Commission when it investigated the question of whether Korean ramen manufacturers were engaged in a conspiracy in Korea to fix the prices of Korean ramen noodles.  The information in the Notices addresses the

1 Korean price fixing conspiracy in Korea.  Samyang maintains its urgent desire to have such
2 testimony/documents treated as confidential and thus filed under seal." Mann Decl. at ¶ 5.
3 Samyang's declaration does not clearly tie the information sought to be sealed to information
4 provided by Samyang in confidence to the KFTC or otherwise explain why the designated
5 material should be filed under seal.  Not all information related to the alleged Korean price-fixing
6 conspiracy in Korea is appropriate for sealing.  Samyang is reminded that if it wishes to have such
7 information filed under seal it must file a declaration as required by Civil Local Rule 79-
8 5(d)(1)(A) establishing that all of the designated material is sealable.  Civil L.R. 79-5(e)(1).

9 However, the court has reviewed the information sought to be sealed and finds that the identity of the witnesses and details in the questions appear related to material that the undersigned has previously reviewed regarding information provided to the KFTC in conjunction with its investigation of alleged price-fixing of Korean ramen noodles.  *See* Mann Declaration [Docket No. 243] (establishing basis for sealing names of former Samyang employees who gave sworn statements to the KFTC and information produced by Samyang related to its leniency application, and KFTC's agreement to Samyang producing the material in the present litigation on designation of all such material as "highly confidential"); Order Granting Motion to Seal [Docket No. 285] at 2 (finding good cause to grant motion to file under seal identities of witnesses and substance of their statements provided to KFTC).

The court finds that good cause exists for sealing the designated information and grants the DPPs' motion to file under seal [Docket No. 384].

**IT IS SO ORDERED.**

Dated: July 27, 2016

_____
Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

2