UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Korean Ramen Antitrust Litigation<br><br>THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | Case No. C-13-04115-WHO<br><br>**ORDER GRANTING FINAL APPROVAL TO SETTLEMENT AND FINAL JUDGMENT** |

Direct Purchaser Plaintiffs, on behalf of themselves and the Direct Settlement Class Members and Samyang Foods Co., Ltd. ("Samyang Korea") entered into a Settlement Agreement (the "Direct Settlement Agreement") to fully and finally resolve the Direct Settlement Class's claims against Samyang Korea and the other Released Parties. On November 10, 2015, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order"). On March 23, 2016, the Court entered an Order authorizing the Direct Purchaser Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Direct Settlement Class (the "Notice Order"). Notice was provided to the Direct Settlement Class pursuant to the Notice Order and the Court held a fairness hearing on August 17, 2016.

Having considered Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement with Defendant Samyang Foods Co., Ltd., oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Direct Settlement Agreement.

3. The Notice Order outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Direct Settlement Class with notice of the settlement, the fairness

hearing, and related matters.  The notice program included publication notice, internet search advertising, paid banner advertising, a press release, a toll free phone line, and posting of the Notice on the Internet on a website dedicated to this litigation.  Proof that publication, and posting conformed with the Notice Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process.  It provided due and adequate notice to the Direct Settlement Class.

4. The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations that were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. The settlement was entered into by the parties in good faith.

6. Final approval of the settlement with Samyang Korea is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Direct Settlement Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Direct Settlement Class's reaction to the settlement, and the result achieved.

7. The settlement class provisionally certified by Order of this Court in its Preliminary Approval Order is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is comprised of:  "All individuals and entities that directly purchased Korean Noodles in the United States and its territories from one or more Defendants from May 1, 2001 through December 31, 2010. The Direct Settlement Class excludes the Defendants, the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any parent, subsidiary, affiliate, legal representatives, heirs, or assigns of any Defendant. The Direct Settlement Class also excludes all judicial officers presiding over this Action."  As set forth in the Direct Settlement Agreement, "Defendants" means, for purposes of this settlement only, any one or more of the following: Nong Shim Co., Ltd., Nongshim America, Inc., Ottogi Co., Ltd., Ottogi America, Inc., Samyang Foods Co., Ltd., Sam Yang (USA), Inc., Paldo Co., Ltd., and Korea Yakult Co.  The term "Korean Noodles"

means an instant noodle soup product consisting of dried instant noodles paired with a seasoning packet and dehydrated vegetables, packaged in a bag (or pouch), cup, or bowl and, for purposes of this Settlement Agreement only, includes, without limitation, all products described in paragraphs 44, 45, 47, and 51 of the Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint, Dkt. 121, filed December 3, 2014.  The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8. The Court's certification of the Direct Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Direct Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

9. No individuals and/or entities have timely and/or validly requested exclusion from the Direct Settlement Class.

10. The Actions, including but not limited to those listed on **Exhibit A** to the Direct Settlement Agreement (and attached hereto), and all Released Claims are hereby dismissed with prejudice with respect to the Released Parties and without costs.  The Releasing Parties are barred from instituting or prosecuting, in any capacity, any action or proceeding that asserts a Released Claim against any of the Released Parties.  This dismissal applies only in favor of Samyang Korea and the other Released Parties.

11. The Escrow Account, into which Samyang Korea has deposited a total of $1,000,000 as the Settlement Amount for the Direct Settlement Class, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.  Counsel for the Direct Purchaser Plaintiffs are entitled to the payment of $433,413 as partial reimbursement of costs incurred in the prosecution of this litigation.

12. Neither the Direct Settlement Agreement, nor any act performed or document executed pursuant to the Direct Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13. No objections to the proposed settlement have been received. No class member appeared at the hearing to object to the Settlement.

14. This Order and Final Judgment does not settle or compromise any claims by Direct Purchaser Plaintiffs or the Direct Settlement Class against any other Defendant or other person or entity other than Samyang Korea and the other Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

15. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Direct Settlement Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement made by Plaintiffs' Counsel; (d) any application for incentive awards for the Direct Purchaser Plaintiffs; and (e) the distribution of the settlement proceeds.

16. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to Samyang Korea.

**IT IS SO ORDERED.**

Dated: August 22, 2016

                                            HON. WILLIAM H. ORRICK
                                            UNITED STATES DISTRICT JUDGE

**Exhibit A**

**Direct Purchaser Actions[1]:**

*Pitco Foods v. Nong Shim Co., Ltd., et al.,*
13-cv-04148-WHO (N.D. Cal.) (filed September 6, 2013)

*Rockman Co. v. Nong Shim Co., Ltd., et al.,*
13-cv-04523-WHO (N.D. Cal.) (filed September 30, 2013)

*M.T. Trading Corp. v. Nong Shim Co., Ltd., et al.,*
13-cv-05078-WHO (N.D. Cal.) (filed October 30, 2013)

*Summit Import Corp. v. Nong Shim Co., Ltd., et al.,*
13-cv-05564-DMR (N.D. Cal.) (filed December 2, 2013)

*El Jarocho, Inc., v. Nong Shim Co., Ltd., et al.,*
13-cv-05600-LB (N.D. Cal.) (filed December 4, 2013)

*California Market, LLC. a/k/a/ Gaju Market v. Nongshim Co., Ltd., et al.,*
Case No. 14-cv-00335-DMR (filed Jan. 22, 2014)

*Seoul Shopping, Inc., et al. v. Nongshim Co., Ltd., et al.,*
Case No. 14-cv-00352-JCS (filed Jan. 22, 2014)

*The Plaza Company v. Nong Shim Co., Ltd., et al*.,
13-cv-05729-EDL (N.D. Cal.) (filed July 22, 2013)
(transferred from the Central District of California on December 6, 2013)

---

[1] An additional direct purchaser action, captioned *Diaz Foods v. Nong Shim Co., Ltd. et al.,* Case No. 14-cv-00127-SBA, was dismissed without prejudice on June 23, 2014.