UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE KOREAN RAMEN ANTITRUST LITIGAITON** | Case No. 13-cv-04115-WHO<br><br>**ORDER FOLLOWING JANUARY 26, 2018 PRETRIAL CONFERENCE** |

## I. RULINGS FOLLOWING JANUARY 26, 2018 CONFERENCE

Having heard argument at the January 26, 2018 Pretrial Conference, the following legal issues and motions in limine are decided as follows.

### A. Motions in Limine

<u>Plaintiffs' MIL No. 3</u> – Defendants may present Suh, as long as he is brought to the United States to be deposed in advance of his trial testimony. In advance, as used with respect to this MIL, means at least two weeks before the witness's testimony if trial proceeds in February, or in February or March if trial proceeds in May. Ottogi shall not use any prior undisclosed or unproduced documents in connection with the Suh deposition or testimony. Plaintiffs are also able to use Choi's prior videotaped deposition testimony.

For Kim, within five days of the date of this Order, Ottogi shall make a proffer disclosing the topics on which it intends Kim to testify. If plaintiffs continue to object to Kim testifying based on that proffer, plaintiffs may renew the motion to exclude and I will resolve it at the next pretrial conference.[1] Or, at plaintiffs' option, plaintiffs may depose Kim in advance of his trial testimony.

---

[1] If plaintiffs object but I determine at the next pretrial conference that Kim may testify, I would instruct Ottogi to present Kim for deposition only a day or two before his appearance at trial.

For Lim, within five days of the date of this Order, Ottogi shall make a proffer disclosing the topics on which it intends Lim to testify. However, Lim may not testify on any topic other than his work at Ottogi America. If plaintiffs continue to object to Lim testifying based on Ottogi's proffer, plaintiffs may renew the motion to exclude and I will resolve it at the next pretrial conference.[2] Or, at plaintiffs' option, plaintiffs may depose Lim in advance of his trial testimony. Defendants shall not use any prior undisclosed or unproduced documents in connection with the Lim deposition or testimony.

Plaintiffs' MIL No. 4 – DENIED.

Plaintiffs' MIL No. 7/Ottogi's MIL No. 2 – The parties may refer to the KFTC investigation and use materials (if otherwise admissible) generated as part of that investigation. Neither party may refer to the findings and judgment of the KFTC or the Korean Supreme Court decision overturning the KFTC findings and judgment. I am also prepared to issue a jury instruction similar to the one below, or any modification agreed to by both sides:

- The Korean Fair Trade Commission investigated whether defendants and other Korean ramen companies violated the Korean Fair Trade Act with respect to pricing and other decisions regarding Korean ramen noodles. Applying Korean law – which is not the law you will be applying, you will be applying federal and state antitrust and unfair competition laws – the KFTC found that defendants conspired to fix the price of ramen noodles and assessed fines against them. The Korean Supreme Court – again, applying Korean law – overturned that decision and the fines. The conclusions of the KFTC and the conclusions of the Korean Supreme Court are not relevant to the determinations that you must reach under federal and state antitrust and unfair competition laws.

Plaintiffs' MIL No. 8 – GRANTED.

Plaintiffs' MIL No. 10 – It is fine for the parties to identify which side is proffering specific portions of a video deposition.

Ottogi's MIL No. 1 – Plaintiffs are allowed to argue that following the inception of the

---

[2] If plaintiffs' object but I determine at the next pretrial conference that Lim may testify, I would instruct Ottogi to present Lim for deposition only a day or two before his appearance at trial.

2

1   KFTC investigation, documents were altered and new or different preservation/destruction
2   policies were put in place.  As to document preservation/destruction policies more generally,
3   testimony regarding the preservation/destruction policies may be relevant to explain why
4   defendants did not produce copies of documents from the SHD that plaintiffs claim originated
5   with defendants.  (Defendants have alternate, disputed explanations for that absence).  Counsel
6   shall not use the term "spoliation" and no spoliation jury instruction will be given.  Counsel shall
7   not solicit evidence or make any argument regarding an alleged failure to comply with the
8   discovery requests issued in this case.

   Ottogi's MIL No. 3 – DENIED.  Use of the KFTC protocol statements will be decided on a case-by-case basis.  Generally, to the extent the witnesses are presented at trial (or have been deposed and asked about the statements), the statements may be used if otherwise admissible.

