UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**In re Korean Ramen Antitrust Litigation**

Case No. 13-cv-04115-WHO

**ORDER DENYING DEFENDANTS' MOTION TO DECERTIFY**

Re: Dkt. No. 701

## INTRODUCTION

On the eve of trial, defendants move to decertify the Indirect Purchaser Plaintiffs (IPPs) class because, they argue, *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) shows that plaintiffs failed to meet their burden to show that the laws of affected states do not vary in material ways from California's. *In re Hyundai* did not change the law that is relevant to my previous determination certifying the IPP class. The hearing on this motion is VACATED and defendants' motion is DENIED.

## BACKGROUND

On Class Certification, the IPPs moved to certify a nationwide class under the Cartwright Act because significant aspects of the alleged conspiracy emanated from California (given the California domicile of Ottogi America and Nongshim America). As a backup position, in *both* their opening and reply briefs, the IPPs suggested I follow the analysis of the Hon. Richard Seeborg in *In re Optical Disk Drive Antitrust Litigation*, 2016 WL 467444, at *14 (N.D. Cal., Feb. 8, 2016, No. 3:10-MD-2143 RS) and apply California law to all of the *Illinois Brick* repealer states. Dkt. No. 361, Mot. at 17-22. Defendants opposed, arguing that plaintiffs had failed to show (i) that material conflicts did not exist between repealer and non-repealer states and (ii) that

California law should be applied because California's interests trumped the interests of other states. Dkt. No. 407, Oppo. at 23-25.

In the Class Certification Order I found that the IPPs had shown that there were more than *de minimis* contacts with/acts occurring in California (so as to not offend notions of due process if California law were applied), and concluded in light of the choice-of-law analysis that material differences existed with respect to non-repealer states:

> The only potential conflict between state laws identified by defendants – and it is their burden to identify conflicts – is the distinction between states who have repealed *Illinois Brick* and allow indirect purchaser plaintiffs to pursue price-fixing claims and those that have not. Oppo. to IPP at 24-25.43 Defendants have not identified any conflicts to applying the Cartwright Act to the 24 *Illinois Brick* repealer jurisdictions, and therefore class certification for those jurisdictions is appropriate. *See, e.g., In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 467444, at *14 (N.D. Cal. Feb. 8, 2016) (certifying a class under the Cartwright Act for IPPs in *Illinois Brick* repealer states).
>
> The next question is whether application of the Cartwright Act to the non-repealer states would undermine the interests of those states and impair those interests more than California's interests in punishing price-fixing behavior that emanates from its borders. Plaintiffs argue that despite failing to repeal *Illinois Brick*, those states have no compelling interest in denying their citizens the ability to recover for antitrust violations committed by out-of-state or foreign companies. However, as recently recognized in this District, "[g]iven that the action simply could not go forward in non-repealer states, however, it is too much of a stretch to employ California law as an end run around the limitations those states have elected to impose on standing." *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 467444, at *12 (N.D. Cal. Feb. 8, 2016).
>
> Therefore, IPP's claims only under the 24 repealer jurisdictions are certified for purposes of Rule 23(b)(3) under the Cartwright Act.

Dkt. No. 501, Class Certification Order at 36-39 (emphasis added).

## DISCUSSION

Defendants did not move for reconsideration. Nor did they attack the certification of the IPP class on summary judgment. Instead they move to decertify the IPP class, arguing that the recent Ninth Circuit decision in *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) shows that plaintiffs failed to meet their burden on class certification.

Even "after a certification order is entered, the judge remains free to modify it in the light

of subsequent developments in the litigation." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). The types of "developments" that lead to modification or decertification can be evidentiary or legal. *See, e.g.*, 3 Newberg on Class Actions § 7:37 (5th ed.) (noting a court's authority over the subsequent litigation requires it to ensure that the Rule 23 requirements "continue to be met" creating a "duty of monitoring" class decisions "in light of the evidentiary development of the case."); *Brady v. Deloitte & Touche*, 587 Fed. Appx. 363 (9th Cir. 2014) (reviewing appeal of decertification for abuse of discretion and affirming decertification premised on intervening circuit court precedent regarding California law exemptions from overtime). The burden of showing why I should consider decertification falls squarely on the shoulders of defendants. *See, e.g.*, 3 Newberg on Class Actions § 7:39 (5th ed.) ("a defendant seeking decertification or modification ought to be required to make some showing of changed circumstances or law, which would then trigger a plaintiffs' obligation to defend certification."); *see also Day v. Celadon Trucking Services, Inc.*, 827 F.3d 817, 832 (8th Cir. 2016) (where defendant "had a full and fair opportunity to contest class certification" and district court addressed the objections that defendant raised, "principles of fair adjudication require Celadon to provide good reason before the district court revisits the issue.").[1]

