UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** November 9, 2018 | **Time:** 1 hr, 11 minutes<br>3:01 p.m. to 4:12 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 13-cv-04115-WHO | **Case Name:** In re: Korean Ramen Noodles | |

**Attorneys for Plaintiff:** Daniel E. Birkhaeuser, Christopher L. Lebsock, Stephanie Y. Cho, Gregory B. Linkh, Mark Perry, Mark P. Kindall, and Bonny E. Sweeney

**Attorneys for Defendants:** Scott Edelman, Julian Kleinbrodt, Joshua M. Wesneski, Mark A. Perry, Rachel S. Brass, Minae Yu, Mark Dosker, John R. Gall, Joseph P. Grasser, and Tania L. Rice

**Deputy Clerk:** Jean Davis                                **Court Reporter:** Vicki Eastvold

PROCEEDINGS

Counsel appear for motion hearing and final conference prior to start of jury trial. Proposed jury instructions are discussed. The Court summarizes its preliminary opinions as to the motions to exclude and other issues. Argument of counsel heard.

As to the Preliminary Instructions, the Court will use the Ninth Circuit's Model Jury Instructions, except for the agreed-to Instruction No. 6 and will read the revised "KFTC Order and Korean Supreme Court Decision" Instruction (Dkt. No. 780) immediately after No. 6.

For opening statements, the parties shall not use the phrase "de facto price control," but may discuss their view of the facts regarding the role of the Korean government in setting ramen prices and may use the word "control."

For the contested merits instructions, the Court believes the *Arandell* case has more impact on this case and the disputed instructions than defendants contend, but not so much as plaintiffs propose. The final form of the instructions will be addressed after evidence comes in.

The FTAIA does not apply to this case and defendants' FTAIA instruction will not be given. However, whether and what form of *Hartford Fire* instruction may be given, will be addressed after evidence comes in.

The injury rule will apply to the statute of limitations, as I will follow Judge Koh's ruling in the *In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1210 (N.D. Cal. 2015) opinions.

Defendants' "de facto price control" instruction will not be given.

Defendants' renewed motion to exclude the deposition testimony of Jung Soo Kim is GRANTED. Kim is the main witness to the inception of the conspiracy in Korea, but that testimony is based on information she received from a deceased colleague. As such, her credibility is a central issue. Given Kim's plea to the embezzlement charges against her (following the April 2018 hearing) and given defendants' more detailed timeline and theory as to why Samyang Korea's leniency petition to the KFTC could explained by an intent to deflect KFTC attention from Samyang Korea's activities related to the admitted embezzlement, Kim's testimony is also subject to attack for bias and motive. Because Kim is not available to testify in person, and therefore cannot be cross-examined on these subjects, defendants' renewed motion to exclude is GRANTED.

Plaintiffs' motion to exclude the Report and testimony of Dr. Klausner is GRANTED in part. In my April 2018 Order, I rejected defendants' claim of prejudice on the basis that they had not had the opportunity to retain an expert on alter ego. As to defendants' prejudice on the basis that they had not disclosed/produced witnesses and documents to contest plaintiffs' theory of alter ego, I allowed them to do so. Instead of disclosing fact witnesses and documents, however, defendants retained Dr. Klausner as an expert witnesses, without seeking leave from the Court or timely disclosing their intent to plaintiffs. Klausner then reviewed some set of corporate documents and interviewed (without taking notes or producing transcripts) defendants' fact witnesses to support his opinions that the defendants observed corporate formalities. I will EXCLUDE Klausner's Report and testimony regarding his opinions (and the bases for his opinions) on whether defendants observed corporate formalities. This testimony is both untimely expert testimony and unreliable (because neither plaintiffs nor the Court can test the facts or factual assumptions stemming from the testimony of the employees Klausner interviewed). However, Klausner may testify more generally as to how corporations in the United States typically observe corporate formalities. His testimony will be admissible only for this limited and general testimony.

The chart regarding document production is admissible under FRE 1006, but counsel shall meet and confer to remove any "advocacy" language. If counsel cannot agree on what language should be removed, the Court will decide.

The issue with respect to Dr. Ackerberg is subject to further briefing and will be ruled on prior to the start of the trial.