Alan R. Plutzik (State Bar No. 77785)
Daniel E. Birkhaeuser (State Bar No. 136646)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
dbirkhaeuser@bramsonplutzik.com

*Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Bonny E. Sweeney (State Bar No. 176174)
Christopher L. Lebsock (State Bar No. 184546)
HAUSFELD LLP
44 Montgomery Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
bsweeney@hausfeld.com
clebsock@hausfeld.com
scho@hausfeld.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 3:13-cv-04115-WHO<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' OBJECTION TO CERTAIN EXHIBITS AND DESIGNATIONS OF THE DEPOSITION OF SOO CHANG AHN** |
| This Document Relates to:<br><br>ALL ACTIONS | Date:         November 14, 2018<br>Time         TBD<br>Courtroom:  2, 17th Floor<br>Judge:       Hon. William H. Orrick |

Plaintiffs submit this memorandum of points and authorities in response to Defendant Ottogi's Objections, dated November 14, 2018, concerning the witness statement of Soo Chang Ahn [ECF# 795].

Plaintiffs propose to introduce two witness statements by Mr. Soo Chang Ahn of Samyang which he reviewed, signed and submitted to the KFTC.

- The first statement (Exh. 158) is dated April 1, 2010. At his deposition, Mr. Ahn was shown the document, and he testified under oath that his signature appeared on both the first and last pages of the exhibit (1/12/16 TR 27:18-28:10). He confirmed that he reviewed the statement before it was submitted to the KFTC (TR 29:15-19), that he believed it was true and correct at the time he signed it (1/12/16 TR 29:20-25), and he maintained that belief at the time he was deposed (1/12/16 TR 30:1-5).

- The second statement (Exh. 156) is dated September 5, 2011. At his deposition, Mr. Ahn was shown the document, and he testified under oath that he had signed each page of the statement (1/12/16 TR 40:12-41:09), that he reviewed it before it was submitted to the KFTC (1/12/16 TR 41:9-12), that he believed that the statements contained in it were true and correct at the time that he submitted the statement to the KFTC (1/12/16 TR 41:13-17), and that he maintained that belief at the time he was deposed (1/12/16 TR 41:18-25).

In the spirit of compromise, Plaintiffs have agreed to withdraw Trial Exhibit 159.

In its April 24, 2018 Order concerning Motions in Limine (ECF No. 740), the Court denied Defendants' motion to exclude all such statements, stating that admissibility would be determined on a case-by-case basis. The Court did provide the following guidance, however, which clearly applies in the case of Mr. Ahn's two witness statements:

> Generally, as discussed in the Order on the motions for summary judgment, the Samyang witnesses provide some basis for their opinions (even if disputed or "walked back" in deposition). The Samyang witness statements also appear to be made adequately close in time to the at issue events, many were subject to later adoption through deposition or otherwise under oath, and they may otherwise be admissible under various hearsay exceptions.

*Id.* at 5.

First, Mr. Ahn's Witness Statements are admissible under the adopted testimony exception to Fed. R. Civ. P. 43(a). *See Kuntz v. Sea Eagle Diving Adventures, Corp.*, 199 F.R.D. 665, 668 (D. Haw. 2001) (a declaration may be adopted as direct testimony if the witness testifies about the declaration under oath and is subject to cross and redirect examination).

- 1 -

Second, because the Witness Statements themselves were subject to cross examination at deposition, they are also admissible under the residual exception of Fed. R. Evid. 807, as they have circumstantial guarantees of trustworthiness. *Id*. (declaration had "circumstantial guarantees of trustworthiness, especially because the declarants are subject to live cross-examination"). For example, during cross-examination, Defendants were able to determine that Mr. Ahn lacked personal knowledge concerning a "President's Meeting" that he had discussed in Paragraph 4 of the April 1, 2010 Statement. As a result, Plaintiffs have agreed to redact this portion of that Witness Statement (Exh. 158).

Third, Mr. Ahn's Witness Statements are declarations against interest because the testimony in the Witness Statements contain admissions of participation in illegal conduct engaged in by declarants, and they are bolstered by significant additional corroborating evidence. *See* Fed. R. Evid. 804(b)(3).

Defendants may cherry pick certain testimony in Mr. Ahn's Witness Statements to try to poke holes at their reliability, but these issues go to the weight of the evidence, and not its admissibility. *See Jackson v. Cty of San Bernardino,* 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("a motion in limine should not be used to resolve factual disputes or weigh evidence") (quoting *C&E Services, Inc. v. Ashland, Inc*., 539 F. Supp. 2d 316, 323 (D.D.C. 2008)). These issues should be left to the jury to decide. *Id*. (citing *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133, 150 (2000)).[1] There is no reason to exclude, wholesale, an entire Witness Statement merely because Defendants have pointed to certain supposed weaknesses in the testimony.

