Alan R. Plutzik (State Bar No. 77785)
Daniel E. Birkhaeuser (State Bar No. 136646)
BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
dbirkhaeuser@bramsonplutzik.com

*Co-Class Counsel for Indirect Purchaser Plaintiffs*

Christopher L. Lebsock (State Bar No. 184546)
Stephanie Cho (State Bar No. 291903)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
bsweeney@hausfeld.com
clebsock@hausfeld.com
scho@hausfeld.com

*Co-Class Counsel for Direct Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 3:13-cv-04115-WHO<br><br>**BRIEF REGARDING THE QUESTIONING OF BONG-HOON KIM ABOUT THE ISSUES OF EMBEZZLEMENT AND THE CENTRAL DISTRICT LITIGATION**<br><br>Date: November 20, 2018 (7:30 am)<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |
| This Document Relates to:<br><br>ALL ACTIONS | |

1    On November 16, 2018, this Court addressed Defendants' attempts to raise issues of alleged embezzlement by Mrs. Jung-Soo Kim (the "2018 Investigation"), especially with regard to cross-examination of Bong Hoon Kim. The Court originally stated that "[t]here's no evidence that BH Kim was high enough in Samyang structure to know about the embezzlement, and nothing that defendants have identified shows the link they want to make. It's more prejudicial than probative, so I'm going to keep it out." Trial Tr. (11/16/18) at 459:6-10. Defendants responded that they "have a theory, a line of query, that as we referenced in our brief last night we did not put in our papers because we didn't want to have to tip our hand to opposing counsel and have it be presented to the witness before we actually conducted the investigation." Id. at 459:15-19. The Court then explained that, "before we start the cross-examination[of Bong-Hoon Kim] we'll take a break, then send the jury out, and then you can lay it out at sidebar and we'll sort it out." Id. at 461:3-5 (emphasis added).

Defendants originally sought to question and/or impeach Mrs. Jung-Soo Kim concerning the 2018 Investigation. This issue became moot when Mrs. Kim was excluded by this Court on November 11, 2018. ECF No. 785, at 2. However, Defendants have tried to keep the issue of Mrs. Kim's embezzlement alive, and they now seek to diminish Bong-Hoon Kim's credibility by seeking to "impeach" him with the purportedly dishonest conduct of another person.

Defendants have previously raised an implausible theory about motive to fabricate evidence of a price-fixing conspiracy. According to Defendants, a 32-page KFTC document from March 2014, titled the "Plenary Meeting Resolution", demonstrates that Mrs. Kim lied about a price-fixing agreement to distract from an unrelated embezzlement scheme. See Plaintiffs' Opposition Brief Regarding Relevance of Embezzlement At Samyang Korea And Motion In Limine Concerning Any Mention Of Embezzlement. [ECF No. 809] While this theory was barely plausible as to Mrs. Kim, who was accused of embezzlement, it has even less plausibility as to Bong-Hoon Kim, who has not been subject to such accusations.

Furthermore, this Court has already held that, as of April 2018, Defendants have not demonstrated how an unrelated case previously pending in the Central District of California between

1  Samyang USA and Samyang Korea (the "Central District Litigation") is relevant to this case. April
2  24, 2018 Order, ECF No.740 at 22-23. Defendants have not provided any additional reasoning
3  demonstrating the relevance of the Central District Litigation, especially as it pertains to Bong Hoon
4  Kim, and they should be prevented from cross-examining him about it.

## ARGUMENT

### A. The Plenary Meeting Resolution Is Inadmissible

For the reasons previously set forth in Plaintiffs' Opposition Brief Regarding Relevance of Embezzlement At Samyang Korea And Motion In Limine Concerning Any Mention Of Embezzlement [ECF No. 809] at 2:9-4:8, the Plenary Meeting Resolution dated March 3, 2014 (Trial Ex. 892), contains no reliable information, is not subject to judicial notice under Fed. R. Evid. 201, and contains multiple levels of hearsay without exception. Defendants have subsequently provided no further reasoning to support its admission into evidence.

