GIBSON, DUNN & CRUTCHER LLP
Scott A. Edelman (CA Bar # 116927)
Mark A. Perry (CA Bar # 212532)
Rachel S. Brass (CA Bar # 219301)
Minae Yu (CA Bar # 268814)
Julian W. Kleinbrodt (CA Bar # 302085)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306
Email:      sedelman@gibsondunn.com
            mperry@gibsondunn.com
            rbrass@gibsondunn.com
            myu@gibsondunn.com
            jkleinbrodt@gibsondunn.com

Attorneys for Defendants
OTTOGI CO., LTD., and
OTTOGI AMERICA, INC.

SQUIRE PATTON BOGGS (US) LLP
John R. Gall (Admitted N.D. Cal., Ohio Bar # 0011813)
Mark C. Dosker (CA Bar # 114789)
Joseph P. Grasser (CA Bar # 255156)
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: 415.954.0200
Facsimile:  415.393.9887
Email:      john.gall@squirepb.com
            mark.dosker@squirepb.com
            joseph.grasser@squirepb.com

Attorneys for Defendants
NONGSHIM CO., LTD., and
NONGSHIM AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 3:13-cv-04115-WHO |
|---|---|
| | **DEFENDANTS' BRIEF REGARDING THE QUESTIONING OF BONG-HOON KIM ABOUT ISSUES OF EMBEZZLEMENT AND THE CENTRAL DISTRICT LITIGATION** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | Date:  November 20, 2018 (Tuesday Morning)<br>Time:  7:30 a.m.<br>Place: Courtroom 2, 17th Floor |

Defendants file this brief in response to Plaintiffs' Brief Regarding The Questioning of Bong Hoon Kim filed November 19, 2018.  That brief addresses two issues:  (1) the embezzlement and fraud by Samyang Korea's CEO and Chairman and (2) the C.D. California litigation.

<u>Cross examination regarding embezzlement</u>.  Last Friday, when the embezzlement issue was raised by Defendants, the Court approved a procedure for dealing with it during B.H. Kim's testimony: After the close of Plaintiffs' direct examination and outside the presence of the jury, Defendants will make a proffer providing a factual basis for cross-examining Mr. Kim regarding the embezzlement and fraud by Samyang Korea's CEO (J.S. Kim) and her husband Chairman (Mr. I.C. Chun).  Trial Tr. (11/16/18) at 459:151-9.  As Plaintiffs acknowledge, the Court approved this process for resolving this evidentiary issue.  Dkt. 819 (citing Trial Tr. (11/16/18) at 461:3-5).

In their most recent submission, Plaintiffs do not seek reconsideration of the Court's ruling approving this procedure for addressing the embezzlement issue.  Instead, they lay out the reasons that they believe the embezzlement evidence cannot be used to impeach B.H. Kim's testimony.  That is premature in view of the Court's ruling setting the procedure for addressing the embezzlement issue.

Defendants are confident that the proffer they will make before commencing the cross-examination will satisfy the Court that the requisite direct connection exists between the embezzlement scheme and B.H. Kim.  Plaintiffs' latest submission really does not speak to that point, which is the one the Court has indicated it needs to hear more about before ruling on this line of inquiry.

<u>Cross examination regarding SYUSA litigation</u>.  Although Plaintiffs insist that this Court found the Central District litigation "irrelevant," they cite only a preliminary ruling on the subject.  Dkt. 740 at 22-23 (describing relevance not shown "at this juncture" and inviting Defendants to supplement the record).  This Court has since revisited the issue in response to Plaintiffs' motion to quash Defendants' trial subpoena and found the dots connected.  Dkt. 750.  And, as the Court and parties are aware, the material produced in response to Defendants' subpoena included deposition testimony from Bong Hoon Kim.  In any event, as with any other line of cross-examination, Defendants intend to lay the foundation for the relevance of any question to be asked regarding the Central District litigation, and for any documents to be shown to the witness.  Plaintiffs can object at that time if they have grounds

to do so.  But at this juncture, Plaintiffs are asking the Court to rule in advance on objections that have not been made to questions that have not been put to the witness.  Plaintiffs' request is premature.

Dated: November 19, 2018               Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Rachel S. Brass*
                    Rachel S. Brass

Attorneys for Defendants Ottogi Co., Ltd., and Ottogi America, Inc.

SQUIRE PATTON BOGGS (US) LLP

By:  */s/ Mark C. Dosker*
                    Mark C. Dosker

Attorneys for Defendants Nongshim Co., Ltd., and Nongshim America, Inc.

## ATTESTATION

I hereby attest that I have on file written authorization for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

*/s/ Julian W. Kleinbrodt*
Julian W. Kleinbrodt