Bonny E. Sweeney (State Bar No. 176174)
Christopher L. Lebsock (State Bar No. 184546)
Stephanie Cho (State Bar No. 291903)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
clebsock@hausfeld.com
scho@hausfeld.com

*Co-Class Counsel for Direct Purchaser Plaintiffs*

Alan R. Plutzik (State Bar No. 77785)
Daniel E. Birkhaeuser (State Bar No. 136646)
BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP
2125 Oak Grove Road
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
dbirkhaeuser@bramsonplutzik.com

*Co-Class Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION<br><br>-------------------------------------------------<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Civil Action No. C-13-04115-WHO<br><br>**DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION TO SANCTION OTTOGI CO., LTD. AND OTTOGI AMERICA, INC. FOR CONCEALING CRITICAL EVIDENCE UNTIL THE EVE OF TRIAL**<br><br>Date: December 4, 2018<br>Time: 7:30 a.m.<br>Judge: Honorable William H. Orrick |

1.      I am counsel for the Direct Purchaser Plaintiffs ("DPPs"). I have personal knowledge of the following facts and could and would testify competently thereto if called as a witness. I submit this Declaration in support of Plaintiffs' Motion to Sanction Ottogi Co., Ltd. And Ottogi America, Inc. for Concealing Critical Evidence Until the Eve of Trial.

2.      In late 2015 and continuing into 2016, I, in consultation with my colleague Stephanie Cho, investigated the identities of the individuals that likely had information relevant to this litigation. Given that Defendants' document productions occurred in fall/winter 2015-2016, and were overwhelmingly in Korean, I had to make educated decisions about where to devote time and effort in order to obtain relevant evidence in admissible form. My decisions were premised on the following: 1. Discovery cut-off was set for April 29, 2016 [ECF No. 276]; the evolving state of the evidentiary record; the number of documents found in the potential witness's custodial file; whether the potential witness was a current or former employee; and other considerations. As discovery progressed, I revisited this subject on a number of occasions, and we made adjustments to Plaintiffs' discovery strategy as a result.

3.      Prior to the discovery deadline, I did consider asking this Court to issue Letters Rogatory to the competent judicial authority in Korea in order to conduct an examination of Jae Hwan Jung, a former employee of Ottogi Co. Ltd. whose name appears on documents in the Samyang Hard Drive. Ultimately, I made the decision not to pursue that discovery, for the following reasons: 1. At the time the decision was made, it was not clear that the courts in Korea would process the Letters Rogatory request, or carry it out in a timely or effective manner; 2. It was made clear to me that U.S. counsel would not be allowed to ask questions of the witness; 3. Jae Hwan Jung's protocol of examination was not produced to Plaintiffs.  This made it a a materially different situation than the one concerning Samyang's Jong Moon Yui and Kyung Ju Kim, where those witnesses could be asked to testify whether the statements in the written testimony to the KFTC was true and accurate to the best of the respective individual's knowledge or belief; and 4. Ottogi Co. Ltd. produced zero documents and emails from Jae Hwan Jung's

custodial file. For these reasons, in my judgment based on the information available to me at the time, the additional utility of seeking Mr. Jung's testimony through the Letters Rogatory process did not outweigh the time, expense, and uncertainty involved in trying to obtain it. As a result, Plaintiffs did not pursue further discovery through the Letters Rogatory process from Mr. Jung.

4. Had I known during the discovery period that Ottogi's Bang-Wan Ku would testify that he altered the 2004 pricing memorandum that was the subject of Plaintiffs' spoliation motion [ECF No. 421]; that he would further testify at a deposition held on November 27, 2018—after the start of trial—that he physically changed that document to bear the name of Mr. Jung, who was a critical link in the inter-competitor communications that serve as the basis of this litigation; and that he then sought and obtained Mr. Jung's personal "chop" on that altered document before submitting it to the KFTC, I can (and do) assure the Court that Plaintiffs would have pursued a Letters Rogatory examination of Mr. Jung in Korea.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed at San Francisco, California, on the 2nd day of December, 2018.

/s/ *Christopher L. Lebsock*
Christopher L. Lebsock