United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 13-cv-04115-WHO<br><br>**PRELIMINARY VIEWS ON FINAL JURY INSTRUCTIONS** |

To focus the parties in advance of the jury instruction conference this afternoon, I will reiterate my basic approach to these instructions and provide some tentative conclusions. I am not foreclosing argument on any matter.

I will start from and closely adhere to the Ninth Circuit Model Civil Jury Instructions and the ABA Model Antitrust Instructions. Deviations from those instructions will be few and only as necessitated by the particular posture of this case and intervening case law, for example *Arandell Corp. v. Centerpoint Energy Services, Inc.*, 900 F.3d 623 (9th Cir. 2018). I am not inclined to give instructions that are not contemplated by or included in the model instructions unless there is a compelling need to do so given something unique about the posture of this case.

<u>Instructions Rejected for Preliminary Instructions</u>. Instructions that I rejected for the Preliminary Instructions – either in favor of the model instructions or as unnecessary – will be rejected for the final instructions.

<u>Duplicative Instructions</u>. I will not give instructions that are duplicative of other instructions. For example, the proposed "Inconsistent Statement" instruction is duplicative of the agreed-to Witness Credibility instruction and will not be given. Also, the Cartwright Act instruction will not be given in light of the materially similar Sherman Act instruction.

*Arandall*. The jury instructions will be conformed to represent the Ninth Circuit's holding in *Arandall* that for purposes of anticompetitive intent, anticompetitive purpose will be presumed for a wholly-owned subsidiary. As to the separate element of knowledge, recognizing that plaintiffs can show purpose *or* knowledge and do not need to prove both, I am inclined to agree with plaintiffs that under California law (as under Wisconsin law) knowledge can be inferred if evidence shows an overlap among the directors and managers of the parent and subsidiary. As to evidence of significant coordinated activity with respect to the anticompetitive acts, that evidence can be satisfied by sales of the price-fixed products in the domestic market by the subsidiaries, even if the subsidiaries contend that no direct evidence exists showing their knowing agreement to join and participate in the alleged price-fixing.

Impact on Domestic Market. As to impact on the domestic market of the alleged conspiracy, I intend to stick to my position that the FTAIA is irrelevant to this import case. However, I am inclined to follow *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd*, 299 F.3d 281 (4th Cir. 2002) because the participants, acts, targets, and effects involved in the asserted antitrust violation are primarily foreign and provide a basic *Hartford Fire* instruction.

Missing Witness Instruction. I am not inclined to give this instruction unless plaintiffs identify material unproduced witnesses who were in the control of specific defendants (and not unavailable for disclosed reasons, *e.g.*, health concerns) and who were not brought to trial.

Korean Law. Other than the already given KFTC/Korean Supreme Court instruction, I am not inclined to give any other instruction on Korean Law.

Document Preservation. I am inclined to give an instruction that none of the defendants violated any duty under U.S. law to preserve documents (*e.g.*, the first two paragraphs of Disputed Instruction No. 47), but not inclined to instruct any further.

Damages. I will generally follow the ABA Model Antitrust Instructions. I will not revisit defendants' positions as to duplicative damages and pass-on, and defendants' proposed instructions regarding the same (*e.g.*, Disputed Instruction Nos. 60, 72) will not be given. Also, the damages instructions will allow for aggregate damage awards. Language about "class members" is generally not appropriate but reference to IPPs and DPPs is. Neither *Spokeo, Inc. v.*

*Robins*, 136 S. Ct. 1540 (2016) nor any other recent authority identified require departure from the model instructions on damages.

Consequently, I do not intend to give Disputed Instructions 9, 13, 14, 18, 19, 20, 21, 23, 24, 25, 28, 35, 37, 39, 40, 43, 46, 51, 52, 60, 65, 66, 67, and 72.

Also, I have some questions:

If the plaintiffs are still pursuing an agency theory, what is wrong with 31?

Why do we need a separate instruction on antitrust injury (50) if we give one on causation (48)?

Dated: December 7, 2018

William H. Orrick
United States District Judge