GIBSON, DUNN & CRUTCHER LLP
Scott A. Edelman (CA Bar # 116927)
Mark A. Perry (CA Bar # 212532)
Rachel S. Brass (CA Bar # 219301)
Minae Yu (CA Bar # 268814)
Julian W. Kleinbrodt (CA Bar # 302085)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306
Email:       sedelman@gibsondunn.com
                 mperry@gibsondunn.com
                 rbrass@gibsondunn.com
                 myu@gibsondunn.com
                 jkleinbrodt@gibsondunn.com

Attorneys for Defendants
OTTOGI CO., LTD., and
OTTOGI AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION | Case No. 3:13-cv-04115-WHO<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF OTTOGI DEFENDANTS' BILL OF COSTS** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

# **DECLARATION OF RACHEL S. BRASS**

I, Rachel S. Brass, declare as follows:

1. I am an attorney at law duly admitted to practice before all of the Courts of the State of California and this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys at my firm primarily responsible for representing Ottogi Co., Ltd. and Ottogi America, Inc. (collectively, "Ottogi Defendants"), in the above-captioned matter. I submit this declaration in support of Ottogi Defendants' Bill of Costs. I have personal knowledge of the matters set forth herein, except where stated otherwise, and if called to testify, I could and would competently testify thereto.

2. On July 22, 2013, The Plaza Company filed a class action complaint against Ottogi Defendants; Nong Shim Company, Ltd.; Nongshim America, Inc.; Samyang Foods Company, Ltd; Sam Yang (USA) Inc.; Korea Yakult Co. Ltd. and Paldo Company Ltd. in the Central District of California. Fourteen additional individual actions were subsequently filed in the Central and Northern District of California against the same defendants alleging substantially the same facts and claims. By order dated December 16, 2013, the Court consolidated all of the individual actions filed by indirect purchaser plaintiffs under the title *In re Korean Ramen Indirect Purchaser Antitrust Litigation*, Case No. 3:13-cv-04115-WHO (the "Consolidated Indirect Purchaser Action"). (Dkt. 49.) By order dated March 7, 2014, the Court consolidated all of the individual actions filed by direct purchaser plaintiffs under the title *In re Korean Ramen Direct Purchaser Antitrust Litigation*, Case No. 3:13-cv-04148-WHO (the "Consolidated Direct Purchaser Action"). (Dkt. 60.) On March 7, 2014, the Court ordered that the Consolidated Indirect Purchaser Action and the Consolidated Direct Purchaser Action be coordinated under one case number, Case No. 13-cv-04115-WHO, and be captioned *In re Korean Ramen Antitrust Litigation* (the "Coordinated Action"). (Dkt. 59.) On January 19, 2017, the Court granted Plaintiffs' Motions for Class Certification. (Dkt. 501.)

3. From November 13, 2018 to December 17, 2018, a jury trial was held in the Coordinated Action. Closing arguments were heard, and the jury instructed, on December 14, 2018. The jury selected a foreman that day.

4. On December 17, 2018, the jury deliberated and reached a unanimous verdict in favor of Ottogi Defendants. (Dkt. 920.)

5. On January 11, 2019, the Court entered judgment in favor of Ottogi Defendants in the Consolidated Indirect Purchaser Action and Consolidated Direct Purchaser Action. (Dkt. 929.) As reflected in the Court's order and judgment, Ottogi Defendants are a "prevailing party" in the litigation within the meaning of Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54. (*Id.*)

6. I have reviewed Ottogi Defendants' Bill of Costs and the schedules and invoices for the costs submitted herewith. The costs included in Ottogi Defendants' Bill of Costs are correctly stated, were necessarily incurred in this action, are allowable by law, and the services for which fees have been charged were actually and necessarily performed. Further, the costs in Ottogi Defendants' Bill of Costs are fairly attributable to the defense of claims asserted in this litigation and are recoverable by Ottogi Defendants under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law. Ottogi Defendants have redacted costs that are not recoverable in the supporting documents submitted with this declaration.

7. With respect to "Fees for Filing and Service of Process" under Civil L.R. 54-3(a) and 28 U.S.C. § 1920(1), Ottogi Defendants seek costs incurred for: (a) telephonic conferences with the Court, which were necessary to comply with the Court's order, and (b) service of trial subpoenas and a related motion to compel on third-parties Sam Yang USA, Inc. (c/o Suh Law Group) and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Licenberg & Row, P.C., which was necessary for Ottogi Defendants to secure information and documents needed for the defense of this case. A table itemizing recoverable fees of the clerk and for service of process that Ottogi Defendants incurred, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit A**.

8. With respect to costs for "Reporters' Transcripts" under Civil L.R. 54-3(b) and 28 U.S.C. § 1920(2), Ottogi Defendants seek costs incurred in obtaining daily trial transcripts. This case has been aggressively litigated for over five years and Plaintiffs sought damages of nearly $500 million. Plaintiffs filed more than fourteen evidentiary and other motions during trial, necessitating review and citation of such daily trial transcripts. (*See, e.g.*, Dkt. 798, 801, 819, 824, 828, 833, 839, 841, 843, 865, 882, 893, 887, and 903.) The magnitude of claims involved left Ottogi Defendants little choice but to

position themselves to appeal any adverse judgment, as well as to defend any appeal that Plaintiffs may bring, necessitating the expense of obtaining a complete record of the trial for appeal. A table itemizing the recoverable costs that Ottogi Defendants incurred for daily trial transcripts, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit B**.[1]

