SQUIRE PATTON BOGGS (US) LLP
John R. Gall (Admitted N.D. Cal., Ohio Bar # 0011813)
Mark C. Dosker (CA Bar #114789)
Joseph P. Grasser (CA Bar #255156)
Tania L. Rice (CA Bar # 294387)
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-Mail: john.gall@squirepb.com
mark.dosker@squirepb.com
joseph.grasser@squirepb.com
tania.rice@squirepb.com

Attorneys for Defendants
NONGSHIM CO., LTD. and
NONGSHIM AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KOREAN RAMEN ANTITRUST LITIGATION, | Case No. 3:13-cv-04115-WHO<br><br>**DECLARATION OF TANIA RICE IN SUPPORT OF NONGSHIM CO., LTD.'S AND NONGSHIM AMERICA, INC.'S BILL OF COSTS**<br><br>Date: April 10, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

I, Tania Rice, declare as follows,

1. I am an attorney at the law firm of Squire Patton Boggs (US) LLP, and am counsel of record for Defendants Nongshim Co., Ltd. and Nongshim America, Inc. (collectively, the "Nongshim Defendants") in this matter. I am duly authorized to practice law in the State of California and before this Court. The following are based upon my personal knowledge and review of my firm's business records, and if called upon to do so, I could and would testify competently hereto.

2. I have reviewed the Nongshim Defendants' bill of costs and the attached documentation that supports each requested cost item. Each of the invoices and amounts documented were incurred by the Nongshim Defendants (or through their counsel) during the course of this litigation. My law firm received and processed these invoices and costs on behalf of the Nongshim Defendants. Each of the costs on the Nongshim Defendants' bill of costs are correctly stated and substantiated by the attached documentation. Each of these costs were necessarily incurred for this litigation. As discussed below, recovery of each of these costs is allowable by law.

3. Attached as **Exhibit A** are true and correct copies of the invoices for the Defendants' share of the cost of the court reporters' trial transcripts. *See* Civil Local Rule 54-3(b); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 U.S. Dist. LEXIS 132830, at *75 (N.D. Cal. Sep. 19, 2014) ("Courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript."). These transcripts were necessary for trial preparation during trial, and will be necessary for any appeal. The Nongshim Defendants' cost for the trial transcripts was $10,901.80. (As depicted on the invoices in Exhibit A, the total amount billed to the Defendants in this action was $21,803.60, of which the Nongshim Defendants' share was half.)

4. Attached as **Exhibit B** is a spreadsheet accurately summarizing the costs that the Nongshim Defendants incurred for the recording of depositions taken in this action, which were recorded stenographically and/or by videotape. *See* Civil Local Rule 54-3(c); *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 U.S. Dist. LEXIS 29359, at

1

*16 (N.D. Cal. Oct. 22, 2004) (both the costs of transcribing and videotaping depositions are recoverable). Attached as **Exhibits B-1, B-2, B-3, and B-4** are true and correct copies of the underlying invoices documenting these deposition costs. The costs associated with the Nongshim Defendants' share of obtaining a copy of the transcript and/or videotape (which include costs for videography and transcript services, shipping and handling, fees for use of real-time services, and fees for daily, expedited, or rough draft transcripts – columns ten, eleven, twelve, thirteen, sixteen, and seventeen on the chart in Exhibit B, which are totaled at the bottom row) totaled $130,136.17. The Nongshim Defendants' share of costs associated with reproducing exhibits to depositions (which included the court reporters' fees for packaging and scanning exhibits – columns fifteen, eighteen, and nineteen of Exhibit B) were $11,151.86. The Nongshim Defendants' share of costs associated with the court reporters' appearance fees (column 14 of Exhibit B) were $3062. All of these costs are recoverable as normal and necessary expenses in complex, multi-party litigation. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 10-CV-4572 SI, 2014 WL 12635766, at *10 (N.D. Cal. Feb. 3, 2014).

     5.    Attached as **Exhibit C** are true and correct copies of invoices issued to the Nongshim Defendants by a third party vendor service, Alix Partners, that my law firm used for processing and preparing document productions in this litigation. The Nongshim Defendants only seek to recover their costs associated with processing specific productions of documents for formal discovery in this case, which are recoverable as reproduction costs for disclosure and discovery. *See* Civil Local Rule 54-3(d); *Ebay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *25-26 (N.D. Cal. Apr. 5, 2013); *Farstone Tech., Inc. v. Apple Inc.*, No. 8:13-cv-1537-ODW(JEMx), 2016 U.S. Dist. LEXIS 136258, at *15-16 (C.D. Cal. Sep. 30, 2016). The specific costs associated with reproducing/processing documents for discovery are shown on the Alix Partners invoices; all other costs are redacted. The costs incurred by the Nongshim Defendants associated with the document productions total KRW12,072,500. Using the exchange rate that existed on the date of entry of judgment in this action (January 11, 2019), which was 1118:1 as per the following webpage,

https://www.reuters.com/finance/currencies/quote?destAmt=&srcAmt=1.00&srcCurr=USD&destCurr=KRW, this totaled $10,798.30 in U.S. dollars.