   **B.   Trial Issues**

   Bifurcation.  The DPPs' request for bifurcation of its damages from the IPPs' damages is DENIED.  The defendants' request to bifurcate the issue of alter ego, if allowed, is DENIED.

   Deposition Order.   The parties may organize their video deposition presentations by topics or by other agreed method, but must include additional, appropriate excerpts to satisfy the rule of completeness as necessary.

   **II.   ISSUES FOR ADDITIONAL BRIEFING**

   The following issues may be briefed.  Issues of Korean law, including (a) existence of "de facto" price control and (b) the extent of any duty under Korean law to preserve documents upon inception of the KFTC investigation.  The parties are to meet and confer to determine whether these issues are true legal issues that can be resolved by me, on briefs and without expert testimony, by Friday, February 2, 2018.  If one or both parties believe one or both issues can be resolved on briefs alone, then defendants' additional brief (not to exceed 10 pages) is due by February 9, 2018 and plaintiffs' response (not to exceed 10 pages) is due by February 16, 2018.

   In addition, the parties asked to provide additional briefing on the issue of plaintiffs' assertion of alter ego liability.  They may do so.  Defendants shall file a brief (not to exceed 5 pages) on or before February 9, 2018.  Plaintiffs' response (not to exceed 5 pages) is due by

3

February 16, 2018.

**III.    TENTATIVE RULING ON REMAINING ISSUES**

Finally, although not discussed during the January 26, 2018 Pretrial Conference, my tentative rulings on the remaining disputed issues and motions are as follows. A further hearing will be held to resolve these pending issues on either February 22, 2018 or April 16, 2018.

**A.    Motions in Limine – Tentative Rulings**

Plaintiffs' MIL No. 1 – GRANTED in part. Defendants are allowed, for IPP claims, to show that DPPs did not pass on the full amount of overcharge, but defendants are not allowed to make a pass-on defense against the DPPs or argue that DPP damages should be reduced because of pass-on. Therefore, the propriety of pass-on evidence will be determined on case-by-case basis and curative/limiting instructions issued as necessary.

Plaintiffs' MIL No. 2 – GRANTED. Mitigation is not normally an issue in horizontal price-fixing cases and given defendants' positioning themselves as unique ramen products (at least during the relevant timeframe), functionally identical supplier cases are inapposite.

Plaintiffs' MIL No. 5 – GRANTED.

Plaintiffs' MIL No. 6 – DENIED. Fact witnesses are already excluded.

Plaintiffs' MIL No. 8 – GRANTED. While mention of the KFTC investigation is allowed, KTFC comments about the scope of their investigations are immaterial and potentially prejudicial.

Plaintiffs' MIL No. 9 – GRANTED. Generally, a sufficient foundation of a "conspiracy" has been shown such that statements, if otherwise admissible, could be considered co-conspirator statements. Each statement sought to be introduced, however, will be analyzed on a case-by-case basis.

Plaintiffs' MIL No. 11 – DENIED. Defendants are allowed to challenge plaintiffs' characterization of and purpose of the SHD by noting the SHD contained pornography that was deleted by the Samyang auditor.

Plaintiffs' MIL No. 12 – DENIED generally. Of course, foundation/knowledge must be laid at trial. For example, Hong can opine on what companies being investigated by the KFTC generally know about those investigations or how they react in response, but may not opine on

4

what Ottogi knew or did unless a foundation is laid for that knowledge.

Plaintiffs' MIL No. 13 – DENIED.  If Kang is a witness for plaintiffs, defendants can challenge his credibility using his prior allegedly untruthful statements.

Nongshim's MIL No. 1 – DENIED generally.  Admissibility will be determined on a case-by-case basis.  Authentication may be provided by Samyang witnesses in conjunction with plaintiffs' expert Vaughn and forensic analysis.  The rule of completeness and best evidence rule do not preclude admission.  Hearsay will be determined on a case-by-case basis.

Nongshim's MIL No. 2 – DENIED generally.  Admissibility of Samyang employee testimony will be determined on a case-by-case basis.

Nongshim's MIL No. 3 – DENIED generally.  Admissibility, including applicability of hearsay exceptions, for alleged co-conspirator statements will be determined on a case-by-case basis.