Defendants argue that in *In re Hyundai,* the Ninth Circuit "clarified" that "plaintiffs seeking class certification bear the burden of demonstrating through evidentiary proof that the laws of the affected states do not vary in material ways that preclude a finding that common legal issues predominate." 881 F.3d at 692; *see* Dkt. No. 701, Mot. to Decertify at 1. But this issue was not before me, given my resolution of the choice-of-law question. As the IPPs note, I determined that California's Cartwright Act applied to claims arising in the repealer states because of a lack of material conflicts and California's predominant interests. This is not, therefore, a situation as in *In re Hyundai* where *multiple* states laws will be applied, raising a predominance question that must be addressed and satisfied by plaintiffs. *In re Hyundai*, 881 F.3d at 692

---

[1] Once a party provides a good reason to revisit certification, and the court considers the merits of a decertification motion, the burden to show that Rule 23's requirements are still met remains on plaintiff. *See Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947-48 (9th Cir. 2011).

3

On the narrower, choice-of-laws question, *In re Hyundai* does not establish a new or clarified burden. In the Class Certification Order, consistent with *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), I applied the settled standard (a standard that was, likewise, applied by the *Hyundai* panel). On the narrow issue of whether material conflicts existed among the repealer-state laws and the Cartwright Act, it is true that the IPPs' class certification briefing did not present an in-depth argument showing *why* material conflicts did not exist. Instead, plaintiffs cited to and I likewise relied on a case from this District where that analysis had been conducted and the court certified a Cartwright Act class covering indirect purchaser plaintiffs in repealer states. *See, e.g.*, Dkt. No. 361 at 20-21 (citing *In re Optical Disk Drive Antitrust Litigation*, 2016 WL 467444, at *14 (N.D. Cal., Feb. 8, 2016, No. 3:10-MD-2143 RS) ("Apart from the *Illinois Brick* issue, however, the potential differences identified between California and some of the other jurisdictions do not appear to stand as true conflicts, or as ones that should not yield to California's interests.")). [2]

While I commented that defendants had not, *in response* to plaintiffs' arguments, identified any material conflicts other than the repealer/non-repealer one, and consistent with the analysis in *Mazza* I pointed out defendants' failure to do so on that narrow issue, I did not shift the *ultimate* burden of persuasion on either choice-of-law or Rule 23 to defendants. At all times, I kept the burden on plaintiffs to show that they had satisfied Rule 23's requirements. *See Mazza*, 666 F.3d at 588 ("The party seeking class certification has the burden of affirmatively demonstrating that the class meets the requirements of Federal Rule of Civil Procedure 23.").

Defendants have not identified any subsequent developments in the evidence or the law to

---

[2] Were I to reconsider the issue of alleged conflicts between the Cartwright Act and the repealer states' laws on its merits, I would continue to conclude (consistent with other recent decisions from this District) that any conflicts as to statutes of limitations, pass-on defense, treble damages, and procedural prerequisites are not material *in this case* where the defendants are foreign companies or domiciled in California. *See In re Qualcomm Antitrust Litig.*, 17-MD-02773-LHK, 2017 WL 5235649 (N.D. Cal. Nov. 10, 2017); *In re Lithium Ion Batteries Antitrust Litig.*, 13-MD-2420 YGR, 2017 WL 1391491, at *14 (N.D. Cal. Apr. 12, 2017); *In re Optical Disk Drive Antitrust Litigation*, 2016 WL 467444, at *14 (N.D. Cal., Feb. 8, 2016, No. 3:10-MD-2143 RS). And if I considered any of the "conflicts" identified by defendants "material," I would continue to find that California's interests trump the other states, given the California domicile of Ottogi America and Nongshim America.

justify revisiting class certification on its merits.³ Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 23, 2018



William H. Orrick
United States District Judge

---

³ As the IPPs point out, since my class certification Order was issued, a judge in this District declined to strike nationwide class allegations under the Cartwright Act. *In re Qualcomm Antitrust Litigation*, 2017 WL 5235649, at *22 (N.D. Cal., Nov. 10, 2017, No. 17-MD-02773-LHK). The Hon. Lucy H. Koh concluded that despite the conflict between repealer and non-repealer states (*e.g.*, non-repealer states do not allow indirect purchaser actions), California's interests in punishing antitrust *violators based in California* were significant and the non-repealer states had no similar interests, because those states' laws attempted to regulate antitrust damages that might be available against *their resident* defendants. I will not, however, grant plaintiffs' request – made at most in passing – to reconsider my prior order and certify a nationwide class under the Cartwright Act.