---

[1] For example, Nongshim argued to the Court earlier today that that the "evidence" demonstrates that Mr. Ahn wasn't at the March 2001 Ramen Conference, because his signature does not appear on the meeting minutes. While this is a disputed factual issue not appropriate for exclusion by the Court, Plaintiffs note that that Mr. Ahn testified that he personally attended the meeting, and the statements he provided in his signed statement to the KFTC "were from [his] personal experience after attending that meeting." 1/13/16 TR at 46:21-47:2, 1/13/16 TR at 98:5-99:6).

DATED: November 14, 2018

| *s/ Christopher L. Lebsock* | *s/ Daniel E. Birkhaeuser* |
|---|---|
| Bonny E. Sweeney | Alan R. Plutzik (State Bar No. 77785) |
| Christopher L. Lebsock | Daniel E. Birkhaeuser |
| Stephanie Cho | BRAMSON, PLUTZIK, MAHLER |
| HAUSFELD LLP | & BIRKHAEUSER LLP |
| 44 Montgomery Street, 34th Floor San Francisco, CA 94104 | 2125 Oak Grove Road Walnut Creek, CA 94598 |
| TEL: 415-633-1908 | Telephone: (925) 945-0200 |
| EMAIL: mlehmann@hausfeld.com | Facsimile: (925) 945-8792 |
|    clebsock@hausfeld.com | EMAIL: aplutzik@bramsonplutzik.com |
|    scho@hausfeld.com |    dbirkhaeuser@bramsonplutzik.com |
| Michael Hausfeld (admitted pro hac vice) | Mark P. Kindall |
| HAUSFELD LLP | Craig A. Raabe (admitted *pro hac vice*) |
| 1700 K Street, N.W., Suite 650 Washington D.C. 20006 | Robert A. Izard (admitted *pro hac vice*) IZARD, KINDALL & RAABE, LLP |
| TEL: 202-540-7200 | 29 South Main Street, Suite 305 |
| EMAIL: mhausfeld@hausfeld.com | West Hartford, CT 06107 |
| | Telephone: (860) 493-6292 |
| Brian P. Murray (admitted pro hac vice) | Facsimile: (860) 493-6290 |
| Lee Albert (admitted pro hac vice) | EMAIL: mkindall@ikrlaw.com |
| Gregory B. Linkh (admitted pro hac vice) | rizard@ikrlaw.com |
| GLANCY PRONGAY & MURRAY LLP | craabe@ikrlaw.com |
| 230 Park Avenue, Suite 530 | |
| New York, NY 10169 | ***Interim Lead Counsel for the Indirect Purchaser Plaintiffs*** |
| TEL: (212) 682-5340 | |
| EMAIL: bmurray@glancylaw.com | |
|    lalbert@glancylaw.com | |
|    glinkh@glancylaw.com | |
| Lionel Z. Glancy | Steven M. Sherman |
| GLANCY PRONGAY & MURRAY LLP | SHERMAN BUSINESS LAW |
| 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | 220 Montgomery Street, Suite 1500 San Francisco, CA 94104 |
| TEL: (310) 201-9150 | EMAIL: steven@shermanbusinesslaw.com |
| EMAIL: lglancy@glancylaw.com | |
|    mgoldberg@glancylaw.com | Marc Gene Reich |
| | REICH RADCLIFFE AND |
| ***Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*** | KUTTLER LLP |
| | 4675 MacArthur Court, Suite 550 |
| | Newport Beach, CA 92660 |
| | EMAIL: mgr@reichradcliffe.com |

- 3 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' OBJECTION**

Case No. 3:13-cv-04115 WHO

|   |   |
|---|---|
| 1 | Gerald S. Ohn |
|   | LAW OFFICES OF GERALD S OHN |
| 2 | 1875 Century Park East Suite 700 |
|   | Los Angeles, CA 90067 |
| 3 | EMAIL: gerald@ohnlaw.com |

Thomas Henry Bienert, Jr.
BIENERT, MILLER AND KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
EMAIL: tbienert@bmkattorneys.com

Young W. Ryu
LAW OFFICES OF YOUNG W RYU
9595 Wilshire Boulevard Suite 900
Beverly Hills, CA 90212
EMAIL: young.ryu@youngryulaw.com

Sydney J. Hall (Cal. Bar No. 158151)
SYDNEY J. HALL LAW OFFICE
1308 Old Bayshore Hwy #220
Burlingame, CA 94010
EMAIL: sjhlaw@mail.com

*Additional Counsel for the Indirect Purchaser Plaintiffs*