### B. Defendants Have No Basis To Question Bong-Hoon Kim About Mrs. Kim's Alleged Embezzlement

Defendants may seek to impeach Bong-Hoon Kim under Fed. R. Civ. P. 609, because Mrs. Kim has, in Defendants' words, pled guilty to embezzlement. However, this supposed guilty plea of Mrs. Kim cannot be used to impeach Bong-Hoon Kim. As stated in *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506 (3d Cir. 1997):

> Criminal acts are relevant to a witness' credibility only if that witness actually participated in the criminal conduct. It strains logic to argue that an employee's credibility is properly brought into question by the mere fact that he or she is presently employed by a corporation that in some unrelated manner was guilty of dishonest acts, no matter how egregious those acts may have been.

*Id.* at 523. Here it isn't even Bong-Hoon Kim's employer Samyang that has been found guilty of the dishonest acts in question. It is Samyang's owners, Mrs. Kim and Mr. Chun, who have made certain purported admissions concerning embezzlement. It should be noted that because Mrs. Kim and Mr. Chun allegedly embezzled from Samyang itself, Samyang is the alleged victim of this crime, and not

a participant. Accordingly, impeaching Bong-Hoon Kim for Mrs. Kim's wrongdoing is improper under Fed. R. Evid. 609.

Second, Defendants may try to inquire as to whether Bong-Hoon Kim was involved in knowingly facilitating Mrs. Kim and Mr. Chun's embezzlement. But there is no evidence of that, and so impeachment under Fed. R. Evid. 608 is improper.

Third, Defendants might try to inquire as to Bong-Hoon Kim's motive to fabricate testimony to this Court. However, as stated above, there are no allegations of embezzlement or any other illegal activity by Bong Hoon Kim, or even Bong Hoon Kim's employer, Samyang. Accordingly, under Fed R. Evid. 404(b),[1] any alleged embezzlement by Mrs. Kim or Mr. Chun can't be imputed to either Bong-Hoon Kim (who has not been accused of embezzlement) or the Samyang entity itself (who is the victim of the alleged embezzlement), and doesn't give any rise to any motive by Bong Hoon Kim to testify untruthfully in this case.[2]

---

[1] Fed. R. Evid. 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

[2] There is doubt that Fed. R. Evid. 404(b) can apply to misconduct of a corporation:

> An intriguing question is whether Rule 404(b) prohibits proof of other wrongdoing by corporations. While the word "person" can be read to include corporations and other entities, the later reference to "he" sheds some doubt on this interpretation. Moreover, the rule bars misconduct only as proof of "character" and it is doubtful that corporations have this attribute. However, there are a number of prior decisions applying the exclusionary other crimes rule to corporate defendants, though none of these show any awareness of the issue. It is also possible to disregard the corporate entity and to analyze the issue solely in terms of proof of other conduct of the particular corporate agents involved. Postcodification cases have not addressed this issue directly. It should, however, be noted that some other acts may be admissible to prove "routine practice" under Rule 406.

*Security Nat'l Bank of Sioux City, Iowa v. Abbott Laboratories*, No. C 11-4017-MWB, 2013 WL 12140998, at *13, n.3 (N.D. Iowa, August 13, 2013) (quoting 22A Fed. Prac. & Proc. Evid. (2d ed.) § 5239 (Other Crimes, Wrongs, or Acts—General Rule)).

Furthermore, impeachment by way of a corporate witness, using any method, is improper unless the examiner has, in accordance with Fed. R. Evid. 402, met the threshold of demonstrating relevancy of the alleged misconduct or motive to the claims at issue. See *Security Nat'l Bank of Sioux City, Iowa v. Abbott Laboratories*, No. C 11-4017-MWB, 2013 WL 12140998, at *14 (N.D. Iowa, August 13, 2013). And even if some potential relevance could be articulated, for reasons set forth above, any inquiry in front of the jury to Bong Hoon Kim about the 2018 Investigation would be more prejudicial than probative under Fed. R. Evid. 403.

### C. Defendants Should Be Precluded From Cross-Examining Bong-Hoon Kim About The Central District Litigation

Defendants may also try to suggest through examination of Bong Hoon Kim that because Samyang Korea issued blanket "denials" of certain allegations of conspiracy in Central District litigation pleadings, Bong Hoon Kim must likewise have taken that position. *See e.g.,* Answer to Samyang USA's First Amended Complaint filed in the Central District Litigation on May 31, 2016 (the "Samyang Answer")(Trial Ex. 835). This is improper for several reasons.