9. With respect to costs for "Depositions" under Civil L.R. 54-3(c) and 28 U.S.C. § 1920(2), Ottogi Defendants seek costs incurred for transcript services, including preparation of rough transcripts and expedited transcripts; realtime services; video services; shipping and handling fees; cost of reproducing exhibits; exhibit scanning; fees for preparation of litigation/exhibit package and other document-related services involved in creating the official exhibit versions of documents and attaching them to transcripts and reporter attendance fees. All of these costs were necessary, and indeed are normally incurred, in a complex, multi-party, cross-border litigation such as this case. For example, many of the witnesses deposed in this case reside in Korea and could not attend trial in person, making it necessary to capture their testimony in both video and transcript formats. Rough and expedited transcripts were necessary in some instances because the deposition of certain witnesses could not be secured sufficiently in advance of various filing deadlines in this matter to allow for transcripts in the ordinary course. Real-time services are routinely used during depositions and of particular necessity in this case to ensure that testimony was being properly interpreted, and to allow for timely objections to inaccurate translation, and corrections thereto. A table itemizing the recoverable costs that Ottogi Defendants incurred for depositions, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit C**.

10. With respect to costs for "Reproduction and Exemplification" under Civil L.R. 54-3(d) and 28 U.S.C. § 1920(4), Ottogi Defendants seek recovery of costs related to: (a) obtaining court records from the Superior Court of California, County of Orange, relating to the indictment of Stephen Kang filed with Ottogi Defendants' Motion *in limine* No. 5 (Dkt. 645); (b) production of documents in response to discovery requests in a format complying with the parties' document production protocols,

---

[1] The invoices for court reporter's services were addressed to Squire Patton Boggs, counsel for Nongshim Defendants, but Ottogi Defendants paid half of the costs incurred.

including the cost of collection and scanning paper documents;[2] (c) endorsing trial exhibits with trial exhibit numbers and sequential pagination for use during trial; (d) preparing demonstratives and trial graphics for use during trial to aid the jury; and (e) in-court technician time directly related to the creation and presentation of video and audio evidence at trial. Demonstratives and trial graphics that Ottogi Defendants presented to the jury were necessary in a complex case like this, which involved complicated economic theories, large volume of transactional data, and evidence primarily in foreign language. A table itemizing the recoverable costs that Ottogi Defendants incurred for reproduction and exemplification, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit D**.[3]

11. With respect to "Witness Expenses" under Civil L.R. 54-3(e) and 28 U.S.C. § 1920(3), Ottogi Defendants seek recovery of per diem, subsistence and travel expenses incurred by witnesses who testified at trial and/or deposition in this matter. The majority of the witnesses for Ottogi Defendants reside either in the Republic of Korea or Los Angeles. An overnight stay was necessary at the place of their testimony because the location was so far removed from the witnesses' place of residence that a return thereto day to day was prohibited. Moreover, Ottogi Defendants' witnesses traveled to San Francisco at least a week (and often more) before their testimony given the uncertainties inherent in the trial schedule. In calculating the recoverable witness expenses, Ottogi Defendants used the actual economy airfare incurred or in instances where the witness traveled by business class, the approximate economy airfare based on current rates from the airline's website. For lodging, meals and incidentals,

---

[2] *See Fitbug Ltd. v. Fitbit, Inc.*, 2015 WL 2251257, at *3 (N.D. Cal. May 13, 2015) (allowing recovery of costs related "to collection, scanning and conversion of documents, and related processes necessary to the eDiscovery process"). For scanning hard copy documents where costs were incurred based on the number of pages scanned, Ottogi Defendants proportionately reduced the costs incurred to cover only the produced documents. For ESI collection, costs were incurred based on the number of devices and databases collected, irrespective of number of documents collected and/or produced. In such instances, Ottogi Defendants seek to recover costs for ESI collection relating to each custodian and/or database agreed to by the parties.

[3] Invoices from Deloitte Anjin (Exs. D-2 through D-9) and DecisionQuest (Ex. D-11) include costs that Ottogi Defendants are seeking to recover, as well as costs that Ottogi Defendants are not seeking to recover. For the Court's convenience, Ottogi Defendants highlighted in yellow the costs that Ottogi Defendants are seeking to recover.

Ottogi Defendants used the lesser of actual expenses incurred or the per diem rates authorized by General Services Administration, which can be found at https://www.gsa.gov/travel/plan-book/per-diem-rates.[4]  Moreover, Ottogi Defendants limited recovery to costs incurred on the day(s) of the witnesses' testimony, including any intervening weekends or holidays during the witness's testimony, plus two days waiting period for domestic travelers and five days waiting period for overseas travelers.[5]  A table itemizing the recoverable costs that Ottogi Defendants incurred for subsistence and travel of witnesses, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit E**.

12. With respect to costs associated with "Court-Appointed Professionals and Interpreters" under Civil L.R. 54-3(f), 28 U.S.C. §§ 1828, 1920(6), Ottogi Defendants seek recovery of fees charged by mediators during court-ordered mediation and interpreters at trial and deposition.  A table itemizing the recoverable costs that Ottogi Defendants incurred for special masters and interpreters, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit F**.

13. In sum, Ottogi Defendants seek to recover a total of $595,966.76 in costs and expenses incurred in the defense of the Consolidated Indirect Purchaser Action and Consolidated Direct Purchaser Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 15, 2019, in San Francisco, California.

*/s/ Rachel S. Brass*
Rachel S. Brass

---

[4] In some instances, witnesses did not receive or retain receipts for meals and incidentals or they incurred costs as a part of a group, making computation of actual costs for meals and incidentals for each individual witness difficult.  In such cases, Ottogi Defendants computed costs for meals and incidentals based on the per diem rates authorized by General Services Administration.

[5] *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 2017 WL 6343537, at *17 (C.D. Cal. Dec. 8, 2017) (allowing recovery for expenses incurred for two weeks even though the witness testified only on two days because "it is reasonable to hold witnesses in town longer than just the days they are scheduled to testify").