6. Attached as **Exhibit D** are true and correct copies of invoices and costs that the Nongshim Defendants incurred for the interpretation services of Albert Kim at depositions and at trial. *See* 28 USC §§ 1828, 1920(6); *Farstone Tech., Inc. v. Apple Inc.*, No. 8:13-cv-1537-ODW(JEMx), 2016 U.S. Dist. LEXIS 136258, at *8 (C.D. Cal. Sep. 30, 2016) (costs associated with interpretation services and the interpreter's travel expenses are recoverable). A summary of the total billed to the Nongshim Defendants by Albert Kim is found on the second page of Exhibit D. The Nongshim Defendants' share of Mr. Kim's interpretation costs was $59,683.32 ($43,052.07 which was billed on the invoice dated January 22, 2019, and $16,631.25 which was billed on October 23, 2017). However, the Nongshim Defendants are not seeking to recover the costs of translating and reviewing documents, and are accordingly subtracting $24,904.69 from these amounts, to reach a total of $34,778.63 that they seek to recover.

7. Attached as **Exhibit D-1** are true and correct copies of invoices that the Nongshim Defendants paid for the interpretation services of Jacki Noh of TransKorean Services. These were interpretation costs necessary for the following depositions in this action:

| Date | Deposition Witness |
|---|---|
| January 11, 2016 | Jung-Soo Kim |
| January 12, 2016 | Soo Chang Ahn |
| January 13, 2016 | Soo Chang Ahn |
| January 14, 2016 | Bong-Hoon Kim |
| January 15, 2016 | Bong-Hoon Kim |
| January 18, 2016 | Jeong-Eun Park |
| January 19, 2016 | Jeong-Eun Park |
| January 20, 2016 | Sung-Chul Yoon |
| January 20, 2016 | Coby Han |
| January 21, 2016 | Young-Il Jeon |

| January 21, 2016 | Jin-Woo Seo |
| January 22, 2016 | Jin-Woo Seo |
| January 22, 2016 | Dong Hee Kang |

The Nongshim Defendants' share of Ms. Noh's interpretation costs was $19,423.40.

8. Attached as **Exhibit D-2** are true and correct copies of invoices that the Nongshim Defendants paid for the interpretation services of Aeryong Kim. These were interpretation costs necessary for the following depositions in this action:

| Date | Deposition Witness |
| --- | --- |
| March 15, 2016 | Kevin Park |
| March 18, 2016 | Yong Wook Ham |
| March 30, 2016 | Young Lee |
| March 31, 2016 | Young Lee |
| April 14, 2016 | Hosik Shin |
| April 14, 2016 | Eugene Shin |
| April 15, 2016 | Sunho Kim |
| April 16, 2016 | Kenny Kang |
| April 28, 2016 | Jae Hee Lee |

The Nongshim Defendants' total share of Ms. Kim's interpretation costs was $2,593.12.

9. The Nongshim Defendants also incurred costs related to witnesses traveling to San Francisco to testify at trial. These costs were necessarily incurred as part of the Nongshim Defendants' defense at trial. These costs are addressed in the Declarations of Jae Yoo and Byung Chul Park. With respect to the air travel of witnesses Hak Sung Kim and Bo Gyoo Kim, who took business class flights from Korea (*see* Declaration of Byung Chul Park at ¶¶ 3, 4 and Ex. F), the Nongshim Defendants are only seeking to recover the cost of an economy flight. Byung Chul Park flew in economy class on similar dates, and his flight cost $1,385.31. Accordingly, the cost

1  of Hak Sung Kim and Bo Gyoo Kim's flights (which were $5,860.98 and $5,835.87 respectively)
2  have been adjusted to $1,385.31 each in computing the witness expenses.

3      10.    Attached as **Exhibit G** are true and correct copies of invoices from the
4  Defendants' vendor that they used for the preparation of demonstratives and trial graphics used at
5  trial.  The Nongshim Defendants only seek to recover their share of the costs incurred related to
6  the preparation of slide decks and other demonstratives for trial, which are highlighted in the
7  invoices in Exhibit G.  *See* Civil Local Rule 54-3(d)(5); *Fitbug Ltd. v. Fitbit, Inc.*, No. 13-1418
8  SC, 2015 U.S. Dist. LEXIS 62879, at *14 (N.D. Cal. May 13, 2015) (costs related to the
9  preparation and editing of demonstratives and slide decks are recoverable, including time spent
10 incorporating comments from counsel).  These demonstratives and slides were necessary and
11 reasonable in this complex multi-party action, where the jury was presented with complicated
12 factual, legal, and economic theories, a large volume of transactional data, and evidence in foreign
13 language.  The Nongshim Defendants' share of these costs was $87,104.33.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 15, 2019, at San Francisco, California.

                                    Tania Rice

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

5
DECLARATION OF TANIA RICE IN SUPPORT OF
NONGSHIM DEFENDANTS' BILL OF COSTS