Nongshim's MIL No. 4 – DENIED generally.  Consistent with the ruling with respect to Professor Haggard, plaintiffs cannot suggest employees of Korean companies (or ethnic Koreans) are more willing to commit crimes, etc.

Nongshim's MIL No. 5 – GRANTED generally.  Counsel shall not comment about missing witnesses who are not within the subpoena power of the court.

Ottogi's MIL No. 4 – GRANTED, as agreed.

Ottogi's MIL No. 5 – GRANTED, unless plaintiffs can show how testimony from the Superior Court case is directly relevant to specific issues in this trial.

**B.   Disputed Legal Issues**

Pass-on Defense.  Generally, only evidence directed to showing what portion of the overcharge IPPs paid (consistent with the underlying state laws) is permissible and defendants shall not solicit evidence for the sole purpose of showing that DPPs "passed on" the overcharge or argue that the DPP damages should be reduced because of the pass-on defense.  Jury instructions should be sufficient to avoid prejudice to the DPPs and ensure the jury awards only the damages available under the different sets of applicable law.

Classwide/Aggregate Damages.   Plaintiffs are allowed to pursue classwide/aggregate

damages and defendants may not argue otherwise.

<u>Treble, Duplicative Damages</u>.  If the DPPs are awarded the full amount of the alleged overcharges and the IPPs are awarded the amount of damages available under the various state laws (*i.e.*, in at least some instances, the portion of the overcharges they paid), there is no due process problem with respect to "duplicative" damages or trebling any awards.

<u>Applicability and Scope of *Royal Printing*</u>.  It is unclear whether plaintiffs are arguing that the *Royal Printing* exception applies in this case.  If so, it is unclear how that exception to standing under the Sherman Act applies here, where there are direct purchasers who are suing under the Sherman Act.

<u>Discovery or Injury Statute of Limitations Rule</u>.  I am not inclined to rule on this issue pre-trial, but will address it post-trial as necessary.

<u>Motion to Exclude Mangum</u>.  I am not inclined to exclude Mangum's testimony regarding the market (as it is based on relevant practical indicia), am not inclined to exclude Mangum's model for alleged misspecification and extreme multicollinearity, and am not inclined to exclude "non-economic" opinions as long as a foundation is laid for them and they are not unduly duplicative of other expert testimony.

<u>Motion to Exclude Ackerberg</u>.  I am not inclined to exclude Ackerberg's testimony regarding the market (as it is based on relevant practical indicia), and am not inclined to exclude Ackerberg's damages model as his pass-through analysis (as I previously found) is adequately supported.

<u>Motion to Strike Mangum and Ackerberg's *Daubert* Declarations</u>.  I am not inclined to strike.  The Mangum and Ackerberg declarations submitted in support of plaintiffs' oppositions to the motions to exclude addressed above were filed primarily (but not solely) in response to the defendants' expert (Cox) addressing market definition and cross-elasticity in the ramen market for the first time in Cox's rebuttal declaration.  Mangum and Ackerberg are entitled to address Cox's new opinions, whether through the *Daubert* declarations or at trial.  As to the other allegedly new information in Mangum's *Daubert* declaration (pricing variables, benchmark data, additional analysis based on newly produced documents, and further analysis of Ottogi data), these opinions

are not obviously new (perhaps refined in light of additional information) and are certainly not outside the scope of the opinions and topics he has already opined and been deposed on.

<u>Motion to Exclude Vaughn</u>. I am inclined to DENY as to paragraphs 33-35, inclined to deny as to paragraphs 36-37, inclined to GRANT as to opinions of "suspicious" or "suspect" activities given lack of foundation, inclined to DENY as to paragraphs 100-106, and as to paragraph 107 limit Vaughn's testimony to pointing out contradictions in witness testimony given metadata in documents.

<u>Motion to Exclude Haggard</u>. DENIED. The current motion simply repeats grounds already rejected on summary judgment.

<u>Motion to Exclude Lee</u>. I am inclined to GRANT, as Lee does not appear to have any relevant experience or bases for his opinions.

**IT IS SO ORDERED.**

Dated: February 2, 2018

William H. Orrick
United States District Judge