First, as this Court has previously held, the Central District Litigation is irrelevant to the claims here. April 24, 2018 Order. ECF No. 740 at 22-23. Defendants have provided no additional evidence to warrant a different result now.

Second, the filings in the Central District Litigation were not verified by Bong Hoon Kim or anyone else at Samyang, so there is no reason to believe that Bong Hoon Kim was even aware of (1) any of the pleadings in the Central District Litigation, including the Samyang Answer, (2) the information contained in those pleadings, or (3) the reason for these blanket denials in the Samyang Answer.

Third, the reason that Samyang Korea made blanket denials of certain allegations in the Samyang Answer is unclear, and was certainly preliminary to full-blown fact discovery in the case. The Samyang Answer provided blanket denials to many of the allegations, often without explaining which element or elements of in each allegation Samyang Korea was denying. It should be noted

that the conspiracy allegations are premised on findings by the KFTC, which had been revoked by the time the Answer was filed. Given this ambiguity, the information provided by the blanket denials in the Samyang Answer are all but useless, and cannot be interpreted as an attempt by Samyang Korea to affirmatively deny the existence of a conspiracy. During discovery in the Central District Litigation, Mrs. Kim testified that a conspiracy, in fact, existed.

Fourth, Defendants should not be able to cross-examine Bong-Hoon Kim about the Samyang Korea's alleged "sham distribution agreement" with Samyang USA. Defendants have not demonstrated how Bong Hoon Kim had any involvement in the creation of the distribution agreement, or how his relationship to SYUSA would provide some evidence of fraud that could be used for impeachment purposes.

## **CONCLUSION**

For the foregoing reasons, Defendants inquiries into, or references about, the following topics should be prohibited during the examination or cross-examination of Bong-Hoon Kim: (1) the 2018 Investigation or any allegations of embezzlement against Mrs. Kim or Mr. Chun; or (2) assertions that Samyang Korea denied the existence of a price-fixing conspiracy in the Central District Litigation. The Court should also prohibit Defendants from cross-examining Bong-Hoon Kim on the Plenary Meeting Resolution (Trial Ex. 892) or the pleadings in the Central District Litigation (Trial Exs. 833-45).

DATED: November 19, 2018           /s/ Daniel E. Birkhaeuser

                                        Alan R. Plutzik (State Bar No. 77785)
                                        aplutzik@bramsonplutzik.com
                                        Daniel E. Birkhaeuser (State Bar No. 136646)
                                        dbirkhaeuser@bramsonplutzik.com
                                        BRAMSON, PLUTZIK, MAHLER
                                        & BIRKHAEUSER LLP
                                        2125 Oak Grove Road
                                        Walnut Creek, CA 94598
                                        Telephone: (925) 945-0200
                                        Facsimile: (925) 945-8792

                                        Mark P. Kindall (State Bar No. 138703)
                                        mkindall@izardnobel.com
                                        Robert A. Izard *(admitted pro hac vice)*
                                        rizard@izardnobel.com
                                        IZARD KINDALL AND RAABE LLP
                                        29 South Main Street, Suite 305
                                        West Hartford, CT 06107
                                        Telephone: (860) 493-6292
                                        Facsimile: (860) 493-6290

                                        *Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

                           /s/ Christopher L. Lebsock
                                 HAUSFELD LLP
                                 Christopher L. Lebsock (SBN 184546)
                                 Stephanie Y. Cho (SBN 291903)
                                 600 Montgomery St., 32nd Floor
                                 San Francisco, CA 94111
                                 Tel: (415) 633-1908
                                 Fax: (415) 358-4980
                                 Email: clebsock@hausfeldllp.com
                                  scho@hausfeldllp.com

                                 GLANCY PRONGAY & MURRAY LLP
                                 Lee Albert (admitted Pro Hac Vice)
                                 lalbert@glancylaw.com
                                 Gregory B. Linkh (admitted Pro Hac Vice)
                                 glinkh@glancylaw.com
                                 230 Park Avenue, Suite 530
                                 New York, NY 10169
                                 Telephone: (212) 682-5340
                                 *Co-Lead Counsel for Direct Purchaser Plaintiffs*